**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Rodney Lail, et al.,

Plaintiffs,

v.

United States Government, et al.,

Defendants.

**C.A. No. 10-CV-210-PLF**

## Expedited Ex-Parte Motion for *In Forma Pauperis* Standing for *Pro Se* Plaintiffs and Related Assistance In Serving Summons and Complaint on Defendants

*Pro Se* Plaintiffs James Spencer, Irene Santacroce, Rodney Lail, Ricky Stephens, Marguerite Stephens, Bruce Benson and Doris Holt[1] are indigent and hereby submit financial statements in that regard seeking *In Forma Pauperis* standing in this case which are also contained in Document No: 6 (Exhibit "E") attached hereto as **Exhibit "A".**

[1] Status of her standing in this Court is unknown due to retaliatory actions of Defendants see below.

Furthermore, due to intentional undermining actions and inactions of defendants it the legitimacy of *Pro Se* Plaintiff James Spencer's use of his durable power of attorney for his mother *Pro Se* Plaintiff Doris Holt in this action from its inception is in serious question due to the retaliatory tactics and unconstitutional acts of defendants in this action through the misuse of power of a defendant state agency.  **(Please See Exhibit "B")**

## I.   BACKGROUND

The defendants have depleted the remaining assets of *Pro Se* Plaintiff James Spencer in his litigation to protect his mother, *Pro Se* Plaintiff Doris Holt, and as such is now under an eviction notice from his domicile due to lack of fiancés.  *Pro Se* Plaintiff Spencer has no credit due to the exhausting of all remaining credit trying to legally engage defendants to reinstate his durable power of attorney and power of health care attorney and obtain the release of his elderly mother *Pro Se* Plaintiff Doris Holt currently held in custody without due process.

Further, defendant DSS personnel wrongfully unilaterally cancelled *Pro Se* Plaintiff Doris Holt's comprehensive health care insurance which financially covered her disabled son to deliberately further undermine *Pro Se* Plaintiff James Spencer's and *Pro Se* Plaintiff Doris Holt's financial position and their economic ability to litigate this lawsuit.  **(Please See Exhibit "C")**

Furthermore**,** James Spencer only income is from SSI which does not cover his basic living expenses, Ricky Stephens and Marguerite Stephens only income is from disability which just covers their required medical expenses to preserve life, *Pro Se*

Plaintiff 93 year old Doris Holt (if alive) does not have access to any income due to the direct actions of defendant South Carolina Department of Social Services in wrongfully and maliciously cancelling her comprehensive medical insurance coverage, Irene Santacroce has no income, and Rodney Lail has no income as his unemployment has run out. James Spencer, Ricky Stephens, Irene Santacroce and Marguerite Stephens, Doris Holt and Rodney Lail are 100% medically disabled and unable to work.

*Pro Se* Plaintiff Bruce Benson had secured third party funding for this case but all third party funding through his former company was lost due to the actions of the Defendants regarding *Pro Se* Plaintiff Doris Holt and the baseless defaming of her son *Pro Se* Plaintiff James Spencer as physically abusing her which all parties now admit was unfounded, however the intentional economic damage had already been done by defendants. **(Please see Exhibit "B" page 4 and Exhibit "A", page 1 attached hereto)**

*Pro Se* Plaintiff Bruce Benson lives below the poverty level just able to survive and feed his wife and take care of their housing and medical needs. (**Please See Exhibit A, 12, 13 and 14)**

## II. DISCUSSION AND REMEDIES

**Therefore,** impoverished *Pro Se* Plaintiffs request the court to recognize the current economic situation the *Pro Se* Plaintiffs now find themselves in and **(1)** grant eligible *Pro Se* Plaintiffs ***in forma pauperis status*** to pursue their claims, **(2)** order defendants to give access to *Pro Se* Plaintiff Doris Holt (if she is still alive) so that *Pro Se* Plaintiff Doris Holt wishes regarding this suit may be known or delay this action until *Pro Se* Plaintiff James Spencer can force the South Carolina local Courts to restore his

durable power of attorney and power of health care attorney, which should be restored automatically if and when the long overdue court order is issued, in order to determine *Pro Se* Plaintiff's Doris Holt's status in this case, **(3)** authorizing the serving of summons and complaints by the US Marshals office due to the *in forma pauperis status* of the *Pro Se* Plaintiffs and allow such time as needed to do such and **(4)** reconsider the request for appointment of *Pro Bono* Counsel and in so doing review the laws and citations previously submitted to this honorable Court in Document No: 6, to represent any eligible *Pro Se* litigant in this action, *Pro Se* Plaintiffs pray for this review (i) due to the ever increasing complexity of the case, (ii) due to the significant civil rights issues, the elderly and health care issues of national importance in this case, and (iii) due to the increasing disability of the *Pro Se* Plaintiffs to act as their own counsel due to their increasing disabilities as a group.

The worsened condition of James Spencer due to severed nerves in his right hand and neuropathy from the stress induced diabetes in his left hand *Pro Se* Plaintiff James Spencer can only type with four digits out of the ten digits on both hands. *Pro Se* Plaintiff Ricky Stephens recently suffered a stroke has uncontrollable blood pressure and went through life saving surgery within the past two weeks.

In summary, the Plaintiffs pray the economic lopsided nature between the defendants and plaintiffs in the case which necessitates, in order for justice to prevail, the Court consider taking all of the above requested actions and to include all or part of the Plaintiffs as the Court deems appropriate in each case to help establish a fair litigation process as the plaintiffs ability to economically litigate this case or even survive on a

daily basis has been destroyed by the casual actions of the defendants subsequent to defendants receiving the notice of the Federal and State tort claims as required by law from the *Pro Se* Plaintiffs.

## III. EVIDENTIARY OR MOTIONS HEARING

If this honorable Court is unable to exercise its discretion in favor of the *Pro Se* Plaintiff(s) based on the documents already filed in this Court, including but not limited to, this motion and attachments and *Pro Se* Plaintiffs' motion and attachments contained in Document No. 6, Pro Se Plaintiffs' respectfully request that the Court set a date for an evidentiary or motions hearing for the *Pro Se* Plaintiffs to further plead their case for *In Forma Pauperis* Standing, for eligible *Pro Se* Plaintiffs allow *Pro Se* Plaintiff James Spencer access to his mother *Pro Se* Plaintiff Doris Holt (if still alive) and other remedies the Court deems appropriate requested herein by the *Pro Se* Plaintiffs in this motion above in the section entitled, **II. Discussion and Remedies.**

## IV. VERIFICATION

The undersigned *Pro Se* Plaintiffs, "*Sui Juris*," in the above entitled action hereby verify under penalty of perjury, under the laws of the District of Columbia, and the applicable Federal laws regarding perjury, of the above statement of facts and laws are true and correct according to the *Pro Se* Plaintiffs current information, knowledge, and belief, so help them God.

