IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Rodney Lail, et al.,

Plaintiffs,

vs.

United States, et al.,

Defendants.

Civil Action No. 01:10-CV-00210-PLF

**DEFENDANTS SEAN MARKHAM AND SUSAN STEWART'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure and Rule 7(a) of the Local Rules for the United States District Court for the District of Columbia, Defendants Sean Markham and Susan Stewart hereby file this Memorandum of Law in Support of their Motion to Dismiss on the following grounds: (1) this Court lacks personal jurisdiction over these Defendants; and (2) venue is improper in this Court.

## FACTUAL ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

Based on an alleged conspiracy that commenced in 2000, ten (10) *pro se* Plaintiffs filed a Second Amended Complaint against forty (40) named Defendants alleging causes of action for: (1) violations of the Federal Tort Claims Act; (2) Individual *Bivens* and Conspiracy claims; (3) violations of the Plaintiffs' civil rights under 42 U.S.C. §§ 1981, 1983 and 1985; (4) violations of the Racketeer Influenced and Corrupt Organizations Act; (5) violations of the South Carolina Tort Claims Act; (6) infliction of emotional distress; (7) South Carolina civil conspiracy; and (8) vicarious liability.

The wrongdoing alleged in the Second Amended Complaint appears to have begun sometime in 2000, when Plaintiff James Spencer was the CEO of Southern Holdings. Plaintiffs allege that certain individuals not named as Defendants in this case conspired to take over control of Southern Holdings and remove Plaintiff Spencer from his position as CEO.

The conspiracy is alleged to have continued for years and allegedly resulted in threats to the security of the Plaintiffs and their families if they did not assist with the takeover of Southern Holdings, harassment of the Plaintiffs and their families, the illegal searching of the Plaintiffs' homes in South Carolina, the issuance of an illegal warrant for Plaintiff James Spencer's arrest and paperwork for his extradition from South Carolina to North Carolina, and improper conduct by law enforcement agencies who allegedly were not responsive to the Plaintiffs' claims of wrongdoing by the conspirators.

Plaintiffs allege that the conspiracy expanded and grew when it became known that they intended to file a federal and state tort claims action. The overwhelming majority of the alleged acts in the Second Amended Complaint are alleged to have occurred in South Carolina against residents of South Carolina by residents of South Carolina.

As to Defendants Sean Markham and Susan Stewart, it appears Plaintiffs allege that these court-appointed attorneys, who were ordered to represent the interests of Doris Holt by the Richland County Family Court in South Carolina, were somehow involved in the above-mentioned conspiracy, including threatening the security of the Plaintiffs and their families if they did not assist with the takeover of Southern Holdings,

harassing the Plaintiffs and their families, illegally searching the Plaintiffs' homes in South Carolina, issuing an illegal warrant for Plaintiff James Spencer's arrest and paperwork for his extradition from South Carolina to North Carolina, and improper conduct responsive to the Plaintiffs' claims of wrongdoing by the conspirators. However, the only specific allegations asserted against Defendants Sean Markham and Susan Stewart relate to their actions as appointed counsel in South Carolina with no allegations that would give rise to an inference of any improper conduct by these Defendants. (See Sec. Am. Compl. ¶¶ 186, 187, & 192).

For the reasons discussed below, Defendants Sean Markham and Susan Stewart request that the Court dismiss this case against them as the Court does not have personal jurisdiction over them, and alternatively, even if the Court has personal jurisdiction, venue is not proper in this Court.

## LEGAL ANALYSIS

### I. The United States District Court for the District of Columbia does not have personal jurisdiction over these Defendants

Defendants Sean Markham and Susan Stewart move to dismiss this lawsuit against them pursuant to Fed. R. Civ. P. Rule 12(b)(2) because this Court does not have personal jurisdiction over them. The Plaintiffs have the burden of making a *prima facie* showing that the Court has personal jurisdiction over a defendant. See Davis v. Grant Park Nursing Home LP, 639 F.Supp.2d 60 (D.D.C. 2009). To meet this burden, Plaintiffs "must allege specific facts on which personal jurisdiction can be based; [they] cannot rely on conclusory allegations." Walton v. Bureau of Prisons, 533 F.Supp.2d 107, 112 (D.D.C.2008). Plaintiffs have failed to allege the necessary facts to make a

*prima facie* showing of personal jurisdiction over these Defendants.

In order to establish personal jurisdiction over a non-resident Defendant, a court must engage in a two-part inquiry: (1) a court must first examine whether jurisdiction is applicable under the state's long-arm statute and (2) then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process. See Naegele v. Albers, 355 F.Supp.2d 129 (D.D.C. 2005).

A. Long Arm Statute:

Plaintiffs must show that personal jurisdiction is supported by one or more of the grounds provided by the District of Columbia's Long-Arm statute, which provides in relevant part:

> (a) District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's - -
>
> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia
>
> * * * *

D.C. Code Ann. § 13-423(a)(1981).

