# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

Rodney Lail, *et al.*,                     )
                                           )     Civil Action No. 1:2010-00210-PLF
             Plaintiffs,                   )
                                           )
v.                                         )
                                           )        **NOTICE OF MOTION AND**
United States, *et al.*,                   )        **MOTION TO DISMISS**
                                           )
             Defendants.                   )
_____          )

TO:   *PRO SE* PLAINTIFFS

YOU WILL PLEASE TAKE NOTICE that the Defendant Andrew F. Lindemann proceeding *pro se* will move before the United States District Court for the District of Columbia for an Order, pursuant to Rule 12(b)(2), Rule 12(b)(3), and Rule 12(b)(5), FRCP, dismissing the Plaintiffs' Second Amended Complaint or alternatively quashing the service of process on this Defendant.

The Defendant Lindemann's motion is based on the following grounds:

(1)     The Defendant Lindemann is not subject to the personal jurisdiction of this Court.

(2)     Venue in the United States District Court for the District of Columbia is improper.

(3)     Service of process on the Defendant Lindemann was insufficient.

The Defendant Lindemann's motion is based on the grounds set forth in the supporting memorandum filed herewith.

The Defendant Lindemann's motion is based upon the pleadings filed in this case; the supporting memorandum filed herewith; the Affidavit of Andrew F. Lindemann; the Affidavit of Lavinia Roche; the rules of court; and any other matters as may be required by the Court.

ANDREW F. LINDEMANN
1611 Devonshire Drive
Post Office Box 8568
Columbia, South Carolina 29202
TEL:  (803) 806-8222
FAX:  (803) 806-8855
E-MAIL: alindemann@dml-law.com

*Pro Se Defendant*

Columbia, South Carolina

August 13, 2010

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

Rodney Lail, *et al.*,                    )
                                          )        Civil Action No. 1:2010-00210-PLF
      Plaintiffs,              )
                                          )
v.                                        )        **MEMORANDUM IN SUPPORT OF**
                                          )        **MOTION TO DISMISS**
United States, *et al.*,                  )
                                          )
      Defendants.              )
_____ )

## STATEMENT OF THE CASE

The *pro se* Plaintiffs have filed a Second Amended Complaint against numerous Defendants, including the Defendant Andrew F. Lindemann, who is proceeding *pro se*. The Defendant Lindemann is an attorney residing and practicing in the State of South Carolina. He is a member in good standing of the South Carolina Bar and North Carolina Bar. *See,* Lindemann Affidavit, para. 2.

The Plaintiffs have alleged a number of federal and state causes of action against approximately forty Defendants. The state claims are brought pursuant to South Carolina law. The Plaintiffs fail to identify which causes of action are directed specifically at the Defendant Lindemann. Based upon the factual allegations, the Plaintiffs appear to allege that the Defendant Lindemann "conspired" with the South Carolina Department of Social Services (SCDSS) to "arrang[e] for the kidnapping of Plaintiff Doris Holt." *See,* Second Amended Complaint, paras. 148-150. The alleged events, which are denied and are frivolous on their face, took place in South Carolina. From the additional allegations, it appears that the Plaintiffs are referring to

circumstances where the elderly Holt was taken into emergency protective custody by SCDSS in July 2009. The Plaintiffs claim a link between that event and the Defendant Lindemann because Lindemann, as a private attorney, has in the past and continues to represent SCDSS in unrelated litigation. There is no allegation or evidence that Lindemann represented SCDSS in any legal matters involving the Plaintiffs. *See*, Lindemann Affidavit, para. 4.

The Defendant Lindemann's only connection to the Plaintiffs is his involvement as one of several defense counsel in the case of *Southern Holdings, Inc. v. Horry County*, Civil Action No. 4:02-1859-RBH, which was litigated in the District of South Carolina, and as the lead defense counsel with respect to the consolidated appeals filed by these same Plaintiffs in the Fourth Circuit Court of Appeals. *See*, *Lail v. Horry County*, 363 Fed. Appx. 223 (4th Cir. 2010). The Defendant Lindemann is also counsel for Horry County in a companion state court interpleader action that remains pending. *See*, *Rakowsky v. Southern Holdings, Inc.*, Civil Action No. 2008-CP-40-6656 (Richland County (SC) Court of Common Pleas). *See*, Lindemann Affidavit, paras. 5-6.

