IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rodney Lail, et al., ) | C/A No. 01:10-CV 00210 PLF |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MOTION TO DISMISS** |
| ) | |
| United States, et al , ) | |
| ) | |
| Defendant. ) | |
| ) | |

YOU WILL PLEASE TAKE NOTICE THAT, pursuant to Rule 12(b)(2) and Rule 12(b)(3) of the *Federal Rules of Civil Procedure*, Defendant Jay Saleeby, individually and in his official capacity with the Aiken Bridges law firm, proceeding *pro se* moves for an Order dismissing this action on the bases that (1) this Defendant is not subject to the personal jurisdiction of this Court and (2) venue is improper. This Defendant is entitled to granting of his Motion to Dismiss for the reasons stated in the attached Memorandum of Law in Support of the Motion to Dismiss.

Respectfully submitted,

By: _____
JAMES M SALEEBY, JR
*Pro Se*
181 E Evans Street, Suite 409
P. O. Drawer 1931
Florence, South Carolina, 29503
Phone: (843) 669-8787
Facsimile. (843) 664-0097
jms@aikenbridges.com

Florence, South Carolina
August 16, 2010

RECEIVED

AUG 17 2010

lerk, U.S. District and
Bankruptcy Courts

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rodney Lail, et al., ) | C/A No. 01:10-CV 00210 PLF |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM** |
| vs. ) | **OF LAW IN SUPPORT OF** |
| ) | **THE MOTION TO DISMISS** |
| United States, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pursuant to LCvR 7(a) of the Local Rules for the United States District Court for the District of Columbia, Defendant Jay Saleeby, individually and in his official capacity with the Aiken Bridges law firm, proceeding *pro se* files this Memorandum of Law in support of his Motion to Dismiss on the bases that (1) this Defendant is not subject to the personal jurisdiction of this Court and (2) venue is improper.

## I. STATEMENT OF FACTS

Ten (10) *pro se* Plaintiffs have filed a Second Amended Complaint (ECF Docket Entry #12) against forty (40) named Defendants alleging causes of action for: (1) violations of the Federal Tort Claims Act; (2) Individual *Bivens* and Conspiracy; (3) violations of the Plaintiffs' civil rights under 42 U.S.C §§ 1981, 1983 and 1985; (4) violations of the Racketeer Influenced and Corrupt Organizations Act; (5) violations of the South Carolina Tort Claims Act; (6) infliction of emotional distress; (7) South Carolina civil conspiracy; and (8) vicarious liability.[1] The Second Amended Complaint, which was filed on July 1, 2010, is 105 pages long and very difficult to comprehend, making a concise statement of the facts difficult to set forth.

---

[1] Plaintiffs James Spencer, Rodney Keith Lail, Irene Santacroce, Ricky Stephens, Marguerite Stephens, Doris Holt and Nicholas C Williamson filed a Complaint in the United States District Court for the District of South Carolina, Florence Division on May 29, 2002 (Case No 4 02-cv-0859-RBH) alleging causes of action for (1) civil conspiracy, (2) violations of the Plaintiffs' civil rights under 42 U S C § 1893, (3) violations of the Racketeer Influenced and Corrupt Organizations Act, (4) false imprisonment and arrest, (5) malicious prosecution and abuse of process, (6) assault and battery (7) intentional infliction of emotional distress, (8) tortious interference with contract, (9) libel and slander, (10) wrongful discharge and retaliation, and (11) conversion The lawsuit filed in 2002 arose out of the same alleged conspiracy in 2000 to take over Southern Holdings that gave rise to the present lawsuit ECF indicates the 2002 lawsuit was terminated on May 9, 2007

1

According to the Second Amended Complaint:

Plaintiffs James Spencer and Doris Holt allege that they were forced to abandon their home in North Carolina in late 1998 because they were receiving death and physical threats. The identity of the persons making the threats is not given in the Complaint, nor is the reason that these threats were being made.

