# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| Rodney Lail, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **C.A.  No. 10-CV-210-PLF** |
| v. ) | |
| ) | |
| United States Government, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

_____)

## PLAINTIFFS' OPPOSITION TO DEFENDANTS SEAN MARKHAM AND SUSAN STEWART'S MOTION TO DISMISS
## (DOCUMENTS 33, 34, & 35)

*Pro Se* plaintiffs in the above caption case hereby file their brief in

Opposition to defendants' Sean Markham and Susan Stewart's Motion to Dismiss.

The motion must be denied as (1) this Court has personal jurisdiction over

defendants Markham and Stewart, and (2) the venue is proper in this Court, as set

forth below in detail:

## I.    <u>The Court Must Accept Plaintiffs' Allegations As True.</u>

Contrary to defendants' arguments in the motion to dismiss, including the defendants' colorful misrepresentations and misinterpretations, the court must accept as true all the factual allegations in the Complaint when ruling on a motion to dismiss. **<u>Leatherman v. Tarrant County Narcotics Intelligence and CoordinationUnit,</u> 507 U.S. 163, 113 S.Ct. 1160, 122 L.ED.2d, 517 (1993); <u>UnitedStates v.Gaubert</u>, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d. 335 (1991).**

## II.    <u>This Court Has Personal Jurisdiction Over Defendants Markham and Stewart</u>

To overcome a motion to dismiss based on lack of personal jurisdiction, a plaintiff must only make a *prima facie* showing that the court has jurisdiction over the defendant for the civil action to continue, and allegations in the complaint to this effect are normally sufficient to warrant exercise of jurisdiction.  **<u>Brown v. Investment Management and Research, Inc.,</u> 475 S.E.2d 754, 756 (1996).**  The court must take as true the allegations of the non-moving party and resolve all factual disputes in the plaintiffs' favor.  <u>Id.</u> at 756.  Whenever a plaintiff alleges a civil conspiracy perpetrated by both residents of a state and non-residents, there is personal jurisdiction over the non-residents as long as some of the actions of the conspiracy occurred within the state.  **<u>Hammond v. Butlert, Means, Evans,</u>**

**&Brown,** 388 S.E.2d 796, <u>cert. denied</u>, 498 U.S. 952, 111 S.Ct. 373, 112 L.Ed.2d. 335 (1990).

In the present case, plaintiffs have alleged that defendants Markham and Stewart, and other residents of South Carolina, Virginia, West Virginia, North Carolina and Washington, DC engaged in a civil conspiracy to deprive plaintiffs of their property and their constitutional rights. The Complaint states in detail several of the actions taken in Washington, DC which plaintiffs contend was the vortex of the conspiracy and cover-up including but not limited to the FBI's misuse and undermining the credibility of the offices of United State Senate Judiciary including and specifically the office of the Chairman of the Constitution, Civil Rights and Property Right subcommittee of Senate United States Judiciary in the submission of fraudulent certified FBI-NCIC reports for use in Federal Court proceedings. Additionally, all records of the actions taken by the central perpetrators agents of the FBI are kept in Washington and such records were concealed from plaintiffs by the actions of the FBI in Washington, DC. As co-conspirators, defendants Markham and Stewart are held responsible for all of the actions of the conspiracy. These allegations are sufficient to confer on this court personal jurisdiction over defendants Markham and Stewart.

Although not alleged in the Complaint, and not required to be alleged, plaintiffs' contend that knowingly defendants Markham and Stewart were

integrally involved in depriving constitutional rights including but not limited to

the right to due process and participated in taking away the personal freedom of

plaintiff Doris Holt through the imprisonment of her and the imposition of pain and

suffering on 93 year old plaintiff Doris Holt and her son plaintiff James Spencer in

in retaliation for plaintiffs lawfully seeking a hearing before this Court and in

doing so issuing, as required by Federal and State law, tort claims notices.  These

actions were both retaliatory and intended to interfere with the plaintiffs rights to

pursue justice in this Court.

