# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rodney Lail, et al., | ) <br> ) <br> ) <br> ) <br> ) |
| Plaintiffs, | ) <br> )     **C.A. No. 10-CV-210-PLF** |
| v. | ) <br> ) |
| United States Government, et al., | ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) <br> ) |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
### DEFENDANT JAY SALEEBY'S MOTION TO DISMISS
### (DOCUMENT No. 38)

*Pro Se* plaintiffs in the above captioned civil action hereby file their Memorandum in Opposition to *Pro Se* defendant Jay Saleeby's Motion to Dismiss. (Doc.38.) The motion must be denied as (1) venue is proper in this Court, and (2) Saleeby is subject to the personal jurisdiction of this Court, as set forth below in detail:

## I.     Statement of Facts.

The plaintiffs have carefully reviewed defendant Saleeby's colorful misrepresentations and cherry picked facts with slanted interpretations Saleeby has provided this Court in the Statement of Facts in his Motion to Dismiss (Document No. 38).

First and foremost, none of the issues in the above captioned case in this Court have been litigated in any court despite Saleeby's distortion in his Statement of Facts.

The Plaintiffs disagree with the tenor of Saleeby's Statement of Facts and state that the Plaintiffs stand by their second amended complaint and every point within the second amended complaint.  Saleeby's attempt to confuse the Court is nothing but an attempt to join litigated and non-litigated matters and undermine what the Plaintiffs will show is the factual truth of a civil conspiracy with the hub in Washington, DC.  Saleeby has knowingly participated in conspiratorial acts, which took place with the hub of the conspiracy geographically, managerially and functionally located in Washington, DC where the key overt acts were orchestrated and many of the overt acts took place.

## II. **The Court Must Accept Plaintiffs' Allegations As True.**

Contrary to defendant Saleeby's arguments in his motion to dismiss, the Court must accept as true all the factual allegations in the Complaint when ruling on a motion to dismiss. In Ashcroft vs. Iqbal the Supreme Court found:

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937 (U.S. 2009)

See also, **Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160, 122 L.ED.2d, 517 (1993); United States v. Gaubert, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d. 335 (1991).**

## III. **This Court Has Personal Jurisdiction Over Defendant Jay Saleeby**

The DC Circuit Court made the criteria clear to establish personal jurisdiction in a civil conspiracy in Manook vs. Research Triangle where the Court established:

"For conspiracy jurisdiction within the District of Columbia, the plaintiff must allege: (1) the existence of a civil conspiracy; (2) the defendant's participation in the conspiracy; and (3) an overt act by a co-conspirator within the forum, subject to the long-arm statute, and in furtherance of the conspiracy. More importantly, a plaintiff seeking to

meet its burden of demonstrating that a court may exercise jurisdiction over foreign defendants under a conspiracy theory must present a particularized pleading of the conspiracy as well as the overt acts within the forum taken in furtherance of the conspiracy."

[Estate of Manook v. Research Triangle Inst., Int'l, 693 F. Supp. 2d 4 (D.D.C. 2010)](#)

First, the complaint makes clear the existence of a civil conspiracy and Jay Saleeby's participation in said conspiracy, obviously prior to the plaintiffs conducting discovery in this case.  Beginning in paragraph ¶125 of the Complaint, Saleeby's currently known role in the conspiracy is outlined. The plaintiffs have alleged that defendant Jay Saleeby and other residents of South Carolina, Virginia, West Virginia, North Carolina and Washington, DC engaged in this conspiracy to deprive plaintiffs of their property and their constitutional rights.  Consequently, as plaintiffs have alleged the existence of the conspiracy and the defendant Jay Saleeby's participation in that conspiracy, prongs one and two of the *Manook* test are satisfied and the plaintiffs claims are plausible.

Furthermore, the complaint states in detail several of the actions taken in Washington, D.C., which was the hub of the conspiracy with the FBI at the vortex of the cover-up.  These actions include, but are not limited to, the FBI's submission of fraudulent NCIC reports to the Senate Judiciary Committee. (See Complaint ¶ 117, 118, 119 & 120.)  A second example of

the numerous covert acts conducted within the forum was the use of national security to hide incriminating documents to subvert the constitutional rights of the plaintiffs.  (See Complaint ¶ 123, 140 & 236.)  Additional examples of applicable covert acts are listed throughout the complaint.

Additionally, all records of the actions taken by the central perpetrators, the agents and employees of the FBI are kept in Washington and such records were concealed from plaintiffs by the actions of the FBI in Washington, DC.  As a co-conspirator, defendant Saleeby is held responsible for all of the actions of the conspiracy.  Therefore, the third prong of the *Manook* test is satisfied.  These allegations are sufficient to confer on this Court personal jurisdiction over defendant Jay Saleeby in these plausible claims.

