IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rodney Lail, et al., <br><br> Plaintiffs, <br><br> v. <br><br> United States Government, et al., <br><br> Defendants. | C.A. No. 10-CV-210-PLF |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS SEAN MARKHAM'S AND SUSAN STEWART'S
MOTIONS TO DISMISS (DOCUMENTS 33, 34, & 35)**

*Pro Se* plaintiffs in the above caption case hereby file their brief in Opposition to defendants' Sean Markham and Susan Stewart's Motion to Dismiss. (Doc. Nos. 33, 34 & 35.) The motion must be denied as (1) this Court has personal jurisdiction over defendants Markham and Stewart, and (2) the venue is proper in this Court, as set forth below in detail:

# I. Statement of Facts.

In Defendants' Memorandum (Doc. 34), Defendants Markham and Stewart first addressed their version of what they would like this Court to interpret as the background and in doing so hoping this Court ignores the essence of the Complaint filed in this Court by the Plaintiffs. Markham and Stewart instead constructed a version that is designed to confuse the Court and lead the court to infer that the causes of action in the plaintiffs' complaint before this Court involving Markham and Stewart were solely related to a family court case litigated in South Carolina.

Markham's and Stewart's version of events ignore the interrelated circumstances that link their actions as part of the conspiracy that maliciously used the frail 93 year old plaintiff Doris Holt to stop the lawsuit proceeding in this Court. (See Complaint ¶ 146, 174, & 193.) The fact that documents were found concerning the Federal and State tort claims filings in the files of Markham and Stewart and the fact that Markham and Stewart worked out a deal unknown to plaintiff Doris Holt and her family with personnel from a named defendant listed in the Federal and State tort claims to lock Doris Holt up for in essence the rest of her natural life without due process on September 5, 2009 without reviewing plaintiff 93 year old Doris Holt's medical records (See Complaint ¶ 186), were glaringly missing from the defendants rendition of events. These and many other facts

contained in the complaint show the plausibility of the plaintiffs contentions of Markham's and Stewart's roles in the conspiracy.

## II. The Court Must Accept Plaintiffs' Allegations As True.

Contrary to defendants' arguments in the motion to dismiss, the Court must accept as true all the factual allegations in the Complaint when ruling on a motion to dismiss.  In Ashcroft v. Iqbal the Supreme Court found that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (U.S. 2009).

See also, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160, 122 L.ED.2d 517 (1993); United States v. Gaubert, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991).

## III. This Court Has Personal Jurisdiction Over Defendants Markham and Stewart.

The Washington, D.C. Circuit Court made the criteria clear to establish personal jurisdiction in a civil conspiracy in Manook v. Research Triangle where the court established:

> For conspiracy jurisdiction within the District of Columbia, the plaintiff must allege: (1) the existence of a civil conspiracy; (2) the defendant's participation in the conspiracy; and (3) an overt act by a

coconspirator within the forum, subject to the long-arm statute, and in furtherance of the conspiracy.  More importantly, a plaintiff seeking to meet its burden of demonstrating that a court may exercise jurisdiction over foreign defendants under a conspiracy theory must present a particularized pleading of the conspiracy as well as the overt acts within the forum taken in furtherance of the conspiracy.

Estate of Manook v. Research Trinangle Inst. Int'l, 693 F.Supp. 2d 4, 18-19 (D.D.C. 2010).

First, the complaint makes clear the existence of a civil conspiracy and defendants Markham's and Stewart's participation in said conspiracy.  Beginning in ¶ 186 of the Complaint, Markham's and Stewart's known roles in the conspiracy are outlined.  The plaintiffs have alleged that defendants Markham and Stewart, as well as other residents of South Carolina, Virginia, West Virginia, North Carolina and Washington, DC engaged in a civil conspiracy to deprive plaintiffs of their property and their constitutional rights.  Consequently, as plaintiffs have alleged the existence of the conspiracy and the defendants Markham's and Stewart's participation in that conspiracy, prongs one and two of the Manook test are satisfied and the plaintiffs' claims are plausible.

Furthermore, the Complaint states in detail several of the actions taken in Washington, D.C., which plaintiffs contend was the hub of the conspiracy with the FBI at the vortex of the cover-up.  These actions include, but are not limited to, the FBI's submission of fraudulent NCIC reports to the Senate Judiciary Committee.

(See Complaint ¶ ¶ 117-120.)  A second example of the numerous acts conducted within the forum was the use of national security to hide incriminating documents to subvert the constitutional rights of the plaintiffs.  (See Complaint ¶ ¶ 123, 140, and 236.)

Additionally, all records of the actions taken by the central perpetrators and the agents employees of the FBI are kept in Washington and such records were concealed from plaintiffs by the actions of the FBI in Washington, D.C. As coconspirators, defendants Markham and Stewart are held responsible for all of the actions of the conspiracy.  Therefore, the third prong of the <u>Manook</u> test is satisfied.  These allegations are sufficient to confer on this Court personal jurisdiction over defendants Markham and Stewart in these plausible claims.

Per the Complaint, plaintiffs contend that defendants Markham and Stewart were knowingly and integrally involved in depriving constitutional rights including, but not limited to, the right to due process, and participated in taking away the personal freedom of plaintiff Doris Holt; subjecting 93 year old plaintiff Doris Holt and her son plaintiff James Spencer to pain and suffering in retaliation for plaintiffs lawfully seeking a hearing before this Court and in doing so issuing, as required by Federal and State law, tort claims notices. (See Complaint ¶¶ 186, 252, 275.)  These actions were both retaliatory and intended to interfere with the

plaintiffs rights to pursue justice in this Court and are plausible based on the content of the Complaint.

