**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
)
)
Rodney Lail, et al.,                              )
)
Plaintiffs,                                 )
)          **C.A.  No. 10-CV-210-PLF**
v.                                    )
)
United States Government, et al.,      )
)
)
Defendants.                                )
)
)
_____)


**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT ROBERT E. LEE'S MOTION TO DISMISS
(DOCUMENT 40)**

*Pro Se* plaintiffs in the above caption case hereby file their brief in

Opposition to defendant Robert E. Lee's Motion to Dismiss. (Doc. 40.) The motion

must be denied as (1) this Court has personal jurisdiction over defendant Lee and

(2) the venue is proper in this Court, as set forth below in detail:

## I.  Statement of Facts.

The plaintiffs have carefully reviewed defendant Lee's colorful misrepresentations and cherry picked facts with slanted interpretations Lee has provided this Court in the Statement of Facts in his Motion to Dismiss (Document No. 40).

First and foremost, none of the causes of actions in the above captioned case in this Court have been litigated in any court despite Lee's distortion in his Statement of Facts nor has any plaintiff in this case been a party in a case involving the defendants as parties in a legal action with these facts and causes of action.

The Plaintiffs disagree with the tenor of Lee's Statement of Facts and state the Plaintiffs stand by their second amended complaint and every point within the second amended complaint.  Lee's attempt to confuse the Court is nothing but an attempt to join litigated and non-litigated matters and undermine what the Plaintiffs will show is the factual truth of a civil conspiracy with the hub in Washington, DC. Lee has knowingly participating in conspiratorial acts which took place with the hub of the conspiracy geographically, managerially and functionally located in Washington, DC where the key overt acts were orchestrated and many of the overt acts took place.

## II. <u>The Court Must Accept Plaintiffs' Allegations As True.</u>

Contrary to defendant Lee's arguments in the motion to dismiss, the Court must accept as true all the factual allegations in the Complaint when ruling on a motion to dismiss.  In <u>Ashcroft v. Iqbal</u> the Supreme Court found that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face."  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (U.S. 2009).

See also, <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 113 S.Ct. 1160, 122 L.ED.2d 517 (1993); <u>United States v. Gaubert</u>, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991).

## III. <u>This Court Has Personal Jurisdiction Over Defendant Lee.</u>

The Washington, D.C. Circuit Court made the criteria clear to establish personal jurisdiction in a civil conspiracy in <u>Manook v. Research </u>Triangle where the court established:

> For conspiracy jurisdiction within the District of Columbia, the plaintiff must allege: (1) the existence of a civil conspiracy; (2) the defendant's participation in the conspiracy; and (3) an overt act by a coconspirator within the forum, subject to the long-arm statute, and in furtherance of the conspiracy.  More importantly, a plaintiff seeking to meet its burden of demonstrating that a court may exercise jurisdiction over foreign defendants under a conspiracy theory must present a particularized pleading of the conspiracy as well as the overt acts within the forum taken in furtherance of the conspiracy.

<u>Estate of Manook v. Research Trinangle Inst. Int'l</u>, 693 F.Supp. 2d 4, 18-19 (D.D.C. 2010).

First, the complaint makes clear the existence of a civil conspiracy and defendant Lee's participation in said conspiracy.  Beginning in ¶ 121 of the Complaint, Lee's known role in the conspiracy is outlined.  Lee participated in concert with law enforcement officials in destroying video evidence and fabricating documentary evidence.  (Plaintiffs' Complaint ¶¶ 121, 125.)  The plaintiffs have alleged that defendant Lee, as well as other residents of South Carolina, Virginia, West Virginia, North Carolina and Washington, DC engaged in a civil conspiracy to deprive plaintiffs of their property and their constitutional rights.  Consequently, as plaintiffs have alleged the existence of the conspiracy and the defendant Lee's participation in that conspiracy, prongs one and two of the <u>Manook</u> test are satisfied and the plaintiffs' claims are plausible.

Furthermore, the Complaint states in detail several of the actions taken in Washington, D.C., which plaintiffs contend was the hub of the conspiracy with the FBI at the vortex of the cover-up.  These actions include, but are not limited to, the FBI's submission of fraudulent NCIC reports to the Senate Judiciary Committee.  (See Complaint ¶¶ 117-120.)  A second example of the numerous acts conducted within the forum was the use of national security to hide incriminating documents

to subvert the constitutional rights of the plaintiffs. (See Complaint ¶¶ 123, 140, and 236.)

Additionally, all records of the actions taken by the central perpetrators and the agents employees of the FBI are kept in Washington and such records were concealed from plaintiffs by the actions of the FBI in Washington, D.C. As a coconspirator, defendant Lee is held responsible for all of the actions of the conspiracy. Therefore, the third prong of the Manook test is satisfied. These allegations are sufficient to confer on this Court personal jurisdiction over defendant Lee in these plausible claims.

