# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
)
)
Rodney Lail, et al.,                )
)
    Plaintiffs,              )
)   **C.A.  No. 10-CV-210-PLF**
        v.                    )
)
United States Government, et al.,   )
)
)
    Defendants.              )
)
)
_____)


## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
## DEFENDANT ANDREW LINDEMANN'S MOTION TO DISMISS
## (DOCUMENT No. 37)[1]

*Pro Se* plaintiffs in the above captioned civil action hereby file their

brief in Opposition to defendant Andrew Lindemann's Motion to Dismiss.

The motion must be denied as (1) venue is proper in this Court, (2)

---

[1] The *pro se* plaintiffs are composed of disabled individuals without financial resources who have requested of the Court appointment of pro bono counsel to offset the extreme advantage in both resources and capability the governmental and professional defendants have in this complex litigation.  Defendants thus far have succeeded in prolonging not only plaintiffs' relief, but plaintiffs' access to a fair hearing; appointment of qualified and motivated pro bono counsel would serve several purposes ranging from putting plaintiffs' access to the judiciary on equal footing with the defendants'; improving the form and content of plaintiffs' filings, reducing the burden on the Court; and curtailing the egregious ongoing civil rights abuses, like the state-sponsored disappearance of 93-year-old Doris Holt.

Lindemann is subject to the personal jurisdiction of this Court, and (3) service of Lindemann was sufficient, as set forth below in detail:

## I. Service of Lindemann was Sufficient

The *pro se* plaintiffs believe the best way to address Lindemann's Motion to Dismiss (Doc No. 37) in its entirety before this Court is to first show the inability Lindeman has to truthfully present the facts in his motions or discourse throughout litigation.

As example in point, in Lindemann's rendition of his allegedly insufficient service in Doc. No, 37, he states on page 7, starting on line 11, "The employee Lavinia Roche does not even work directly for the defendant [Lindeman] nor was she made aware that the ***envelope*** contained process to be served on the defendant." **(Please note Exhibit "A" to process server's affidavit attached hereto.)** This picture was taken as the service of the summons and complaint in question being perfected and clearly shows the summons and complaint was not in an envelope and that Ms. Roche could clearly see the title summons and complaint with the name Andrew Lindemann captioned on it. In her affidavit Ms. Roche stated she worked for the law firm for over three years and, therefore, the average person could reasonably assume she recognizes a summons and complaint.

Additionally, the affidavit of the process server, **(See process server's affidavit attached hereto)**, clearly states Ms. Roche did state she worked for defendant Lindemann and was authorized to receive a summons and complaint for Lindemann.

The evidence presented herein clearly documents that Lindemann received the summons and complaint in a completely different manner than Lindemann stated to the Court and Lindeman's rendition as presented in Doc. 37 was a contrived and untruthful version to mislead this Honorable Court and was a deliberate attempt by Lindeman to circumvent legal process he took an oath to uphold. Plaintiffs maintain that the evidence presented documents that service was in fact sufficient and that Lindeman has accomplished nothing more than document what this Honorable Court can expect from defendant Lindeman throughout the proceedings.

## II.     Statements of Fact

The plaintiffs have carefully reviewed defendant Lindemann's colorful misrepresentations and slanted interpretations in the Statement of Facts in his Motion to Dismiss (Doc. No. 37).

Lindemann's Statement of Facts is nothing but an attempt to confuse the Court and undermine the factual truth; that Lindemann knowingly participated in conspiratorial acts. Lindemann's statement, that causes of

action in this case have already been litigated, is totally false and Lindeman knows he cannot present evidence to support such a baseless claim. The plaintiffs' causes of action contained in the complaint before this Court are unique in that they have never been litigated in any other Court.

The plaintiffs disagree with the tenor and content of Lindemann's Statement of Facts. The plaintiffs stand by their second amended complaint and every point within the second amended complaint.

### III. The Court Must Accept Plaintiffs' Allegations As True.

Contrary to defendant Lindemann's arguments in the motion to dismiss, the Court must accept as true all the factual allegations in the Complaint when ruling on a motion to dismiss. In Ashcroft v. Iqbal the Supreme Court found that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (U.S. 2009).

See also, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160, 122 L.ED.2d 517 (1993); United States v. Gaubert, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991).

## IV. This Court Has Personal Jurisdiction Over Defendant Lindemann

The Washington, D.C. Circuit Court made the criteria clear to establish personal jurisdiction in a civil conspiracy in Manook v. Research Triangle where the court established:

> For conspiracy jurisdiction within the District of Columbia, the plaintiff must allege: (1) the existence of a civil conspiracy; (2) the defendant's participation in the conspiracy; and (3) an overt act by a coconspirator within the forum, subject to the long-arm statute, and in furtherance of the conspiracy. More importantly, a plaintiff seeking to meet its burden of demonstrating that a court may exercise jurisdiction over foreign defendants under a conspiracy theory must present a particularized pleading of the conspiracy as well as the overt acts within the forum taken in furtherance of the conspiracy.