This the 30th day of June, 2010.

Respectfully submitted by,

Rodney K. Lail, Plaintiff, *Pro Se*
608 18th Avenue North
Myrtle Beach, SC 29577
(843) 626-3229

Irene Santacroce, Plaintiff, *Pro Se*
205 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 455-0891

Ricky Stephens, Plaintiff, *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 283-6751

Marguerite Stephens, Plaintiff, *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 283-6751

Bruce Benson, Plaintiff, *Pro Se*
848 N, Rainbow BL., Suite 491
Las Vegas, Nevada 89107-1103
(702) 524-9006

Dan Green, Plaintiff, *Pro Se*
848 North Rainbow Blvd., Suite 170
Las Vegas, Nevada 89107
(310) 337-2820

Nicholas C. Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, North Carolina 27310
(336) 210-0672

Virginia Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, North Carolina 27310
(336) 210-0672

James B. Spencer, *Pro Se*
Suite 183
7001 Saint Andrews Rd
Columbia, SC, 29212

Doris Holt, *Pro Se*
Location: Unknown
Status: No knowledge as to medical condition or if she is alive.
Case Status: Unknown.[2]

[2] Please see background herein above and Exhibit "B" attached hereto.

**CERTIFICATE OF SERVICE**

I, *Pro Se* Plaintiff, James Spencer, do hereby certify that the **Expedited Ex-Parte Motion for *In Forma Pauperis* Standing for *Pro Se* Plaintiffs and Related Assistance In Serving Summons and Complaint on Defendants,** has not been served on the defendants nor notice given since the defendants have not been served a summons and complaint as of this day by either mail, fax or electronic means due in large part to the unknown status of *Pro Se* Plaintiff Doris Holt in this action and economic inability of *Pro Se* Plaintiffs.

Respectfully submitted this
June 30, 2010, by

James B. Spencer
Suite 183
7001 Saint Andrews Road
Columbia, SC 29212

STATE OF NEVADA

COUNTY OF CLARK

## AFFIDAVIT OF BRUCE BENSON

PERSONALLY APPEARED before me the undersigned Bruce Benson who after being duly sworn states the following:

1. I have attached a copy of the correspondence I sent to Robert Holt dated September 7, 2009.
2. The correspondence is self-explanatory.
3. All future funding committed to by Resolution Settlement Corporation initially established at three hundred twenty five thousand ($325,000.00) for legal fees and living expenses has been cancelled due to the legal actions of the South Carolina Department of Social Services initiated in July of 2009.
4. These actions by the South Carolina Department of Social Services have made the continued funding of lawsuits in the Federal Courts, and the funding of the pending noticed tort actions by Robert Holt, and Doris Holt not in the best interests of the investors of Resolution Settlement Corporation.
5. I have initialed both pages of the attached letter for inclusion as part of this affidavit.

Bruce Benson

Sept 23 2009
Date

MALENA MEGO
NOTARY PUBLIC
STATE OF NEVADA
APPT. No. 07-4722-1
MY APPT. EXPIRES JULY 11, 2011

Subscribed and sworn to before me by Bruce Benson this 23 day of September, 20 09

Notary Public in and for the County of Clark, State of Nevada

# UNITED STATES DISTRICT COURT

District of COLUMBIA

**Rodney Lail, et al.,**
Plaintiff

V.

**United States, et al.,**
Defendant

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

CASE NUMBER: **10-CV-210-PLF**

I, **James B. Spencer formerly known as Robert B. Holt** declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated? ☐ Yes ☒ No (If "No," go to Part 2)

   If "Yes," state the place of your incarceration ______

   Are you employed at the institution? ______ Do you receive any payment from the institution? ______

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2. Are you currently employed? ☐ Yes ☒ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer. (List both gross and net salary.)

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer. **August of 2000, Southern Holdings, Inc. $300,000 annual. 6170 West Lake Mead Blvd, Suite 311 Las Vegas, Nevada 89108**

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment ☐ Yes ☒ No
   b. Rent payments, interest or dividends ☐ Yes ☒ No
   c. Pensions, annuities or life insurance payments ☐ Yes ☒ No
   d. Disability or workers compensation payments ☐ Yes ☒ No
   e. Gifts or inheritances ☐ Yes ☒ No
   f. Any other sources ☒ Yes ☐ No

   If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive. **SSI - $674.00 a month.**

4. Do you have **any** cash or checking or savings accounts? ☐ Yes ☒ No

   If "Yes," state the total amount. ______________________

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value? ☐ Yes ☒ No

   If "Yes," describe the property and state its value.

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support. (If children are dependents, please refer to them by their initials)

I declare under penalty of perjury that the above information is true and correct.

05/28/10 
Date

[signature]
Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

# UNITED STATES DISTRICT COURT

District of COLUMBIA

**Rodney Lail, et al.,**
Plaintiff
V.

**United States, et al.,**
Defendant

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

CASE NUMBER: **10-CV-210-PLF**

I, **Doris Holt** declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated? ☐ Yes ☒ No (If "No," go to Part 2)

   If "Yes," state the place of your incarceration ____________

   Are you employed at the institution? ________ Do you receive any payment from the institution? ________

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2. Are you currently employed? ☐ Yes ☒ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer. (List both gross and net salary.)

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer. **August of 2000, Southern Holdings, Inc. $300,000 annual.**
   **6170 West Lake Mead Blvd, Suite 311**
   **Las Vegas, Nevada 89108**

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment ☐ Yes ☒ No
   b. Rent payments, interest or dividends ☐ Yes ☒ No
   c. Pensions, annuities or life insurance payments ☐ Yes ☒ No
   d. Disability or workers compensation payments ☐ Yes ☒ No
   e. Gifts or inheritances ☐ Yes ☒ No
   f. Any other sources ☐ Yes ☒ No

   If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

   **Social security income is unknown at this time due to her unknown status.**

4. Do you have **any** cash or checking or savings accounts? ☐ Yes ☒ No

If "Yes," state the total amount. ______________________

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value? ☐ Yes ☒ No

If "Yes," describe the property and state its value.

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support. (If children are dependents, please refer to them by their initials)

I declare under penalty of perjury that the above information is true and correct.