The District of Columbia's Long-Arm statute does not reach these Defendants. There are no allegations in the Second Amended Complaint that these Defendants transacted any business in the District of Columbia, that they contracted to supply any services in the District of Columbia, or that they caused any tortious injury in the District of Columbia by an act or omission in or outside of the District of Columbia. Even if the Court determines that this Defendant did cause tortious injury in the District of Columbia by an act or omission outside the District of Columbia, the long-arm statute still does not reach these Defendants because there are no allegations in the Second Amended Complaint that these Defendants regularly conduct or solicit business in the District of Columbia, engage in any other persistent course of conduct in the District of Columbia, or derived substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

The Second Amended Complaint is devoid of allegations that would support this Court exercising personal jurisdiction over these Defendants. In addition, the specific allegations against these Defendants set forth in the Second Amended Complaint unequivocally show that these Defendants are from South Carolina and all of their actions related to the Plaintiffs occurred in South Carolina. (See Sec. Am. Compl. ¶¶ 48, 49, 186, 187, & 192).

B. Due Process:

"The Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to assert *in personam* jurisdiction over a nonresident defendant."

Helicopteros Nacionales De Colombia v. Hall, 466 U.S. 408, 414 (1984). "Due Process requirements are satisfied when *in personam* jurisdiction is asserted over a nonresident . . . defendant that has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Id. at 414 (internal quotations and alterations omitted) (emphasis added).

The allegations of the Second Amended Complaint fail to make a *prima facie* case that these Defendants purposefully availed themselves of the privilege of conducting activities within the District of Columbia, thus invoking the benefits and protections of its laws; that these Defendants' conduct and connections with the District of Columbia are such that they should have reasonably anticipated being haled into court here; and that these Defendants purposefully directed their activities at residents of the District of Columbia or that this litigation results from those activities.

In addition to the lack of sufficient minimum contacts, this Court's exercise of personal jurisdiction over these Defendants would not comport with traditional notions of fair play and substantial justice. First, it is clear under these facts that it would be a heavy burden for these Defendants (who are both attorneys licensed in South Carolina and who were appointed by a court in South Carolina to represent Plaintiff Doris Holt in South Carolina) to defend themselves in the District of Columbia against claims based solely on their activities in South Carolina. Second, the District of Columbia has no compelling interest in providing redress to any of the litigants in this action because there is no connection between the allegations of the Second Amended Complaint and the District of Columbia. Since the Defendants did not direct any of their activities at the Plaintiffs in the District of Columbia, and no harm could have occurred there

because none of the Plaintiffs reside here, forcing these Defendants to defend this lawsuit in the District of Columbia would be unreasonable.

These Defendants do not have the "minimum contacts" with the District of Columbia that would support this Court exercising personal jurisdiction over them. Furthermore, these Defendants do not have any connection with the District of Columbia such that they could have reasonably anticipated being haled into court in the District of Columbia. Requiring these Defendants to defend this lawsuit in the District would not comport with traditional notions of fair play and substantial justice.

The United States District Court for the District of Columbia does not have personal jurisdiction of these Defendants and this lawsuit should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

## II. Venue is not proper in the United States District Court for the District of Columbia

In the alternative, Defendants Sean Markham and Susan Stewart move to dismiss this lawsuit pursuant to Fed. R. Civ. P. 12(b)(3) because venue is not proper in this Court. Plaintiffs have the burden of establishing that venue is proper. See Vaukus v. U.S., 691 F.Supp.2d 119 (D.D.C., 2010).

The Second Amended Complaint does not allege jurisdiction founded solely on diversity of citizenship. It alleges federal question jurisdiction based on the Defendants' alleged violations of the Federal Tort Claims Act, a *Bivens* action, violations of the Plaintiffs' civil rights under 42 U.S.C. §§ 1981, 1983 and 1985 and violations of the Racketeer Influenced and Corrupt Organizations Act, as well as South Carolina state law claims. Consequently, the applicable federal venue provisions can be found at 28 U.S.C. § 1391(b) of the United States Code which states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omission giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

As evidenced by the allegations of the Second Amended Complaint, all of the Defendants in this lawsuit do not reside in the District. Thus, Section 1391(b)(1) is inapplicable. The overwhelming majority, if not all, of the actions giving rise to this lawsuit occurred in South Carolina. Thus, Section 1391(b)(2) is inapplicable. The lawsuit could be properly brought in South Carolina because a substantial part of the events giving rise to the lawsuit occurred there. Thus, there is a district in which this lawsuit may be brought and Section 1391(b)(3) is inapplicable. South Carolina is not only the appropriate district under the venue statutes, but it is also the most appropriate and judicially efficient forum for the handling of this case. Almost all of the evidence and witnesses for this lawsuit will be located in South Carolina. Six (6) of the Plaintiffs live in South Carolina and at least twenty six (26) of the Defendants are South Carolina state agencies, South Carolina companies or individuals living in South Carolina.

The United States District Court for the District of South Carolina is the proper venue for this lawsuit, and this lawsuit should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

## CONCLUSION

Based upon the facts alleged in the Second Amended Complaint and the arguments set forth above, Defendants Sean Markham and Susan Stewart respectfully

requests that the Court grant their Motion to Dismiss, and order the dismissal of the Second Amended Complaint. A proposed order is attached.

August 13, 2010

Respectfully submitted,

/s/

Mary S. Diemer, Esquire
Bar No. 416527
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, D.C. 20001
Email: mary.diemer@nelsonmullins.com
Phone: 202.712.2815
Facsimile: 202.712.2860

and

Paul T. Collins, Esquire
(Admitted Pro Hac Vice)
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, South Carolina 29202
Email: paul.collins@nelsonmullins.com
Phone: 803.255.9747
Facsimile: 803-255-9128

*Attorneys for Defendants Sean Markham and Susan Stewart*