The Defendant Lindemann has no connection with the District of Columbia. He does not reside and has never resided in the District of Columbia. He is not a member of the District of Columbia Bar. He does not own property in the District of Columbia. With the exception of occasion filings with the United States Supreme Court, he does not conduct any business in the District of Columbia or represent any clients in the District of Columbia. His principal place of business has been and remains in Columbia, South Carolina. *See*, Lindemann Affidavit, para. 3.

The Defendant Lindemann has moved to dismiss the Second Amended Complaint on the grounds that this Court lacks personal jurisdiction over him. Alternatively, he seeks an order quashing the service of process which was insufficient and improper. Moreover, he seeks the dismissal of the Second Amended Complaint because of improper venue.

**ARGUMENTS**

## I.   Lack of Personal Jurisdiction

As this Court has held, "[t]here are two variants of personal jurisdiction: (1) general, all purpose adjudicatory authority to entertain a suit against a defendant without regard to the claim's relationship *vel non* to the defendant's forum-linked activity, and (2) specific jurisdiction to entertain controversies based on acts of a defendant that touch and concern the forum." *National Community Reinvestment Coalition v. Novastar Financial, Inc.*, 631 F.Supp.2d 1, 4 (D.D.C. 2009).

The Plaintiffs, who have the burden of making a prima facie showing that the Court may exercise personal jurisdiction over a defendant,[1] has failed to allege any facts to even remotely suggest that general jurisdiction exists over the Defendant Lindemann in this forum.  This Court has explained that "[g]eneral jurisdiction requires that the defendant's contacts within the forum be 'continuous and systematic' in order for the defendant to be forced to defend a suit arising out of any subject matter unrelated to the defendant's activities within the forum."  *National Community Reinvestment Coalition*, 631 F.Supp.2d at 4.  The Plaintiffs have not alleged any contacts by Lindemann with the District of Columbia.  Moreover, as the facts attested to in the Lindemann affidavit demonstrate, Lindemann has not had continuous and systematic contacts with the District of Columbia.  He does not reside or work in the District of Columbia.

---

[1]     "When personal jurisdiction is challenged, the plaintiff bears the burden of establishing a factual basis for the Court's exercise of personal jurisdiction over each individual defendant.  The plaintiff must allege specific facts that connect the defendant with the forum. The plaintiff may not aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant."  *National Community Reinvestment Coalition*, 631 F.Supp.2d at 3.  (Citations omitted).

Likewise, he does not own property or conduct any regular business in the District of Columbia. *See*, Lindemann Affidavit, para. 3.

In the alternative to general jurisdiction, this Court further explains that the "District of Columbia may exercise specific jurisdiction over a defendant if the plaintiff demonstrates that (1) the District of Columbia's long arm statute, D.C. Code § 13-423, authorizes jurisdiction, and (2) the exercise of jurisdiction comports with the federal requirement of constitutional due process." *National Community Reinvestment Coalition*, 631 F.Supp.2d at 4.   The District of Columbia long-arm statute provides in part as follows:

> A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's -
>
> (1)     transacting any business in the District of Columbia;
>
> * * * * *
>
> (3)     causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4)     causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

D.C. Code § 13-423(a)(1), (2), and (4).

The Plaintiffs have not alleged nor shown that their claims against the Defendant Lindemann fall within the scope of the long-arm statute. The Defendant Lindemann is not being sued for any act or omission that occurred within the District of Columbia. To the contrary, he is being sued for allegations that, if true, arose in the State of South Carolina exclusively. In addition, the Plaintiffs do not allege any tortious injury that resulted in the District of Columbia.

Instead, they allege that Lindemann's conduct resulted in the "kidnapping" of Doris Holt by SCDSS which occurred in Columbia, South Carolina.