The wrongdoing alleged in the Second Amended Complaint appears to have begun sometime in 2000, when Plaintiff James Spencer was the CEO of Southern Holdings. Southern Holdings was a holding company involved in business development and restructuring of companies. Plaintiffs allege that Ancil Garvin, David Smith, Vivian Nichols and Pamela Smith conspired to take over control of Southern Holdings and remove Plaintiff Spencer from his position as CEO because Garvin and Smith were opposed to the sale of a subsidiary offshore corporation

The conspiracy is alleged to have continued for years and allegedly resulted in threats to the security of the Plaintiffs and their families if they did not assist with the takeover of Southern Holdings, harassment of the Plaintiffs and their families, the illegal searching of the Plaintiffs homes in South Carolina, the issuance of an illegal warrant for Plaintiff James Spencer's arrest and paperwork for his extradition from South Carolina to North Carolina, and improper conduct by law enforcement agencies who allegedly were not responsive to the Plaintiffs' claims of wrongdoing by the conspirators.

Plaintiffs allege that the conspiracy expanded and grew when it became known that they intended to file a federal and state tort claims action. Persons and organizations named in the continuing conspiracy included at least the District Attorney's office in Guilford County North Carolina, law enforcement agencies in North Carolina and South Carolina, law enforcement officials in North Carolina and South Carolina, the South Carolina Department of Social Services, Palmetto Health Alliance in South Carolina, private attorneys in South Carolina, UniHealth Post Acute Care of Columbia, South Carolina, and the Federal Bureau of

Investigation. The overwhelming majority of the alleged acts in the Second Amended Complaint are alleged to have occurred in South Carolina.

This Defendant's only connection to the Plaintiffs is his involvement as one of several defense counsel in the case of <u>Southern Holdings, Inc. v. Horry County</u>, Civil Action No. 4:02-1859-RBH, which was litigated in the District of South Carolina. This Defendant has no connection with the District of Columbia. He does not reside and has never resided in the District of Columbia. He is not a member of the District of Columbia Bar, he does not own property in the District of Columbia. He does not conduct any business in the District of Columbia or represent any clients in the District of Columbia. His principal place of business has been and remains in Florence, South Carolina. He is a member in good standing with the South Carolina Bar

## II. ARGUMENT

### a. The United States District Court for the District of Columbia does not have personal jurisdiction over this Defendant

This Defendant has moved to dismiss this lawsuit pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because this Court does not have personal jurisdiction over them. Plaintiffs have the burden of making a *prima facie* showing that the Court has personal jurisdiction over a defendant. See <u>Davis v. Grant Park Nursing Home LP</u>, 639 F.Supp.2d 60 (D.D.C. 2009) To meet this burden, Plaintiffs "must allege specific facts on which personal jurisdiction can be based; [they] cannot rely on conclusory allegations." <u>Walton v. Bureau of Prisons</u>, 533 F.Supp.2d 107, 112 (D.D.C.2008). Plaintiffs have failed to allege the necessary facts

"To establish personal jurisdiction over a non-resident, a court must engage in a two-part inquiry: A court must first examine whether jurisdiction is applicable under the state's long arm statute and then determine whether a finding of jurisdiction satisfies the constitutional

3

requirements of due process." <u>GTE New Media Services, Inc. v. Bellsouth Corp.</u>, 199 F.3d 1343, 1347, 339 U.S App. C.C. 332, 336 (Ct. App. 2000).

The District of Columbia's long arm statute is D C. Code Ann § 13-423(a)(1981), which provides in pertinent part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's - -
>
> (1) transacting any business in the District of Columbia; ..
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

D.C Code Ann. § 13-423(a)(1981).

To show that the exercise of personal jurisdiction is within the permissible bounds of the Due Process Clause ". .a plaintiff must show 'minimum contacts' between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" <u>GTE New Media Services, Inc. v. Bellsouth Corp.</u>, supra, citing <u>International Shoe Co. v Washington</u>, 326 U.S 310, 316 (1945). "Under the 'minimum contacts' standard, courts must ensure that 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" Id., citing <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286 (1980).