It is clearly premature to have Markham and Stewart dismissed from this

lawsuit until discovery is conducted to determine the extent of their role in

this conspiracy.

## III.   This Court Has Supplemental Jurisdiction Over Plaintiffs' State Law Claims.

Along with the federal claims for violation of the plaintiffs' civil

rights, plaintiffs have alleged various state law claims against defendants,

including defendants Markham and Stewart.  Federal courts have supplemental

jurisdiction over any state law claims, which form part of the same case or

controversy.  **28 U.S.C. § 1367**.  The central concern in deciding whether to assert

supplemental jurisdiction over state law claims is the burden on the parties and the

judicial system if the state law claims are not retained and the plaintiffs are forced

to file several suits in several jurisdictions.  **United Mine Workers of America v. Gibbs,** 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d. 218 (1996).

In the present case, all of the plaintiffs' claims alleged in the Complaint are related to a conspiracy emanating from the FBI in Washington, DC, and involving FBI personnel who report to FBI Headquarters in Washington DC, assigned by FBI Headquarters to duty in West Virginia, Virginia, North Carolina and South Carolina and other individuals and entities in which the defendants engaged in a pattern of harassment, extortion, racketeering and oppression, in an attempt to discredit the plaintiffs and to a cover-up of crimes related to taking control of their business and denying plaintiffs constitutionally guaranteed rights.  It would be extremely burdensome and cost prohibitive to break apart all of the various claims and require the plaintiffs to pursue this litigation piecemeal in various state courts in West Virginia, Virginia, South Carolina, North Carolina and Washington, DC. The more judicially efficient plan for all parties involved is to have all of these claims adjudicated at one time to reduce the costs and burdens on the parties and to ensure a consistent result.

This Court clearly has the discretion to exercise supplemental jurisdiction over plaintiffs' state law claims and should do so in this case to promote judicial economy and efficiency, and to reduce the burden and costs on all parties.

## IV.                                    <u>Conclusion</u>

Accordingly, and for the foregoing reasons, plaintiffs respectfully

request that defendant Markham and Stewart's motion to dismiss be denied.


This the 27th day of August, 2010.

Respectfully submitted by,



                                      James B. Spencer, *Pro Se*
                                      Suite 183
                                      7001 Saint Andrews Rd.
                                      Columbia, SC 29212
                                      (803) 414-0889



                                      Doris Holt[1], *Pro Se*
                                      Suite 183
                                      7001 Saint Andrews Rd.
                                      Columbia, SC 29212
                                      (803) 414-0889

---

[1] By her duly appointed power of attorney, her son Plaintiff James Spencer as Plaintiff Doris Holt is still missing and presumed alive.

Rodney K. Lail, Plaintiff, *Pro Se*
608 18th Avenue North
Myrtle Beach, SC 29577
(843) 626-3229

Irene Santacroce, Plaintiff, *Pro Se*
205 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 455-0891

Ricky Stephens, Plaintiff, *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 283-6751

Marguerite Stephens, Plaintiff, *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 283-6751

Bruce Benson, Plaintiff, *Pro Se*
848 N, Rainbow BL., Suite 491
Las Vegas, Nevada 89107-1103
(702) 524-9006

Dan Green, Plaintiff, *Pro Se*
848 North Rainbow Blvd., Suite 170
Las Vegas, Nevada 89107
(310) 337-2820

Nicholas C. Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, North Carolina 27310
(336) 210-0672

Virginia Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, North Carolina 27310
(336) 210-0672

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27TH day of August, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Mary S. Diemer, Esquire
Bar No. 416527
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue. NW, Suite 900
Washington, DC 20001
Email: mary.diemer@nelsonmullins.com
Phone: 202-712-2815
Facsimile: 202-712-2860

Paul T. Collins, Esquire
(Admitted Pro Hac Vice)
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29202
Email: paul.Collins@nelsonmullins.com
Facsimile: 803-255-9128

by: _James B Spencer_
   James Spencer
   Suite 183
   7001 Saint Andrews Road
   Columbia, SC 29212
   e-mail: JamesBSpencer@sc.rr.com
   803-414-0889