### Additional Case Law Considerations:

South Carolina decisions also support the proper jurisdiction, would be the DC Federal District Court.  A plaintiff must only make a *prima facie* showing that the court has jurisdiction over the defendant for the civil action to continue, and allegations in the complaint to this effect are normally sufficient to warrant exercise of jurisdiction.  **Brown v. Investment Management and Research, Inc., 475 S.E.2d 754, 756 (1996).**  The court must take as true the allegations of the non-moving party and resolve all

factual disputes in the non-movants' favor.  Id. at 756.  Whenever a plaintiff alleges a civil conspiracy perpetrated by both residents of a state and non-residents, there is personal jurisdiction over the non-residents as long as some of the actions of the conspiracy occurred within the state.  **Hammond v. Butlert, Means, Evans, & Brown, 388 S.E.2d 796, cert. denied, 498 U.S. 952, 111 S. Ct. 373, 112 L.Ed.2d. 335 (1990).**

Plaintiffs also allege in the Complaint, that defendant Jay Saleeby was knowingly involved with forged documents related to a bogus chain of custody purportedly documenting the FBI's handling of evidentiary materials. (See Complaint ¶ 123, 124 & 125.)

It is premature to have defendant Jay Saleeby dismissed from this lawsuit until discovery is conducted to determine the extent of his role as a matter of factual record, especially in light of the factual questions that are not in dispute which would show someone took overt actions and the question is who.

## IV. **This Court Has Supplemental Jurisdiction Over Plaintiffs' State Law Claims.**

Along with the federal claims for violation of the plaintiffs' civil rights, plaintiffs have alleged various state law claims against defendants, including defendant Jay Saleeby.  Federal courts have supplemental

jurisdiction over any state law claims, which form part of the same case or controversy.  **28 U.S.C. § 1367**.  The central concern in deciding whether to assert supplemental jurisdiction over state law claims is the burden on the parties and the judicial system if the state law claims are not retained and the plaintiffs are forced to file several suits in several jurisdictions.  **<u>United Mine Workers of America v. Gibbs,</u>** **383 U.S. 715, 86 S. Ct. 1130, 16 L.Ed.2d. 218  (1996).**

In the present case, all of the plaintiffs' claims are related to a conspiracy emanating from the FBI in Washington, DC, and involve FBI personnel who report to FBI Headquarters in Washington DC, who are assigned by FBI Headquarters in Washington, DC, to duty in West Virginia, Virginia, North Carolina and South Carolina.

The plaintiffs allege in the complaint the FBI involved other individuals and entities in various states in which the defendants engaged in a pattern of harassment, extortion, racketeering and oppression, in an attempt to discredit the plaintiffs and to a cover-up of crimes related to taking control of plaintiffs' business and denying plaintiffs constitutionally guaranteed rights.  It would be extremely burdensome and cost prohibitive to break apart all of the various claims and require the plaintiffs to pursue this litigation piecemeal in various state courts in Georgia, West Virginia,

Virginia, South Carolina, North Carolina and Washington, DC. The more judicially efficient plan for all parties involved is to have all of these claims adjudicated at one time to reduce the costs and burdens on the parties and to ensure a consistent result.

This Court has the discretion to exercise supplemental jurisdiction over plaintiffs' state law claims and should do so in this case to promote judicial economy and efficiency, and to reduce the burden and costs on all parties.

V.                     **Conclusion**

Accordingly, and for the foregoing reasons, plaintiffs respectfully request that defendant Jay Saleeby's motion to dismiss be denied.

Respectfully Submitted by:
August 31, 2010

*[signature]*
Doris Holt[1], *Pro Se*
Suite 183
7001 Saint Andrews Rd.
Columbia, SC 29212
(803) 414-0889

*[signature]*
James Spence, *Pro Se*
Suite 183
7001 Saint Andrews Rd.
Columbia, SC 29212
(803) 414-0889

---

[1] Signed for by her self-appointed POA, her son James Spencer, under the assumption Doris Holt is still alive.

_____
Rodney K. Lail, Plaintiff, *Pro Se*
608 18th Avenue North
Myrtle Beach, SC 29577
(843) 626-3229

_____
Irene Santacroce, Plaintiff, *Pro Se*
205 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 455-0891

_____
Ricky Stephens, Plaintiff, *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 283-6751

_____
Marguerite Stephens, Plaintiff, *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 283-6751

_____
Bruce Benson, Plaintiff, *Pro Se*
848 N, Rainbow BL., Suite 491
Las Vegas, Nevada 89107-1103
(702) 524-9006

_____
Dan Green, Plaintiff, *Pro Se*
848 North Rainbow Blvd., Suite 170
Las Vegas, Nevada 89107
(310) 337-2820

_____
Nicholas C. Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, North Carolina 27310
(336) 210-0672

_____
Virginia Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, North Carolina 27310
(336) 210-0672

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James M. Saleeby, Jr.
181 E. Evans Street, Suite 409
Florence, SC 29503
(843) 669-8787
Email: jms@aikinbridges.com

by: /s/ James Spencer
James Spencer
Suite 183
7001 Saint Andrews Road
Columbia, SC 29212
e-mail: JamesBSpencer@sc.rr.com
803-414-0889