It is premature to have Markham and Stewart dismissed from this lawsuit until discovery is conducted to determine the extent of their role in this conspiracy.

## IV. Additional Case Law Considerations:

South Carolina decisions also support the contention that the proper jurisdiction would be the D.C. District Court. A plaintiff must only make a *prima facie* showing that the court has jurisdiction over the defendant for the civil action to continue, and allegations in the complaint to this effect are normally sufficient to warrant exercise of jurisdiction. Brown v. Investment Management and Research, Inc., 475 S.E.2d 754 (1996). The court must take as true the allegations of the non-moving party and resolve all factual disputes in the non-movants' favor. Id. at 756. Whenever a plaintiff alleges a civil conspiracy perpetrated by both residents of a state and nonresidents, there is personal jurisdiction over the nonresidents as long as some of the actions of the conspiracy occurred within the state. Hammond v. Butlert, Means, Evans, & Brown, 388 S.E.2d 796, cert. denied, 498 U.S. 952, 111 S. Ct. 373, 112 L.Ed.2d. 335 (1990).

## V. This Court Has Supplemental Jurisdiction Over Plaintiffs' State Law Claims.

Along with the federal claims for violation of the plaintiffs' civil rights, plaintiffs have alleged various state law claims against defendants, including

defendants Markham and Stewart. Federal courts have supplemental jurisdiction over any state law claims, which form part of the same case or controversy. 28 U.S.C. § 1367. The central concern in deciding whether to assert supplemental jurisdiction over state law claims is the burden on the parties and the judicial system if the state law claims are not retained and the plaintiffs are forced to file several suits in several jurisdictions. United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S. Ct. 1130 (1996).

In the present case, all of the plaintiffs' claims alleged in the Complaint are related to a conspiracy emanating from the FBI in Washington, D.C., and involving FBI personnel who report to FBI Headquarters in Washington D.C., assigned by FBI Headquarters to duty in West Virginia, Virginia, North Carolina and South Carolina and other individuals and entities in which the defendants engaged in a pattern of harassment, extortion, racketeering and oppression, in an attempt to discredit the plaintiffs and to a cover-up of crimes related to taking control of their business and denying plaintiffs constitutionally guaranteed rights. It would be extremely burdensome and cost prohibitive to break apart all of the various claims and require the plaintiffs to pursue this litigation piecemeal in various state courts in West Virginia, Virginia, South Carolina, North Carolina and Washington, D.C. The more judicially efficient plan for all parties involved is to

have all of these claims adjudicated at one time to reduce the costs and burdens on the parties and to ensure a consistent result.

This Court clearly has the discretion to exercise supplemental jurisdiction over plaintiffs' state law claims and should do so in this case to promote judicial economy and efficiency, and to reduce the burden and costs on all parties.

## VI. Conclusion.

Accordingly, plaintiffs respectfully request that defendants Sean Markham's and Susan Stewart's motion to dismiss be denied.

This the 1st day of September, 2010.

Respectfully submitted by,

                                                                    *[signature]*
                                                                    Doris Holt[1], *Pro Se*
                                                                    Suite 183
                                                                    7001 Saint Andrews Rd.
                                                                    Columbia, SC, 29212
                                                                    (803) 414-0889

                                                                    *[signature]*
                                                                    James B. Spencer
                                                                    Suite 183
                                                                    7001 Saint Andrews Rd.
                                                                    Columbia, SC 29212
                                                                    (803) 414-0889

---

[1] Signed for by Doris Holt's self-appointed durable POA, her son James Spencer who assumes she is still alive.

*/s/ Rodney K. Lail*
Rodney K. Lail, Plaintiff, *Pro Se*
608 18th Avenue North
Myrtle Beach, SC 29577
(843) 626-3229

*/s/ Irene Santacroce*
Irene Santacroce, Plaintiff, *Pro Se*
205 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 455-0891

*/s/ Ricky Stephens*
Ricky Stephens, Plaintiff, *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 283-6751

*/s/ Marguerite Stephens*
Marguerite Stephens, Plaintiff, *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 283-6751

*/s/ Bruce Benson*
Bruce Benson, Plaintiff, *Pro Se*
848 N. Rainbow BL., Suite 491
Las Vegas, Nevada 89107-1103
(702) 524-9006

*/s/ Dan Green*
Dan Green, Plaintiff, *Pro Se*
848 North Rainbow Blvd., Suite 170
Las Vegas, Nevada 89107
(310) 337-2820

*/s/ Nicholas C. Williamson*
Nicholas C. Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, North Carolina 27310
(336) 210-0672

*/s/ Virginia Williamson*
Virginia Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, North Carolina 27310
(336) 210-0672

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Mary S Diemer, Esquire
Bar No. 416527
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Ave., NW, Suite 900
Washington, DC 20001
Email: marydiemer@nelsonmullins.com
Phone: 202-712-7815

Paul T. Collins, Esquire
(Admitted Pro Hac Vice)
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29202
Phone: 803-255-9128


by: /s/ James Spencer
James Spencer
Suite 183
7001 Saint Andrews Road
Columbia, SC 29212
e-mail: JamesBSpencer@sc.rr.com
803-414-0889