It is premature to have Lee dismissed from this lawsuit until discovery is conducted to determine the extent of his role in this conspiracy.

## IV. Additional Case Law Considerations:

South Carolina decisions also support the contention that the proper jurisdiction would be the D.C. District Court. A plaintiff must only make a *prima facie* showing that the court has jurisdiction over the defendant for the civil action to continue, and allegations in the complaint to this effect are normally sufficient to warrant exercise of jurisdiction. Brown v. Investment Management and Research, Inc., 475 S.E.2d 754 (1996). The court must take as true the allegations of the non-moving party and resolve all factual disputes in the non-movants' favor. Id. at 756. Whenever a plaintiff alleges a civil conspiracy perpetrated by both residents of a

state and nonresidents, there is personal jurisdiction over the nonresidents as long as some of the actions of the conspiracy occurred within the state. <u>Hammond v. Butlert, Means, Evans, & Brown</u>, 388 S.E.2d 796, <u>cert. denied</u>, 498 U.S. 952, 111 S. Ct. 373, 112 L.Ed.2d. 335 (1990).

### V. **This Court Has Supplemental Jurisdiction Over Plaintiffs' State Law Claims.**

Along with the federal claims for violation of the plaintiffs' civil rights, plaintiffs have alleged various state law claims against defendants, including defendant Lee. Federal courts have supplemental jurisdiction over any state law claims, which form part of the same case or controversy. 28 U.S.C. § 1367. The central concern in deciding whether to assert supplemental jurisdiction over state law claims is the burden on the parties and the judicial system if the state law claims are not retained and the plaintiffs are forced to file several suits in several jurisdictions. <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 86 S.Ct. 1130 (1996).

In the present case, all of the plaintiffs' claims alleged in the Complaint are related to a conspiracy emanating from the FBI in Washington, D.C., and involving FBI personnel who report to FBI Headquarters in Washington D.C., assigned by FBI Headquarters to duty in West Virginia, Virginia, North Carolina and South Carolina and other individuals and entities in which the defendants engaged in a pattern of harassment, extortion, racketeering and oppression, in an

attempt to discredit the plaintiffs and to a cover-up of crimes related to taking control of their business and denying plaintiffs constitutionally guaranteed rights. It would be extremely burdensome and cost prohibitive to break apart all of the various claims and require the plaintiffs to pursue this litigation piecemeal in various state courts in West Virginia, Virginia, South Carolina, North Carolina and Washington, D.C. The more judicially efficient plan for all parties involved is to have all of these claims adjudicated at one time to reduce the costs and burdens on the parties and to ensure a consistent result.

      This Court clearly has the discretion to exercise supplemental jurisdiction over plaintiffs' state law claims and should do so in this case to promote judicial economy and efficiency, and to reduce the burden and costs on all parties.

## VI. Conclusion.

Accordingly, plaintiffs respectfully request that defendant Lee's motion to dismiss be denied.

Respectfully Submitted by:
August 31, 2010

 

Doris Holt[1], *Pro Se*
Suite 183, 7001 Saint Andrews Rd
Columbia, SC 29212
(803) 414-0889

 

James B. Spencer, *Pro Se*
Suite 183, 7001 Saint Andrews Rd.
Columbia, SC 29212
(803) 414-0889

---

[1] Signed for Doris Holt by her self-appointed POA, her son James Spencer, who assumes though missing she is still alive.

_____
Rodney K. Lail, Plaintiff, *Pro Se*
608 18th Avenue North
Myrtle Beach, SC 29577
(843) 626-3229

_____
Irene Santacroce, Plaintiff, *Pro Se*
205 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 455-0891

_____
Ricky Stephens, Plaintiff, *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 283-6751

_____
Marguerite Stephens, Plaintiff, *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 283-6751

_____
Bruce Benson, Plaintiff, *Pro Se*
848 N, Rainbow BL., Suite 491
Las Vegas, Nevada 89107-1103
(702) 524-9006

_____
Dan Green, Plaintiff, *Pro Se*
848 North Rainbow Blvd., Suite 170
Las Vegas, Nevada 89107
(310) 337-2820

_____
Nicholas C. Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, North Carolina 27310
(336) 210-0672

_____
Virginia Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, North Carolina 27310
(336) 210-0672

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robert E. Lee
PO Box 1096
Marion, SC 29571
(843) 423-1313
Email: rel@mclainlee.com


by: _____
James Spencer
Suite 183
7001 Saint Andrews Road
Columbia, SC 29212
e-mail: JamesBSpencer@sc.rr.com
803-414-0889