Estate of Manook v. Research Trinangle Inst. Int'l, 693 F.Supp. 2d 4, 18-19 (D.D.C. 2010).

The plaintiffs' complaint before this Court makes clear the existence of a civil conspiracy and defendant Lindemann's participation in said conspiracy. Beginning in ¶ 123 of the Complaint, Lindemann's known role in the conspiracy is outlined including, but not limited to, incriminating documents related to Lindeman and other defendants in this action in a file which only could indicate plausible motivation for the overt acts involved in the disappearance of 93 year old plaintiff Doris Holt ¶ 174.

The plaintiffs have alleged that defendant Lindemann, as well as other residents of South Carolina, Virginia, West Virginia, North Carolina and Washington, DC engaged in a civil conspiracy to deprive plaintiffs of their property and their constitutional rights. Consequently, as plaintiffs have alleged the existence of the conspiracy and defendant Lindemann's participation in that conspiracy, prongs one and two of the <u>Manook</u> test are satisfied and the plaintiffs' established the claims in the complaint are plausible.

Furthermore, the Complaint states in detail several of the actions taken in Washington, D.C., which plaintiffs contend was the hub of the conspiracy with the FBI at the vortex of hub of the cover-up. These actions include, but are not limited to, the FBI's submission of fraudulent NCIC reports to the Senate Judiciary Committee. (See Complaint ¶¶ 117-120.) A second example of the numerous overt acts conducted within the forum was the baseless invoking of national security to hide incriminating documents to subvert the constitutional rights of the plaintiffs. (See Complaint ¶¶ 123, 140, and 236.)

Additionally, all records of the actions taken by the central perpetrators and the agents' employees of the FBI are kept in Washington, DC the hub of the civil conspiracy and records maintained there were

concealed from plaintiffs by the actions of the FBI in Washington, D.C. As co-conspirators, defendant Lindemann is held responsible for all of the actions of the conspiracy. Therefore, the third prong of the <u>Manook</u> test is satisfied. These allegations are sufficient to confer on this Court personal jurisdiction over defendant Lindemann in these plausible claims.

It is premature to have Lindemann dismissed from this lawsuit until discovery is conducted to determine the extent of his role in this conspiracy.

## V. <u>Additional Case Law Considerations:</u>

South Carolina decisions also support the contention that the proper jurisdiction would be the D.C. District Court. A plaintiff must only make a *prima facie* showing that the court has jurisdiction over the defendant for the civil action to continue, and allegations in the complaint to this effect are normally sufficient to warrant exercise of jurisdiction. <u>Brown v. Investment Management and Research, Inc.</u>, 475 S.E.2d 754 (1996). The court must take as true the allegations of the non-moving party and resolve all factual disputes in the non-movants' favor. <u>Id</u>. at 756. Whenever a plaintiff alleges a civil conspiracy perpetrated by both residents of a state and nonresidents, there is personal jurisdiction over the nonresidents as long as some of the actions of the conspiracy occurred within the state. <u>Hammond v. Butlert,</u>

Means, Evans, & Brown, 388 S.E.2d 796, cert. denied, 498 U.S. 952, 111 S. Ct. 373, 112 L.Ed.2d. 335 (1990).

## VI. This Court Has Supplemental Jurisdiction Over Plaintiffs' State Law Claims.

Along with the federal claims for violation of the plaintiffs' civil rights, plaintiffs have alleged various state law claims against defendants, including defendant Lindemann. Federal courts have supplemental jurisdiction over any state law claims, which form part of the same case or controversy. **28 U.S.C. § 1367**. The central concern in deciding whether to assert supplemental jurisdiction over state law claims is the burden on the parties and the judicial system if the state law claims are not retained and the plaintiffs are forced to file several suits in several jurisdictions. United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S. Ct. 1130 (1996).

In the present case, all of the plaintiffs' claims alleged in the Complaint are plausible and related to a conspiracy emanating from the FBI in Washington, D.C., the hub of the conspiracy and the conspiracy includes the participation of FBI personnel who report to FBI Headquarters in Washington D.C., assigned by FBI Headquarters to duty in West Virginia, Virginia, North Carolina and South Carolina and other individuals and entities in which the defendants engaged in a pattern of harassment, extortion, racketeering and oppression, in an attempt to discredit the

plaintiffs and to a cover-up of crimes related to taking control of their business and denying plaintiffs' constitutionally guaranteed rights.