05/28/10 — Date

Doris Holt by [signature] B Spencer (POA) — Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

AO 240 (Rev. 10/03)

# UNITED STATES DISTRICT COURT

District of COLUMBIA

Irene Santacroce
205 Deer Trace Circle
MB, SC 29588 843-455-0891
Plaintiff

V.

See attachment
Defendant

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

CASE NUMBER: 10-0210 (PLF)

I, Irene Santacroce declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated? ☐ Yes ☒ No (If "No," go to Part 2)

   If "Yes," state the place of your incarceration ________

   Are you employed at the institution? ________ Do you receive any payment from the institution? ________

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2. Are you currently employed? ☐ Yes ☒ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer. (List both gross and net salary.)

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer. Riptide Beach Clubs I & II 2806 N Ocean Blvd Myrtle Beach, SC 29577
   4-7-2007 $439.00 per week

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment ☐ Yes ☒ No
   b. Rent payments, interest or dividends ☐ Yes ☒ No
   c. Pensions, annuities or life insurance payments ☐ Yes ☒ No
   d. Disability or workers compensation payments ☐ Yes ☒ No
   e. Gifts or inheritances ☐ Yes ☒ No
   f. Any other sources ☒ Yes ☐ No

   If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

I have Received Approximately, through Unemployment benefits, $4242.00 for the past 12 months.

I, as of this date, am not Receiving Any income at all and do not expect to.

4. Do you have **any** cash or checking or savings accounts? ☒ Yes ☐ No

If "Yes," state the total amount. $9.16

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value? ☒ Yes ☐ No

If "Yes," describe the property and state its value.

2002 Pontiac GT - $2,000.00

Home at 207 Deer Trace Circle Myrtle Beach, SC 29588

appror Value $185,000 * I do not hold or will ever hold an equity position in this home

Home at 8463 Knollwood Drive, MB, SC * Now Under foreclosure

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support. (If children are dependents, please refer to them by their initials)

N/A

I declare under penalty of perjury that the above information is true and correct.

5-19-2010 [signature]

Date Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

# UNITED STATES DISTRICT COURT

**District of** COLUMBIA

MARguerite S. Stephens
207 Deer Trace Circle
Myrtle Beach, SC 29588 (843-283-6751)
Plaintiff

V.

See attachment
Defendant

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

CASE NUMBER: 10-0210 (PLF)

I, MARGUERITE S. Stephens declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated? ☐ Yes ☒ No (If "No," go to Part 2)

   If "Yes," state the place of your incarceration ______

   Are you employed at the institution? ______ Do you receive any payment from the institution? ______

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2. Are you currently employed? ☐ Yes ☒ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer. (List both gross and net salary.)

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer. September 19, 2009 $138.42 every 2 weeks - Pirateland Family Campground 5401 South Kings Hwy. Myrtle Beach, SC 29575

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment ☐ Yes ☒ No
   b. Rent payments, interest or dividends ☐ Yes ☒ No
   c. Pensions, annuities or life insurance payments ☐ Yes ☒ No
   d. Disability or workers compensation payments ☐ Yes ☒ No
   e. Gifts or inheritances ☐ Yes ☒ No
   f. Any other sources ☒ Yes ☐ No

   If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

I Receive unemployment in the Amount of $185.00 pa/wk until it runs out.
Between my unemployment benefits & my part time JOB for the past 12 months is $5,075.00
as of this date I will expect to receive my Unemployment for 1 more month,

4. Do you have **any** cash or checking or savings accounts? ☒ Yes ☐ No

If "Yes," state the total amount. $11.79

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value? ☒ Yes ☐ No

If "Yes," describe the property and state its value.
1994 Jeep Cherokee – $900.00

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support. (If children are dependents, please refer to them by their initials)
It takes both our incomes to handle all our expenses, food and medications we need for both of us.

I declare under penalty of perjury that the above information is true and correct.

5-19-2010 — Date

Marguerite S. Stephens — Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

# UNITED STATES DISTRICT COURT

District of COLUMBIA

Ricky L. Stephens
207 Deer Trace Circle (843-283-8987)
Myrtle Beach, SC 29588
Plaintiff

V.

Defendant

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

CASE NUMBER: 10-0210 (PLF)

I, Ricky L. Stephens declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated? ☐ Yes ☒ No (If "No," go to Part 2)

   If "Yes," state the place of your incarceration ______

   Are you employed at the institution? ______ Do you receive any payment from the institution? ______

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2. Are you currently employed? ☐ Yes ☒ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer. (List both gross and net salary.)

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment ☐ Yes ☒ No
   b. Rent payments, interest or dividends ☐ Yes ☒ No
   c. Pensions, annuities or life insurance payments ☐ Yes ☒ No
   d. Disability or workers compensation payments ☒ Yes ☐ No
   e. Gifts or inheritances ☐ Yes ☒ No
   f. Any other sources ☐ Yes ☒ No

   If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

I AM 100% disabled. My disability check is in the Amount of $1915.00 each month

$22,980.00 Total

4. Do you have **any** cash or checking or savings accounts? ☒ Yes ☐ No

If "Yes," state the total amount. 77.35

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value? ☒ Yes ☐ No

If "Yes," describe the property and state its value.

1994 Jeep Cherokee $900.00 (wife's)
1995 GMC VAN - $900.00
2005 KAWASAKI - $4500.00

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support. (If children are dependents, please refer to them by their initials)

Marguerite S. Stephens - wife
My income covers the house payment and utilities. It takes both our incomes to cover expenses, food and medications we have to have.

I declare under penalty of perjury that the above information is true and correct.

5-19-2010 — Ricky L. Stephens

Date — Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

# UNITED STATES DISTRICT COURT

District of COLUMBIA

Bruce Benson
Plaintiff

V.

United State Government et al
Defendant

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

CASE NUMBER: 10-0210 (PLF)

I, Bruce Benson declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated? ☐ Yes ☒ No (If "No," go to Part 2)

   If "Yes," state the place of your incarceration ______

   Are you employed at the institution? ______ Do you receive any payment from the institution? ______

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2. Are you currently employed? ☒ Yes ☐ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer. (List both gross and net salary.) CR Mine LLC 8680 W Spring Mountain Las Vegas NV 891

   gross 2000/month twice monthly
   1700/month

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment ☒ Yes ☐ No
   b. Rent payments, interest or dividends ☐ Yes ☒ No
   c. Pensions, annuities or life insurance payments ☒ Yes ☐ No
   d. Disability or workers compensation payments ☐ Yes ☒ No
   e. Gifts or inheritances ☐ Yes ☒ No
   f. Any other sources ☐ Yes ☒ No

   If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

4. Do you have **any** cash or checking or savings accounts? ☐ Yes ☒ No

If "Yes," state the total amount. ______________________

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value? ☐ Yes ☒ No

If "Yes," describe the property and state its value.