Furthermore, the Plaintiffs have not and cannot demonstrate that the exercise of personal jurisdiction over Lindemann comports with the federal requirement of constitutional due process. This Court has held that "[t]he constitutional touchstone of the due process determination is whether the defendant purposefully established minimum contacts in the forum state, or purposefully availed itself of the privilege of conducting business in the forum state, and whether the defendant's conduct in connection with that state is such that it should reasonably anticipate being haled into court there." *Atlantigas Corp. v. Nisource, Inc.*, 290 F.Supp.2d 34, 43 (D.D.C. 2003).    (Citations omitted).    As discussed above, the Plaintiffs have not shown that the Defendant Lindemann has minimum contacts with the District of Columbia nor has he conducted any business there (with the exception of occasional filings with the United States Supreme Court in litigation originating in South Carolina). *See*, Lindemann Affidavit, para. 3.   It cannot be reasonably concluded that Lindemann had any anticipation of being sued in the District of Columbia under the circumstances alleged.

In sum, the United States District Court for the District of Columbia does not have personal jurisdiction over the Defendant Lindemann.    The Plaintiffs' Second Amended Complaint should be dismissed under Rule 12(b)(2), FRCP, for lack of personal jurisdiction.


## II.     Improper Venue


In addition, the Defendant Lindemann moves for the dismissal of the Second Amended Complaint under Rule 12(b)(3), FRCP. "Rule 12(b)(3) instructs the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum. If the district in which

the action is brought is not a proper venue, then that district court may either dismiss, 'or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Roman-Salgado v. Holder*, ___ F.Supp.2d ___, 2010 WL 3184230 (D.D.C. 2010), *citing* 28 U.S.C. § 1406(a). "The decision of whether dismissal or transfer is 'in the interest of justice' is committed to the sound discretion of the district court." *Id.*

The appropriate venue for this action is the District of South Carolina for numerous reasons. A majority of the Defendants include South Carolina governmental entities, including the State itself as well as several state agencies and political subdivisions, officials and employees of South Carolina governmental entities, individuals appointed by South Carolina courts, and attorneys (like the Defendant Lindemann) who were involved in litigation that was previously adjudicated in South Carolina. In addition, many of the Plaintiffs' allegations have been previously litigated or arose out of the litigation which was adjudicated in the District of South Carolina, specifically the case of *Southern Holdings, Inc. v. Horry County*, Civil Action No. 4:02-1859-RBH. It would be more appropriate for the District of South Carolina to address any collateral claims or issues that arose from that litigation. Finally, the "new" allegations which pertain to the "kidnapping" of Doris Holt by SCDSS all arose in South Carolina. While the Plaintiffs allege both federal and state law claims, it is clear that the choice of law for the state law claims will be South Carolina law, which is an additional reason for the proper venue to be in the District of South Carolina.

The Defendant Lindemann seeks that the dismissal of this action under Rule 12(b)(3), FRCP. The frivolous nature of the allegations against the Defendant Lindemann are apparent on the face of the pleadings. However, at the very least, if this Court determines that dismissal is not appropriate, the Court is urged to transfer venue to the District of South Carolina.

### III.     Improper Service of Process

Finally, as an alternative basis for dismissal, the Defendant Lindemann submits that service of process was improper. The Plaintiffs attempted service on the Defendant Lindemann by service on Lavinia Roche, an employee of the law firm of Davidson & Lindemann, P.A. (Dkt. #27).

Rule 4(e), FRCP, provides that an individual may be served "by delivering a copy of the summons, complaint and initial order to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons, complaint and initial order to an agent authorized by appointment or by law to receive service of process." Rule 4(e), FRCP. The Plaintiffs did not serve Lindemann personally. Instead, they attempted service by leaving the process with any employee of his law firm. The employee, Lavinia Roche, does not even work directly for the Defendant nor was she made aware that the envelope contained process to be served on the Defendant. She simply thought it was hand delivery of legal documents related to some ongoing legal matters handled by the law firm. At no time has Roche been appointed or authorized by the Defendant Lindemann or Davidson & Lindemann, P.A. to accept service of process of their behalf. *See*, Roche Affidavit, paras. 1-3; Lindemann Affidavit, para. 7.