The District of Columbia's long arm statute does not reach this Defendant. There are no allegations in the Second Amended Complaint that this Defendant transacted any business in the District of Columbia or that they caused any tortious injury in the District of Columbia by an act or omission in or outside of the District of Columbia. Even if the Court determines that this Defendant did cause tortious injury in the District of Columbia by an act or omission outside the

4

District of Columbia, the long arm statute still does not reach this Defendant because he does not regularly conduct or solicit business in the District of Columbia, he does not engage in any other persistent course of conduct in the District of Columbia, and he does not derive substantial revenue from goods used or consumed, or services rendered, in the District of Columbia. This Defendant does not have the "minimum contacts" with the District of Columbia that would cause him to be subject to the personal jurisdiction of this Court. Furthermore, this Defendant does not have any connection with the District of Columbia such that he should reasonably anticipate being haled into court in the District of Columbia. The United States District Court for the District of Columbia does not have personal jurisdiction of this Defendant and this lawsuit should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

**b. Venue is not proper in the United States District Court for the District of Columbia**

This Defendant has moved to dismiss this lawsuit pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure because venue is not proper in this Court. Plaintiffs have the burden of establishing that venue is proper. See Vaukus v. U.S., 691 F.Supp.2d 119 (D.D.C., 2010).

The Second Amended Complaint does not allege jurisdiction founded solely on diversity of citizenship. It alleges federal question jurisdiction based on the Defendants' violations of the Federal Tort Claims Act, a *Bivens* action, violations of the Plaintiffs' civil rights under 42 U S C §§ 1981, 1983 and 1985 and violations of the Racketeer Influenced and Corrupt Organizations Act, as well as South Carolina state law claims. Consequently, the applicable federal venue provisions can be found at 28 U.S.C § 1391(b) of the United States Code which states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omission giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any

defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C § 1391(b). All of the Defendants in this lawsuit do not reside in the same state, so § 1391(b)(1) is inapplicable. There is a district in which this lawsuit may be brought, so § 1391(b)(3) is inapplicable. The overwhelming majority of the alleged acts in the Second Amended Complaint are alleged to have occurred in South Carolina (See Second Amended Complaint, generally; ECF Docket Entry #12), so § 1391(b)(2) is the applicable subsection.

South Carolina is not only the appropriate district under the venue statutes, but it is also the most appropriate and judicially efficient forum for the handling of this case. Almost all of the evidence and witnesses for this lawsuit will be located in South Carolina. Six (6) of the Plaintiffs live in South Carolina (Id. at ¶¶ 3-8) and at least twenty six (26) of the Defendants are South Carolina state agencies, South Carolina companies or individuals living in South Carolina. (Id. at ¶¶ 11-51)

Clearly, the United States District Court for the District of South Carolina is the proper venue for this lawsuit, and this lawsuit should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue.

## CONCLUSION

Based upon the facts alleged in the Second Amended Complaint and the arguments set forth above, Defendant Jay Saleeby, individually and in his official capacity with the Aiken Bridges law firm, respectfully requests that the Court grant his Motion to Dismiss.

Respectfully submitted,

By: _____
JAMES M. SALEEBY, JR.
*Pro Se*
181 E. Evans Street, Suite 409
P. O. Drawer 1931
Florence, South Carolina, 29503
Phone: (843) 669-8787
Facsimile: (843) 664-0097
jms@aikenbridges.com

Florence, South Carolina
August 16, 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Rodney Lail, *et al.*, | ) | |
| | ) | Civil Action No. 1:2010-00210-PLF |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **AFFIDAVIT OF** |
| United States, *et al.*, | ) | **JAMES M. "JAY" SALEEBY, JR.** |
| | ) | |
| Defendants. | ) | |
| | ) | |

PERSONALLY APPEARED BEFORE ME, JAMES M. "JAY" SALEEBY, JR., who being duly sworn, deposes and states:

1. I am a Defendant in the above-captioned lawsuit.

2. I have been licensed to practice law in the State of South Carolina since 1995. I am a 1995 graduate of the University of South Carolina School of Law. I am a member in good standing of the South Carolina Bar. I practice with the law firm of Aiken, Bridges, Elliott, Tyler & Saleeby, P.A.