It would be extremely burdensome and cost prohibitive to break apart all of the various claims and require the plaintiffs to pursue this litigation piecemeal in various state courts in West Virginia, Virginia, South Carolina, North Carolina, Georgia and Washington, D.C. The more judicially efficient plan for all parties involved is to have all of these claims adjudicated at one time to reduce the costs and burdens on the parties and to ensure a consistent result.

This Court clearly has the discretion to exercise supplemental jurisdiction over plaintiffs' state law claims and should do so in this case to promote judicial economy and efficiency, and to reduce the burden and costs on all parties.

### VII. Conclusion.

Accordingly, and for the foregoing reasons, plaintiffs respectfully request that defendant Lindemann's motion to dismiss be denied.

Respectfully Submitted by:
September 2, 2010

                                    Doris Holt[2], *Pro Se*
                                    Suite 183, 7001 Saint Andrews Rd
                                    Columbia, SC 29212
                                    (803) 414-0889

                                    James B. Spencer, *Pro Se*
                                    Suite 183, 7001 Saint Andrews Rd.
                                    Columbia, SC 29212
                                    (803) 414-0889

---

[2] Signed for Doris Holt by her self-appointed POA, her son James Spencer, who assumes though missing she is still alive.

_____
Rodney K. Lail, Plaintiff, *Pro Se*
608 18th Avenue North
Myrtle Beach, SC 29577
(843) 626-3229

_____
Irene Santacroce, Plaintiff, *Pro Se*
205 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 455-0891

_____
Ricky Stephens, Plaintiff, *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 283-6751

_____
Marguerite Stephens, Plaintiff, *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 283-6751

_____
Bruce Benson, Plaintiff, *Pro Se*
848 N. Rainbow BL., Suite 491
Las Vegas, Nevada 89107-1103
(702) 524-9006

_____
Dan Green, Plaintiff, *Pro Se*
848 North Rainbow Blvd., Suite 170
Las Vegas, Nevada 89107
(310) 337-2820

_____
Nicholas C. Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, North Carolina 27310
(336) 210-0672

_____
Virginia Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, North Carolina 27310
(336) 210-0672

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of September, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Andrew F. Lindeman
1611 Devonshire Drive
Post Office Box 8568
Columbia, SC 29202
(803) 806-8222
Email: alindeman@dml-law.com


by /s/ James Spencer
James Spencer
Suite 183
7001 Saint Andrews Road
Columbia, SC 29212
e-mail: JamesBSpencer@sc.rr.com
803-414-0889

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Rodney Lail, et al.,

Plaintiffs,

v.

United States Government, et al.,

Defendants.

C.A. No. 10-CV-210-PLF

## AFFIDAVIT OF MITCHELL LORIN STEPHENS

PERSONALLY APPEARED BEFORE ME MITCHELL LORIN STEPHENS, who after being duly sworn deposes and states the following:

1. I am over eighteen years of age and not a named party to the lawsuit captioned above.

2. Affiant affirms this is based on my personal recollection of the events of that day during which I served complaints regarding the above captioned matter.

3. On July 23, 2010, I entered the law firm of Davidson & Lindeman, PA located in Columbia, South Carolina.

4. I approached an individual seated at the front desk and told her that I needed to see Mr. Lindeman as I had a summons and complaint I needed to serve him.

Page 1 of 2

5. I was told by the individual, who later stated her name was Lavinia Roche, that Mr. Lindeman was not available but she was a secretary of his and could take the papers for him.

6. Again I asked if she could accept these civil papers on his behalf and she assured me she could and there was no need for me to wait to see him.

7. I handed her the papers which were clearly marked Summons and Complaint with Mr. Lindeman's name on them which she [Roche] looked at and read as I was having her spell her name out to identify her on the return of service as the individual who took service for Mr. Lindeman.

8. Attached to this affidavit is a photograph I had taken of my serving the complaint for Andrew Lindeman marked as Exhibit "A".

9. The picture clearly shows that Lavina Roche both read the summons and complaint and the summons and complaint was not served in an envelope.

10. At no time did Lavinia Roche state to me in any manner she did not have the authority to receive civil papers on behalf of Mr. Lindeman and Lavinia Roche stated in the alternative she was authorized to receive any papers regarding all legal matters.

**FURTHER, AFFIANT SAYETH NAUGHT.**

_____
Mitchell Lorin Stephens

SWORN BEFORE ME THIS
2nd DAY OF SEPTEMBER, 2010

_____
NOTARY PUBLIC FOR
STATE OF SOUTH CAROLINA

Commission Expires: 10-28-2018

Page 2 of 2



Serving of Defendant Andrew Lindeman.

1. Note no envelope.
2. Note Lavinia Roche reading the Summons and Complaint as she takes service for Defendant Andrew Lindeman.