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support. (If children are dependents, please refer to them by their initials)

I declare under penalty of perjury that the above information is true and correct.

May 18 2010
Date

Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

Bruce Benson

Social Security 20000
Salary Sept - Dec. 7000

total 27000

I will continue to receive
Social Security
Wages depending on employment

[signature]
4/18/2010

# UNITED STATES DISTRICT COURT

District of COLUMBIA

**Rodney Lail, et al.,**
Plaintiff

V.

**United States, et al.,**
Defendant

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

CASE NUMBER: **10 - CV - 210 - PLF**

I, **Rodney Lail** declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated? ☐ Yes ☒ No (If "No," go to Part 2)

   If "Yes," state the place of your incarceration ____________

   Are you employed at the institution? ________ Do you receive any payment from the institution? ________

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2. Are you currently employed? ☐ Yes ☒ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer. (List both gross and net salary.)

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer. **September 30, 2009**

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment ☐ Yes ☒ No
   b. Rent payments, interest or dividends ☐ Yes ☒ No
   c. Pensions, annuities or life insurance payments ☐ Yes ☒ No
   d. Disability or workers compensation payments ☐ Yes ☒ No
   e. Gifts or inheritances ☐ Yes ☒ No
   f. Any other sources ☒ Yes ☐ No

   If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

   **Unemployment $200 a week.**

4. Do you have **any** cash or checking or savings accounts? ☐ Yes ☒ No

   If "Yes," state the total amount. ______________

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value? ☐ Yes ☒ No

   If "Yes," describe the property and state its value.

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support. (If children are dependents, please refer to them by their initials)

   **Wife and son - 100% of suppport.**

I declare under penalty of perjury that the above information is true and correct.

5-19-10
Date

[signature]
Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

# UNITED STATES DISTRICT COURT

District of COLUMBIA

**Rodney Lail, et al,**
Plaintiff

V.

**United States, et al.,**
Defendant

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

CASE NUMBER: **10 - CV - 210 - PLF**

I, Virginia J Williamson declare that I am the (check appropriate box)
☒ petitioner/plaintiff/movant ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated? ☐ Yes ☒ No (If "No," go to Part 2)

   If "Yes," state the place of your incarceration ______

   Are you employed at the institution? ______ Do you receive any payment from the institution? ______

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed? ☒ Yes ☐ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer. (List both gross and net salary.)
   part-time instructor (2 collages) not on contract
   salery fluctuates - $3,000 per class
   0 - 4 classes per semester

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment ☒ Yes ☐ No
   b. Rent payments, interest or dividends ☐ Yes ☒ No
   c. Pensions, annuities or life insurance payments ☒ Yes ☐ No
   d. Disability or workers compensation payments ☐ Yes ☒ No
   e. Gifts or inheritances ☐ Yes ☒ No
   f. Any other sources ☐ Yes ☒ No

   If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

a. 0 – 500.00 per year as fine arts photographer
b. 36,000 per year – State Employee Retirement

4. Do you have **any** cash or checking or savings accounts? ☒ Yes ☐ No

If "Yes," state the total amount. $ 800.00

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value? ☒ Yes ☐ No

If "Yes," describe the property and state its value.

Dodge Caravan – 5,000
TIAA Cref Account – approx 15,000

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support. (If children are dependents, please refer to them by their initials)

None

I declare under penalty of perjury that the above information is true and correct.

5-20-10
Date

[signature]
Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

# UNITED STATES DISTRICT COURT

District of COLUMBIA

**Rodney Lail, et al.,**
Plaintiff

V.

Defendant

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

CASE NUMBER: **10 - CV - 210 - PLF**

I, Nicholas Carlton Williamson declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated? ☐ Yes ☒ No (If "No," go to Part 2)

   If "Yes," state the place of your incarceration __________

   Are you employed at the institution? ______ Do you receive any payment from the institution? ______

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed? ☒ Yes ☐ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer. (List both gross and net salary.)

   PAY PERIOD: LAST 12 MONTHS GROSS PAY: $116,602 NET SALARY: $72,841
   University of North Carolina/1000 Spring Garden Street/Greensboro, NC 27412

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment ☒ Yes ☐ No
   b. Rent payments, interest or dividends ☐ Yes ☒ No
   c. Pensions, annuities or life insurance payments ☐ Yes ☒ No
   d. Disability or workers compensation payments ☐ Yes ☒ No
   e. Gifts or inheritances ☐ Yes ☒ No
   f. Any other sources ☐ Yes ☒ No

   If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

   The University of North Carolina at Greensboro. For the amount, see 2.a. As a tenured professor, I expect to receive the same amount into the future.

4. Do you have **any** cash or checking or savings accounts? ☒ Yes ☐ No

If "Yes," state the total amount. Savings: Less than $2,000; Checking: $6,000 beginning of month, less than $1,000 end of mo

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value? ☒ Yes ☐ No

If "Yes," describe the property and state its value.

REAL ESTATE: home in Oak Ridge, NC $270,000 - WAS RECENTLY TURNED DOWN BY BB&T FOR HOME EQUITY LOAN
primitive house in Wagram, NC - $75,000 LAST YEAR RENEWED $30,000 LOAN FROM FIRST BANK IN LAURINBURG. CANNOT BORROW ANY MORE ON IT.

CAR: 2002 Dodge Caravan; market value - around $2,000
STOCKS AND BONDS - $450,000 HOWEVER, I DO NOT HAVE ACCESS TO THIS UNTIL I RETIRE (University rules)

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support. (If children are dependents, please refer to them by their initials)

Within the last two years, my son, John Carlton Williamson of Boone, NC, was run over by a car, leaving him permanently parallyzed. I currently pay to persons/organizations to whom (which) he is indebted around $250 per month. This is not a legal obligation, but he is my flesh and blood--my son.

I declare under penalty of perjury that the above information is true and correct.

May 20, 2010 — Nicholas Carlton Williamson

Date — Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

EXHIBIT "B"
Pages 1 - 19

STATE OF SOUTH CAROLINA

COUNTY OF RICHLAND

IN THE FAMILY COURT
FOR THE FIFTH JUDICIAL CIRCUIT

South Carolina Department of Social Services, Adult Protective Services,

Plaintiff,

vs.