This Court has generally held that service of process on a receptionist or secretary is not proper service. *See*, *Byrd v. District of* Columbia, 230 F.R.D. 56 (D.D.C. 2005). *See also*, *Eldridge v. District of Columbia*, 866 A.2d 786 (D.C. 2004). The same is true under South Carolina law. In *Moore v. Simpson*, 322 S.C. 518, 473 S.E.2d 64 (Ct. App. 1996), which involved similar facts as the present case, the South Carolina Court of Appeals affirmed the

quashing of service of process on an attorney where the plaintiff attempted service by delivering the process to a receptionist at the law firm where the defendant was employed.

Consequently, on an alternative basis, the Second Amended Complaint should be dismissed for lack of service of process on the Defendant Lindemann.

## CONCLUSION

Based on the foregoing authority and discussion, the Defendant Andrew F. Lindemann respectfully requests that this Court grant his motion to dismiss for lack of personal jurisdiction, improper venue and insufficient service of process.

Respectfully submitted,

_____

ANDREW F. LINDEMANN
1611 Devonshire Drive
Post Office Box 8568
Columbia, South Carolina 29202
TEL: (803) 806-8222
FAX: (803) 806-8855
E-MAIL: alindemann@dml-law.com

*Pro Se Defendant*

Columbia, South Carolina

August 13, 2010

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Rodney Lail, *et al.*, | ) | Civil Action No. 1:2010-00210-PLF |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **AFFIDAVIT OF** |
| | ) | **ANDREW F. LINDEMANN** |
| United States, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

PERSONALLY APPEARED BEFORE ME, ANDREW F. LINDEMANN, who being duly sworn, deposes and states:

1.     I am a Defendant in the above-captioned lawsuit.

2.     I have been licensed to practice law in the State of South Carolina since 1989 and the State of North Carolina since 1991.  I have also been licensed to practice before the United States District Court for the District of South Carolina since 1989.  I am a 1989 graduate of the University of South Carolina School of Law.  I am a member in good standing of the South Carolina Bar and the North Carolina Bar.  I practice with the law firm of Davidson & Lindemann, P.A.

3.     I do not reside nor have I ever resided in the District of Columbia.  I was born in New Jersey and have been domiciled in South Carolina since 1968.  I am not a member of the District of Columbia Bar.  I do not own personal or real property in the District of Columbia. With the exception of occasion filings with the United States Supreme Court (in litigation originating in South Carolina), I do not conduct any business in the District of Columbia or

1

represent any clients in the District of Columbia. Since graduating from law school and becoming a practicing attorney, my principal place of business has been in Columbia, South Carolina.

4.      The Plaintiffs have alleged in their Second Amended Complaint that I "conspired" with employees of the South Carolina Department of Social Services (SCDSS) to "kidnap" the Plaintiff Doris Holt. These allegations are both false and frivolous. I had absolutely no involvement in any action taken by SCDSS with respect to any Plaintiffs, including the placement of Doris Holt in emergency protective custody in July 2009. As a private attorney, I represent numerous state agencies and political subdivisions within South Carolina. I have in the past and am currently representing SCDSS in litigation unrelated to this matter or the Plaintiffs. I have never represented SCDSS or its employees in any legal matters involving the Plaintiffs.

5.      My only connection to the Plaintiffs is my involvement as one of several defense counsel in the case of *Southern Holdings, Inc. v. Horry County*, Civil Action No. 4:02-1859-RBH, which was litigated in the District of South Carolina, and as the lead defense counsel with respect to the consolidated appeals filed by these same Plaintiffs in the Fourth Circuit Court of Appeals. *See, Lail v. Horry County*, 363 Fed. Appx. 223 (4th Cir. 2010).

6.      I am also currently counsel of record for Horry County in a companion state court interpleader action involving some of these Plaintiffs. That action remains pending. *See, Rakowsky v. Southern Holdings, Inc.*, Civil Action No. 2008-CP-40-6656 (Richland County (SC) Court of Common Pleas).