3. I do not reside nor have I ever resided in the District of Columbia. I was born in South Carolina and have lived here my entire life. I am not a member of the District of Columbia Bar. I do not own personal or real property in the District of Columbia. I do not conduct any business in the District of Columbia or represent any client from the District of Columbia. Since graduating from law school and becoming a practicing attorney, my principal place of business has been in Florence, South Carolina.

4.     My only connection to the Plaintiffs is my involvement as one of several defense counsel in the case of *Southern Holdings, Inc. v. Horry County*, Civil Action No. 4:02-1859-RBH, which was litigated in the District of South Carolina.

FURTHER, AFFIANT SAYETH NOT.

_____
JAMES M. "JAY" SALEEBY, JR.

SWORN TO BEFORE ME THIS
16th DAY OF AUGUST 2010.

_____
NOTARY PUBLIC FOR
STATE OF SOUTH CAROLINA

Commission Expires: __11/17/2014__

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rodney Lail, et al., | ) C/A No. 01:10-CV 00210 PLF |
|        Plaintiff, | ) |
| vs. | ) |
| United States, et al., | ) |
|        Defendant. | ) |

## ORDER

Upon consideration of the Motion to Dismiss filed by Defendant Jay Saleeby, individually and in his official capacity with the Aiken Bridges law firm, and all other papers and proceedings submitted in this matter, and for good cause shown:

**IT IS HEREBY ORDERED THAT** the Second Amended Complaint is hereby DISMISSED with prejudice as to Jay Saleeby, individually and in his official capacity with the Aiken Bridges law firm.

**IT IS SO ORDERED.**

                                              PAUL L. FRIEDMAN
                                              United States District Judge

August _____, 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rodney Lail, *et al.*, ) | |
| ) | Civil Action No. 1:2010-00210-PLF |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **CERTIFICATE OF SERVICE** |
| United States, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The undersigned does hereby certify that service of the below listed documents in the above-captioned matter was made upon the Pro Se Plaintiffs and all other known counsel of record by placing copies in the United States Mail, first class postage prepaid, at the below listed addresses clearly indicated on said envelopes this the 16th day of August 2010, addressed as follows:

1) Motion to Dismiss
2) Memorandum in Support of Motion to Dismiss
3) Affidavit of James M. "Jay" Saleeby, Jr.
4) Proposed Order

Mr. Rodney Lail
7001 Saint Andrews Road, Suite 183
Columbia, South Carolina 29212

Ms. Irene Santacroce
205 Deer Trace Circle
Myrtle Beach, South Carolina 29588

Mr. James B. Spencer
7001 Saint Andrews Road, Suite 183
Columbia, South Carolina 29212

Ms. Marguerite Stephens
207 Deer Trace Circle
Myrtle Beach, South Carolina 29588

Mr. Ricky Stephens
207 Deer Trace Circle
Myrtle Beach, South Carolina

Mr. Nicholas C. Williamson
8005 White Ash Court
Oak Ridge, North Carolina 27310

Mr. Bruce Benson
6179 West Lake Mead Boulevard
Suite 311
Las Vegas, Nevada 89108

Ms. Virginia Williamson
8005 White Ash Court
Oak Ridge, North Carolina 27310

Mr. Dan Green
5777 West Century Boulevard
Suite 1060
Los Angeles, California 90045

Ms. Doris E. Holt
7001 Saint Andrews Road, Suite 183
Columbia, South Carolina 29212

Monte Fried, Esquire
Wright, Constable & Skeen, L.L.P.
100 North Charles Street - Suite 1600
Baltimore, Maryland 21202-3805

Eugene H. Matthews, Esquire
Shelton W. Haile, Esquire
William C. McDow, Esquire
Richardson Plowden & Robinson, P.A.
Post Office Drawer 7788
Columbia, South Carolina 29202

Oliver Garcia, Esquire
Aegis Law Group LLP
901 F Street, NW
Suite 500
Washington, DC 20004-1421

2

Robert E. Lee, Esquire
McLain & Lee
111 Witcover Street
Post Office Box 1096 (29571)
Marion, South Carolina 29571

_____
JAMES M. SALEEBY, JR.

3