Defendant

Doris Holt,
A Vulnerable Adult

and

James B. Spencer
Party with Standing

09-DR-40-3253

**NOTICE OF INTENT**

**FINAL REQUEST FOR COURT ORDER**

RICHLAND COUNTY
FILED
2010 JUN 29 PM 4:41
JEANETTE W. McBRIDE
CC,CP,GS
& FAMILY COURT

**WHEREAS**, no order has been issued regarding the hearing held on March 22, 2010, in the above captioned case, and in accordance with Rule 26 of the South Carolina Rules of Procedure in this Court, an Order is required to be issued within thirty days of the hearing. Over ninety four, (94) days have passed, therefore, Intervenor, James Spencer is hereby entering this letter of notice of intent and supporting documents into the records of the Clerk of Court.

**James B. Spencer**
**Suite 183**
**7001 Saint Andrews Road**
**Columbia, SC 29212**

June 26, 2010

The Honorable Dorothy Mobley Jones
1701 Main Street
Columbia, SC 29202
**Hand Delivered & Sent Via Fax: (803) 576-1755**
**Re: Doris E. Holt, Case No: 09-DR-40-3253 - Hearing of March 22, 2010**

Dear Judge Jones:

Rule 26(c) requires that all Orders in domestic cases must be issued as soon as possible after the hearing, but not later than 30 days thereafter. It has been 94 days since the hearing in the case of Doris E. Holt, Case No: 09-DR-40-3253, and despite my repeated requests that the Order be issued as required by South Carolina law and most importantly in the interests of my mother Doris Holt's well being, no such action has been taken. During the hearings of February 22, 2010 and March 22, 2010, presided over by you, the Court was made aware that documents naming me as Doris Holt's lawful power of durable attorney and lawful power of health care attorney were wrongfully rescinded based on unfounded allegations by the Department of Social Services ("DSS"). This fact was confirmed on the Court's record by DSS during the hearing of October 5, 2009. Despite this fact the Court refused to reinstate me without explanation and despite my motions as Doris Holt's personally appointed durable power of attorney and power of health care attorney as stipulated in documents filed by Doris Holt with the Guilford County, North Carolina Court in 1983. **(See Attachment "A")**

As I am sure you are aware, without an Order issued from the March 22, 2010, hearing I cannot appeal the decision made in your Court and I am also prevented from resuming the role of my mother's legitimate personally appointed durable power of attorney and power of health care attorney which was wrongfully never restored. As you are also aware since January 4, 2010, my mother, if still alive, has been kept in isolation at an undisclosed location and has been denied any and all opportunity since being abducted on July 29, 2009, to appear in South Carolina Family Court on her own behalf despite the fact that no competency hearing has ever been held in Probate Court as required by South Carolina law and the medical records prior to her wrongful abduction indicate she was capable of making decisions regarding her desires before the Court.

Additionally, the only medical documentation which has been provided in Family Court during the entirety of this case clearly established, that Risperdal, the medication she was being forced to take while under so called "protective custody" was both contraindicated and potentially deadly based on her diagnosis as substantiated by the FDA black box warning concerning the misuse of this drug on the elderly. As you will recall during the hearing of March 22, 2010, you contradicted your position of allowing the only witness presented by DSS regarding the appropriateness of the medical treatment Doris Holt was receiving to comment on the FDA

proclamation after you heard the FDA pronouncement introduced as evidence in your Court. **(See Attachment "B")**

The lack of the existence of an Order from the March 22, 2010, hearing is a continuation of the denying of due process which has continually occurred since the wrongful abduction of Doris E. Holt on July 29, 2009 and a continuation of the actions that started after Doris Holt, James Spencer and close to one hundred other individuals issued tort claim notices to a South Carolina governmental entity that wrongfully took Doris Holt into custody based.  These tort claim notices are required under Federal and SC State law prior to the bringing of a lawsuit.  As you are also aware as of January 4, 2010, Doris E. Holt, if still alive, is being held a virtual prisoner at an unknown location against her will and is not allowed access or communication in any manner or form with her, family, friends and former medical doctors. **(See Attachment "C")**

Finally, I have been informed that the Court has summarily dismissed the emergency motion, filed on March 19, 2010, which included a request for a Court Order that if my mother, Doris Holt, died while being held in captivity her body be held for an independent autopsy and her remains not be cremated.  Despite assurances made by the Court on March 22, 2010, when the Court outright refused to hear the Emergency motion filed on March 19, 2010,  that a hearing date for the emergency motion would be set at later time, the records in the Clerk of Court's office document the motion was summarily dismissed without review by the Court.  The emergency motion contained photographic evidence of Doris Holt's physical abuse and neglect while under so called DSS "protective custody."  Additionally, evidence was presented in the emergency motion that a licensed medical professional independently reported to the South Carolina Ombudsman, as required by South Carolina law, her firsthand evidence and knowledge of the abuse and the neglect of Doris Holt while in DSS custody.

SC Code Ann. § 20-4-50 (2009), states an emergency hearing is to be held within 24 hours and in any event no later than 15 days after the submission for such.  However, according to Susan Steward, Esquire's documents filed with the Clerk of Court's Office, documents which were filed without copying me as required by Court rules, the emergency motion was summarily dismissed by the Court without a review of any nature. **(See Attachment "D")**  It has been 98 days since the filing of the emergency motion effectively now making the emergency motion moot.

Therefore, in the best interests in my mother's health and well being, (if she is still alive) if a draft Order from the March 22, 2010, hearing is not drafted, reviewed by me and finalized by Friday, July 2, 2010, I will immediately seek a ruling from the South Carolina Court of Appeals for an Emergency Mandamus Order requiring such Order to be issued forthwith.  Thank you very much for your consideration.

Sincerely,

James B. Spencer
Cc: Princess Hodges, Esquire, DSS
Sean Markham, Esquire, Susan Steward, Esquire

LIVED WITH HIM FOR LIKE 30 YEARS. WHAT'S YOUR POSITION ON HIS INTERVENTION?

MS. HODGES: YOUR HONOR, WE WOULD OPPOSE MR. HOLT BEING ADDED AS A PARTY, INTERVENING INTO THIS ACTION. INITIALLY WHEN WE WERE MADE AWARE OF MS. HOLT, THERE WERE ALLEGATIONS OF SOME PHYSICAL ABUSE.

THE COURT: AGAINST HIM?