7.      The Plaintiffs did not effect personal service of the Second Amended Complaint on me. Upon information and belief, the process server delivered the Second Amended Complaint to Lavinia Roche, a Legal Assistant with my law firm. Ms. Roche has never been

appointed or authorized by me or my law firm to accept service of process directed at the firm or any attorney practicing with the firm.

FURTHER, AFFIANT SAYETH NOT.

_____
ANDREW F. LINDEMANN

SWORN TO BEFORE ME THIS
13th DAY OF AUGUST 2010.

_____
NOTARY PUBLIC FOR
STATE OF SOUTH CAROLINA
Commission Expires: 1|13|2020

Jennifer M. Baker
NOTARY PUBLIC
State of South Carolina
My Commission Expires
January 13, 2020

3

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

Rodney Lail, *et al.*,                           )
                                                 )        Civil Action No. 1:2010-00210-PLF
                   Plaintiffs,                   )
                                                 )
v.                                               )
                                                 )        **AFFIDAVIT OF LAVINIA ROCHE**
United States, *et al.*,                         )
                                                 )
                   Defendants.                   )
_____                 )

PERSONALLY APPEARED BEFORE ME, LAVINIA ROCHE, who being duly sworn, deposes and states:

1.      I am employed as a Legal Assistant with the law firm of Davidson & Lindemann, P.A., located in Columbia, South Carolina.  I have been employed by the law firm since April 2007. I do not work directly for Mr. Lindemann.  I am the Legal Assistant for two other members of the law firm.

2.      On July 23, 2010, I was approached at my desk by someone I took to be a courier or runner for another law firm.  He informed me that he had a delivery for Andrew Lindemann, one of the partners in the law firm.  It is quite common for couriers to hand delivery legal documents for ongoing litigation or other legal matters handled by the firm.  The individual whose name I do not know did not identify himself as a process server nor did he inform me that he was serving a Summons and Complaint on Mr. Lindemann.  I took the documents that he handed to me and provided him my name.  I was not asked to sign any receipt nor was I asked whether I was authorized to accept a Summons and Complaint for Mr. Lindemann.

3.      I have never been authorized by Mr. Lindemann or by Davidson & Lindemann, P.A.

to accept service of a Summons and Complaint or any other process directed at a member of the

firm.

FURTHER, AFFIANT SAYETH NOT.

_____
LAVINIA ROCHE

SWORN TO BEFORE ME THIS
13th DAY OF AUGUST 2010.

_____
NOTARY PUBLIC FOR
STATE OF SOUTH CAROLINA

Commission Expires: 1|13|2020

Jennifer M. Baker
NOTARY PUBLIC
State of South Carolina
My Commission Expires
January 13, 2020

2

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

Rodney Lail, *et al.*,                )
                                       )       Civil Action No. 1:2010-00210-PLF
            Plaintiffs,                )
                                       )
v.                                     )
                                       )              **ORDER**
United States, *et al.*,               )
                                       )
            Defendants.                )
_____    )

This matter is before this Court on the Motion to Dismiss filed by the Defendant Andrew F. Lindemann for lack of personal jurisdiction.

The Plaintiffs have alleged a number of federal and state causes of action against approximately forty Defendants, including Defendant Lindemann, who is an attorney residing and practicing in the State of South Carolina. The state claims are brought pursuant to South Carolina law. The Plaintiffs fail to identify which causes of action are directed specifically at the Defendant Lindemann. Based upon the factual allegations, the Plaintiffs appear to allege that the Defendant Lindemann "conspired" with the South Carolina Department of Social Services (SCDSS) to "arrang[e] for the kidnapping of Plaintiff Doris Holt." *See*, Second Amended Complaint, paras. 148-150. The alleged events took place in South Carolina. From the additional allegations, it appears that the Plaintiffs are referring to circumstances where the elderly Holt was taken into emergency protective custody by SCDSS in July 2009. The Plaintiffs claim a link between that event and the Defendant Lindemann because Lindemann, as a private attorney, has in the past and continues to represent SCDSS in unrelated litigation.

There is no allegation or evidence that Lindemann represented SCDSS in any legal matters involving the Plaintiffs.