MS. HODGES: AGAINST HIM. AND THAT'S THE WAY THE CASE WAS PRESENTED TO US. WE CONDUCTED OUR INVESTIGATION, AND WE DO NOT FEEL AS IF MR. HOLT WAS A PURPOSEFUL THREAT AGAINST HIS MOTHER; HOWEVER, SHE DOES HAVE SEVERAL MEDICAL ISSUES INCLUDING DEMENTIA AND SHE IS UNABLE TO BE CARED FOR PROPERLY AT HOME WITH MR. HOLT. THAT IS THE DEPARTMENT'S POSITION.

THE COURT: LET ME ASK YOU THIS, MS. HODGES: IF HE IS NOT A THREAT TO HIS MAMMA EITHER BY NEGLECT OR BY PHYSICAL ABUSE, HOW DO WE HAVE JURISDICTION TO NOT LET HER STAY THERE IF SHE WANTS TO?

MS. HODGES: SHE'S NOT RECEIVING THE LEVEL OF CARE ---

THE COURT: SO THERE'S A MEDICAL NEGLECT OR PHYSICAL NEGLECT. YOU'RE NOT SAYING THAT HE'S PHYSICALLY NEGLECTFUL. I MEAN HE'S NOT PHYSICALLY ABUSIVE.

MS. HODGES: THAT'S RIGHT.

THE COURT: HE'S PHYSICALLY NEGLECTFUL OF HER, IS

THE COURT: --- but long term?

MS. HODGES: That's right.

THE COURT: Can you do that inside the thirty days, Mr. ---

MR. SPENCER: Yes, ma'am, I ---

THE COURT: All right. Is there a date and time you would like to say that you can give them that? Today is the – it's hard to believe, the 22nd day of February. So, you are going to be back here; could we say by maybe March 12 you could do that?

MR. SPENCER: The only thing I request, Your Honor, is the ability to conduct discovery.

THE COURT: Well, ---

MR. SPENCER: Which Ralph Wilson has not been able to do and needs to be done in this case.

MS. HODGES: Now, Your Honor, as far as her medical records go, they're protected by HIPAA, and if he wants to have those documents, he would need to subpoena them directly from the provider.

THE COURT: In other words, the Department of Social Services cannot release those. They don't have the authority to. So, you will have to file your appropriate motions or make your appropriate inquiries and requests, and Mr. Spencer, here is the tough part for you, I am not your lawyer. Just because you lost Mr. Wilson, I don't now fill his shoes and tell you what to do and how to do it. That is wrong. I cannot do that.

MR. SPENCER: I am ---

THE COURT: I know. I just want to make sure you understand that.

MR. SPENCER: No.

THE COURT: I can't order them, the agency, to provide that to you.

MR. SPENCER: Right.

THE COURT: There are laws that you have to comply with. All right. Well, this is what we are going to do: We are going to ask that you provide your plan, your long term care plan in writing to Ms. Hodges. She will make copies available to the other attorneys. I'm going to put no later than March 15. That is only a week before you come back to court. Surely you will know it by then; would you not agree, Mr. Spencer?

MR. SPENCER: I will work on this right away.

THE COURT: All right. Very good, and what is the new court date, Ms. Hodges? Do you have that, so we can go ahead and put that in the order? It would be a Monday? Would it be the 22nd?

MS. HODGES: It would be a Monday, and I'm thinking it would be the 22nd.

THE COURT: I'm thinking ---

MS. HODGES: We have that court date. That's the date that I would pick.

THE COURT: Well, it looks like the 22nd, because that actually falls – with only 28 days in February. So, the 22nd is a Monday, March 22. So, you will be back on that day, sir.

MR. SPENCER: Your Honor, can I – can you entertain a motion on my behalf?

THE COURT: Well, I don't know. What is your motion, sir?

MR. SPENCER: I was taken away as attorney – as guardian – as my mother's power of attorney and power of health attorney because of my

supposed abuse of my mother.

This has not been the case, and it has not been returned to me, and I am not able to function without those. That will give me a greater degree of freedom. The Court is on the record – it's on the record now that I have not abused my mother. So, I do not see why this is still being kept from me.

THE COURT: I don't believe that motion is properly before the Court at this time, sir, with all due respect. I mean, I don't see that I have authority today to make decisions about findings of abuse or lack of abuse and production of documents. There is nothing before but your motion.

So, once again, -- listen to me; if you can work something out with Ms. Hodges by consent regarding some documents, that is fine, but if you can't, then, you are going to have to follow the proper formal procedures, and once again, it's not because I'm being rude or uncooperative.

MR. SPENCER: I understand.

THE COURT: I'm just not allowed to do that, sir, all right?

MR. SPENCER: I understand.

THE COURT: All right. Thank you. Well, then, that is going to conclude our hearing today. You will be back on the 22nd and we will either have a plan that everyone agrees to or we will be ready to go forward, and Ms. Hodges, please put in there, so the next judge, if it is not me -- or even if it is me, I might not remember -- will be that this case has been continued three times now. So, don't expect any continuances next time. I'm not saying there couldn't be one, but don't expect it, all right?

MR. SPENCER: I have no intention of asking.

THE COURT: Thank y'all very much, and I'm sorry, but I don't know

**ATTACHMENT "B"**

Q So, your answer is, as far as you're concerned, Resperdal is appropriate for her?

A Based upon the facility doctor who is following her, we do not have anything to indicate that Resperdal is not appropriate for her.

Q And if I was to produce documentation that showed Resperdal was in fact a deadly drug for her, what would you then say?

MS. HODGES: Your Honor, I'm going to object to this line of questioning.

THE COURT: Sustained. I'm going to sustain it, because Mr. Spencer, those might be questions you would ask someone about medication, but this is not the right witness. She doesn't have any knowledge about that. She is not a doctor.

MR. SPENCER: Yes, Your Honor, but she did make a statement that my mother was well taken care of at that facility. I have evidence to show she is not.

**Judge Jones Allowing the Questioning -**

THE COURT: All right, and her response is that she has no evidence that it's not a good drug for your mother. Now, if you have some evidence and you want to prove it to her, but she is just not a medical expert.

MR. SPENCER: I understand that, Your Honor.

Q (by Mr. Spencer) That's an FDA warning in 2005, issued in July of 2005. Could you read the circled box up in the right about the warning? The right; that's the other side.

A This is the left, sir.

Q Your left.

A Are you referring to the box that has a square around it?

Q That's correct.

A Okay. Warning, increased mortality with elderly patients with dementia related psychosis. See full prescribing medication for complete box warning. Elderly patients with dementia related psychosis treated with antipsychotic drugs are at an increased risk of death. Resperidone is not approved for use in patients with dementia related psychosis.

Q The other two boxes on there? The number one warning?

A Are you referring – am I allowed to ask him a question? Are you referring to this box?