The Defendant Lindemann's only connection to the Plaintiffs is his involvement as one of several defense counsel in the case of *Southern Holdings, Inc. v. Horry County*, Civil Action No. 4:02-1859-RBH, which was litigated in the District of South Carolina, and as the lead defense counsel with respect to the consolidated appeals filed by these same Plaintiffs in the Fourth Circuit Court of Appeals. *See*, *Lail v. Horry County*, 363 Fed. Appx. 223 (4th Cir. 2010). The Defendant Lindemann is also counsel for Horry County in a companion state court interpleader action that remains pending. *See*, *Rakowsky v. Southern Holdings, Inc.*, Civil Action No. 2008-CP-40-6656 (Richland County (SC) Court of Common Pleas).

This Court finds that Defendant Lindemann does not have "minimum contacts" with the District of Columbia. He does not reside and has never resided in the District of Columbia. He is not a member of the District of Columbia Bar. He does not own real or personal property in the District of Columbia. With the exception of occasion filings with the United States Supreme Court in litigation originating in South Carolina, he does not conduct any business in the District of Columbia or represent any clients in the District of Columbia. His principal place of business has been and remains in Columbia, South Carolina.

As this Court has held, "[t]here are two variants of personal jurisdiction: (1) general, all purpose adjudicatory authority to entertain a suit against a defendant without regard to the claim's relationship *vel non* to the defendant's forum-linked activity, and (2) specific jurisdiction to entertain controversies based on acts of a defendant that touch and concern the forum." *National Community Reinvestment Coalition v. Novastar Financial, Inc.*, 631 F.Supp.2d 1, 4 (D.D.C. 2009).

The Plaintiffs, who have the burden of making a prima facie showing that the Court may exercise personal jurisdiction over a defendant,[1] has failed to allege any facts to even remotely suggest that general jurisdiction exists over the Defendant Lindemann in this forum.  This Court has explained that "[g]eneral jurisdiction requires that the defendant's contacts within the forum be 'continuous and systematic' in order for the defendant to be forced to defend a suit arising out of any subject matter unrelated to the defendant's activities within the forum."  *National Community Reinvestment Coalition*, 631 F.Supp.2d at 4.  This Court finds that Lindemann has not had continuous and systematic contacts with the District of Columbia, and as a result, this Court may not exercise general jurisdiction over him.

This Court has also ruled that the "District of Columbia may exercise specific jurisdiction over a defendant if the plaintiff demonstrates that (1) the District of Columbia's long arm statute, D.C. Code § 13-423, authorizes jurisdiction, and (2) the exercise of jurisdiction comports with the federal requirement of constitutional due process."  *National Community Reinvestment Coalition*, 631 F.Supp.2d at 4.  The District of Columbia long-arm statute provides in part as follows:

> A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's -
>
> (1)     transacting any business in the District of Columbia;
>
> * * * * *
>
> (3)     causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

---

[1]     "When personal jurisdiction is challenged, the plaintiff bears the burden of establishing a factual basis for the Court's exercise of personal jurisdiction over each individual defendant.  The plaintiff must allege specific facts that connect the defendant with the forum.  The plaintiff may not aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant."  *National Community Reinvestment Coalition*, 631 F.Supp.2d at 3.  (Citations omitted).

> (4)     causing tortious injury in the District of Columbia by an act
>         or omission outside the District of Columbia if he regularly
>         does or solicits business, engages in any other persistent
>         course of conduct, or derives substantial revenue from
>         goods used or consumed, or services rendered, in the
>         District of Columbia.

D.C. Code § 13-423(a)(1), (2), and (4).

The Plaintiffs have not alleged nor shown that their claims against the Defendant Lindemann fall within the scope of the long-arm statute. Defendant Lindemann is not being sued for any act or omission that occurred within the District of Columbia. To the contrary, he is being sued for allegations that, if true, arose in the State of South Carolina exclusively. In addition, the Plaintiffs do not allege any tortious injury that resulted in the District of Columbia. Instead, they allege that Lindemann's conduct resulted in the "kidnapping" of Doris Holt by SCDSS which occurred in Columbia, South Carolina.