Q That box.

A Okay.

Q What is the number one warning?

A It says, cardio – cerebral vascular events including stroke in elderly patients with dementia related psychosis, Resperidone is not approved for use for patients with dementia related psychosis.

Q And the warning over here?

A Are you referring to the drug interactions?

Q No. I'm referring to this box right there, number one warning.

A It says, increased mortality in elderly patients with dementia related psychosis.

Q Okay, and can you read – do you recognize that?

A Yes, I do. This is again the medication from January 7, 2010 at 11:40 a.m.

Q And could you tell me the diagnosis you put down there?

A That she was diagnosed with dementia with psychosis, and she was

**Judge Jones Reversal -**

started on Resperdal.

Q Based on the FDA warnings, do you think Resperdal – would you be concerned ---

MS. HODGES: I'm going to object, Your Honor. She cannot answer that question. She's not a medical professional. She does not ---

THE COURT: Sustained.

MS. HODGES: --- know how the medication is being ---

THE COURT: Sustained.

MS. HODGES: Thank you.

MR. SPENCER: Your Honor, I'm not a medical professional either, but I can read an FDA warning, and my mother – the signs of her loss of weight and everything else leads to the use of Resperdal, which is what is documented.

THE COURT: Well, now, Mr. Spencer, I think you are assuming this Court is addressing issues that are not really before the Court. What I am hearing today is the care plan, whether she stays in the care facility she is in now or whether she is transferred out. Those are the issues today. That is what is before the Court today. This is what we agreed would be before the Court today.

You can bring all kinds of medications in here and question these witnesses about it, but they are not the treating physician. They are not properly in a place to make any medication changes. If Ms. Stroman wanted to change medications, she would not be the person to do it; do you understand that?

MR. SPENCER: Yes, Your Honor. That's why I wanted to speak to the

doctors, and I was prevented from speaking to the doctors. If I cannot speak to the doctors, these facilities will not allow people in on Resperdal, because it is too dangerous. Both facilities have told that to me. They will not accept patients with that.

I have to have the answers. If I can't have the answers, I cannot make recommendations, and my mother is seriously ill, and I need answers so I can make a recommendation.

If I cannot be given these answers with or without an attorney or I'm not allowed to speak to her medical personnel, I cannot obtain those answers, and I cannot protect my mother.

THE COURT: All right, sir. You may step down. Any other witnesses?

MS. HODGES: No, ma'am.

--- END OF REQUESTED PORTION ---

**Case #** 09DR03253 **State #** 09DR4003253 **Warrant rcvd date** 0/00/0000
HOLT, DORIS (VULNERABLE ADULT)

| Event | Date | Text |
|---|---|---|
| | | AS MAY BE REQUIRED.THE DSS SHALL HAVE THE RIGHT TO PROVIDE S ROUTINE AND EMERGENCY MEDICAL CARE AS MAY BE NECESSARY OR RE AND RIGHT OF ACCESS TO ALL NECESSARY RECORDS.THE DSS MAY REQ HAVE THE ASSISTANCE OF ANY AND ALL LAW ENFORCEMENT OFFICERS AGENCIES TO TAKE THE VULNERABLE ADULT INTO CUSTODY AND RELEA ADULT TO THE CUSTODY OF THE DSS. IT IS SO ORDERED. LS 7/29/0 |
| AFF | 7/29/2009 | AFFIDAVIT |
| PETN | 7/29/2009 | PETITION |
| FCCS | 7/29/2009 | FAMILY COURT COVER SHEET |

Bottom

**Event**
/00/0000
Court **Date:** /00/0000 **Time:** .00 **Len:** .00 Room **Judge** **TP:**
**F1=Select F2=Party F3=Exit F4=List F6=Search F7=Charge F8=Text**
**F11=Event F12=Prev F19=Sentence F20=Rcpt**

Sandy Ros
6/25/10

**ATTACHMENT "C"**
**Emergency Motion**
**Not Heard.**

**Case #** 09DR03253 **State #** 09DR4003253 **Warrant rcvd date** 0/00/0000
HOLT, DORIS (VULNERABLE ADULT)

| Event | Date | Text |
|---|---|---|
| ANS | 9/10/2009 | ANSWER |
| ORDER | 9/03/2009 | JUDGE RUCKER*******ORDER OF CONTINUANCE THIS MATTER IS CONTINUED FOR 30 DAYS TO GIVE MRS. HOLT'S SON BOB HOLT TO OBTAIN AN ATTORNEY AND FILE A MOTION TO INTERVEN AS A PARTY. IT IS SO ORDERED. LS 9/17/09***** |
| ORDER | 7/29/2009 | JUDGE RUCKER EX-PARTE ORDER----THEREFORE IT IS ORDERED THAT DORIS HOLT I PLACED INTO EMERGENCY PROTECTIVE CUSTODY WITH S.C.DSS(RICHLA HAVING THE RIGHT TO PROVIDE SUCH PROTECTION,ASSISTNACE,AND P |

More...

Event
/00/0000
Court Date: /00/0000 Time: .00 Len: .00 Room Judge TP:
F1=Select F2=Party F3=Exit F4=List F6=Search F7=Charge F8=Text
F11=Event F12=Prev F19=Sentence F20=Rcpt

6/25/10
Sandy Ross

**Case #** 09DR03253 **State #** 09DR4003253 **Warrant rcvd date** 0/00/0000
HOLT, DORIS (VULNERABLE ADULT)

| Event | Date | Text |
|---|---|---|
| MOTN | 3/19/2010 | INTERVENOR'S EMERGENCY MOTION TO COMPEL |
| ORDER | 2/22/2010 | JUDGE DOROTHY MOBLEY JONES |
| | | ORDER- PRIOR ORDERS SHALL REMAIN IN EFFECT. THIS MATTER SHAL |
| | | CONTINUED OVER THE OBJECTIVES OF PLAINTIFF AND OTHER PARTIES |
| | | MARCH 22, 2010. THE PARTIES SHALL NOT EXPECT ANY OTHER CONTI |
| | | THIS MATTER IS CONTINUED ONLY BECAUSE MR. SPENCER IS NOW A P |
| | | LITIGANT. JAMES SPENCER SHALL PROVIDE THE AGENCY WITH A WRIT |
| | | DETAILED PLAN OF LONG TERM CARE FOR DORIS HOLT BY MARCH 15, |
| | | IT IS HIS INTENTION TO CARE FOR DORIS HOLT HIMSELF. FT.3/1 |
| | | More... |

**Event**
/00/0000
Court Date: /00/0000 Time: .00 Len: .00 Room Judge TP:
F1=Select F2=Party F3=Exit F4=List F6=Search F7=Charge F8=Text
F11=Event F12=Prev F19=Sentence F20=Rcpt

6/25/10
Sandy Ross

Case Tracking Text Detail

**Case #** **State #** 09DR4003253 **Warrant rcvd date** 0/00/0000
HOLT, DORIS (VULNERABLE ADULT) Copy **Event** MOTN **Event date** 3/19/2010
**Court Dte:** ______ **Time:** .00 **Len** .00 **Room** ___ **Judge** _ ___ **Type:** D **Prt:** _

**Text** MOTION

INTERVENOR'S EMERGENCY MOTION TO COMPEL

**More...**

F1=Select F2=Party F3=Exit F4=List F6=Search F7=Charge F8=Text
F11=Event F12=Prev F14=Trnfer F19=Sentence F20=Rcpt

Sandy Ros
6/25/10

testimony.