Furthermore, the Plaintiffs have not and cannot demonstrate that the exercise of personal jurisdiction over Lindemann comports with the federal requirement of constitutional due process. This Court has held that "[t]he constitutional touchstone of the due process determination is whether the defendant purposefully established minimum contacts in the forum state, or purposefully availed itself of the privilege of conducting business in the forum state, and whether the defendant's conduct in connection with that state is such that it should reasonably anticipate being haled into court there." *Atlantigas Corp. v. Nisource, Inc.*, 290 F.Supp.2d 34, 43 (D.D.C. 2003). (Citations omitted). As discussed above, the Plaintiffs have not shown that the Defendant Lindemann has minimum contacts with the District of Columbia nor has he conducted any business there (with the exception of occasional filings with the United States Supreme Court in litigation originating in South Carolina). It cannot be reasonably concluded that Lindemann had any anticipation of being haled into court in the District of Columbia under the circumstances alleged.

As a result, this Court concludes that the United States District Court for the District of Columbia does not have personal jurisdiction over the Defendant Lindemann.  The Defendant Lindemann is hereby dismissed under Rule 12(b)(2), FRCP, for lack of personal jurisdiction.

AND IT IS SO ORDERED.


_____

PAUL L. FRIEDMAN
United State District Judge


Dated:_____

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

Rodney Lail, *et al.*,                   )
                                         )        Civil Action No. 1:2010-00210-PLF
             Plaintiffs,                 )
                                         )
v.                                       )
                                         )        **CERTIFICATE OF SERVICE**
United States, *et al.*,                 )
                                         )
             Defendants.                 )
_____ )

    The undersigned does hereby certify that service of the below listed documents in the above-captioned matter was made upon the Pro Se Plaintiffs and all other known counsel of record by placing copies in the United States Mail, first class postage prepaid, at the below listed addresses clearly indicated on said envelopes this the 13th day of August 2010, addressed as follows:

    1)    Notice of Motion and Motion to Dismiss
    2)    Memorandum in Support of Motion to Dismiss
    3)    Affidavit of Andrew F. Lindemann
    4)    Affidavit of Lavinia Roche
    5)    Proposed Order

Mr. Rodney Lail
Post Office Box 2753
Myrtle Beach, South Carolina 29578

Ms. Irene Santacroce
205 Deer Trace Circle
Myrtle Beach, South Carolina 29588

Mr. James B. Spencer
Box 183
7001 Saint Andrews Road
Columbia, South Carolina 29212

Ms. Marguerite Stephens
207 Deer Trace Circle
Myrtle Beach, South Carolina 29588

Mr. Ricky Stephens
207 Deer Trace Circle
Myrtle Beach, South Carolina

Mr. Nicholas C. Williamson
8005 White Ash Court
Oak Ridge, North Carolina 27310

Mr. Bruce Benson
6710 West Lake Mead Boulevard
Suite 311
Las Vegas, Nevada 89105

Ms. Virginia Williamson
8005 White Ash Court
Oak Ridge, North Carolina 27310

Mr. Dan Green
5777 West Century Boulevard
Suite 1060
Los Angeles, California 90045

Ms. Doris E. Holt
7001 Saint Andrews Road
Columbia, South Carolina 29212

Monte Fried, Esquire
Wright, Constable & Skeen, L.L.P.
100 North Charles Street - Suite 1600
Baltimore, Maryland 21202-3805

Eugene H. Matthews, Esquire
Shelton W. Haile, Esquire
William C. McDow, Esquire
Richardson Plowden & Robinson, P.A.
Post Office Drawer 7788
Columbia, South Carolina 29202

Oliver Garcia, Esquire
Aegis Law Group LLP
901 F Street, NW
Suite 500
Washington, DC 20004-1421

James M. Saleeby, Jr., Esquire
Benjamin A. Baroody, Esquire
E. Glenn Elliott, Esquire
Aiken, Bridges, Nunn,
Elliott & Tyler, P.A.
Post Office Drawer 1931
Florence, South Carolina 29503