THE COURT: All right. Very good. Then, Mr. Spencer, would you like to come up to the witness stand and present this? Do you need documents out of that briefcase? Is that what you are telling me?

MR. SPENCER: The – first off, can I call the Court's attention to the fact that I filed an emergency motion because of the lack of cooperation I was receiving and that ---

THE COURT: All right. Now, has that been set to be heard?

MR. SPENCER: I had ---

THE COURT: I'm sorry?

MR. SPENCER: I had filed it with the court after no one showed for a deposition.

THE COURT: All right. I see it. You filed it March 19.

MR. SPENCER: That's right.

THE COURT: Well, it hadn't been scheduled to be heard; has it, Mr. Spencer?

MR. SPENCER: They said that they – I asked them when they would schedule it, and they said that they would schedule it to be heard with this case.

THE COURT: Today? Ms. Hodges, is that your understanding?

MS. HODGES: It is not my understanding, Your Honor, that it was supposed to be heard today. A copy of the motion was, I guess, emailed to the Department, and I have gotten a copy of it printed off the computer this [illegible] pages long.

**ATTACHMENT "D" Part II**

NA

TME

TIFF,

dult

To: Robert Holt, aka James Spencer, aka Brian Holt

YOU ARE HEREBY NOTIFIED THAT the undersigned, duly appointed Attorney for Doris Holt ("Movant" and "Holt"), will respectfully move before the Presiding Judge of the Fifth Judicial Circuit on the ______ day of ______, 2010, at ________ o'clock _______m. for an Order Denying Intervenor's Emergency Motion to Compel dated March 18, 2010 and a finding that Intervenor be held in Contempt and Ordered to pay attorney fees.

Said Response is made in response to attempted service via email of Motion on March 19, 2010 to Sean Markham, as Guardian Ad Litem for Doris Holt ("GAL"), and Susan Stewart, attorney for Doris Holt. Objection is hereby made in accordance with Rule 45(B) South Carolina Rules of Civil Procedure. Objection is based upon Intervenor's failure to comply with Rule 25, in particular, "discovery shall be conducted only by stipulation of the parties or by court order upon application therefore in writing." There has been no stipulation, no application to the Court in writing nor a Court Order. As well, the underlying case was closed by Order March 22, 2010.

Intervenor's request for records is overly broad, unduly burdensome and requests information that is sensitive as well as privileged between attorney and client. Furthermore, certain communications between third parties and the GAL contain information which if released to Intervenor could lead to harm of Holt. In addition GAL is

Respectfully submitted on this date
June 29, 2010, by


James B. Spencer
Suite 183
7001 Saint Andrews Road
Columbia, SC 29212
(803) 414-0889

## CERTIFICATE OF SERVICE

I, James Spencer, Intervenor, *Pro Se*, hereby certify that I had process of service performed by US Mail, hand delivered and/or where possible electronically transmitted, a true and correct copy of the **Intervenor's Notice of Intent and Request for Court Order** as follows:

**Susan Stewart, Esq., PO Box 1462, Columbia, SC 29202**
**Sean Markham, Esq., PO Box 11332, Columbia, SC 29211-1332**
**Princess Hodges, Esq., Richland County DSS, 3220 Two Notch Rd. Columbia, SC 29204**

James Spencer, Intervenor, *Pro Se*
June 29, 2010

**Wellspring Apartments**
500 Harbison Blvd
Columbia, SC 29212
Phone: 803-781-9541
Fax: 803-749-2014

**June 11, 2010**
**Apartment # 2207**

# FINAL NOTICE

**This is your final notice that monies are due IMMEDIATELY on your account in the amount of $ ____________ We have filed the attached Landlord/Tenant Complaint at the Magistrate Office. This added an additional $ 40 in costs to your account.**

**Total Balance Due IMMEDIATELY**

**$ 857 + 40 = $ 897**

**Sincerely,**
**Wellspring Management**

**CC: Resident File**

PRG Form FIN-9

**STATE OF SOUTH CAROLINA**

**COUNTY OF RICHLAND**

CIVIL CASE NUMBER

**IN THE MAGISTRATE'S COURT**

**APPLICATION FOR EJECTMENT**

**PLAINTIFF(S)**

PRG Real Estate Management
Dba. Wellspring Apartments

**Vs (Versus)**

**DEFENDANT(S)**

JAMES Spencer
and all others

**Phone:**

Plaintiff, Katie Pollard - Wellspring appearing before me states that s/he is the Landlord/Lessor of the premises located at 500 Harbison Blvd, and further described as (house/apartment/etc.) Apt 2707, within the jurisdiction of the **DUTCH FORK MAGISTRATE, JUDGE MEL MAURER**, and that a Landlord/Tenant relationship exists between him/herself and the Tenant(s)/Lessee(s). Detailed reason for application: Failure to pay rent

Plaintiff requests by this application that Ejectment Proceedings be initiated against the Defendant(s)/Tenant(s)/Lessee(s) based on the facts described below:

☒ **Such tenant/lessee has failed or refused to pay rent when due or demanded.**

☐ **The Term of Tenancy or occupancy has ended.**

☒ **The terms or conditions of the lease have been violated.**

Sworn to before me on June 11th 2010

[signature]

Judge or Notary Public
My Commission Expires:

ROCHELLE SMITH NOTARY PUBLIC SOUTH CAROLINA
My Commission Expires Sep 8, 2018

Date: 6/11/10

[signature]

Plaintiff/Attorney Signature

Katie Pollard

Plaintiff/Attorney (Print)

Address: 500 Harbison Blvd
Columbia SC 29212

Phone: 803-781-9841