IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Rodney Lail, et al.,

Plaintiffs,

vs.

United States, et al.,

Defendants.

Civil Action No.  01:10-CV-00210-PLF

### DEFENDANTS SEAN MARKHAM AND SUSAN STEWART'S REPLY TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Pursuant to Rule 7(d) of the Local Rules for the United States District Court for the District of Columbia, Defendants Sean Markham and Susan Stewart hereby file this Reply to Plaintiffs' Supplemental Memorandum in Opposition to Motion to Dismiss.[1]  In their Supplemental Memorandum, Plaintiffs assert this Court has personal jurisdiction over Defendants Markham and Stewart based on conspiracy jurisdiction.  However, Plaintiffs fail to plead the necessary elements of such jurisdiction, which requires conspiracy to be pled with particularity.  In addition, Plaintiffs fail to address Defendants Markham and Stewart's argument regarding Plaintiffs' failure to make a prima facie showing of personal jurisdiction under the District of Columbia's Long-Arm Statute and Defendants Markham and Stewart's argument regarding improper venue.

For the reasons discussed below, Defendants Markham and Stewart request an Order from this Court dismissing the Second Amended Complaint on the basis that the

---

[1]Defendants Markham and Stewart filed a Memorandum in Support of Motion to Dismiss on August 13, 2010.  Plaintiffs filed a timely Memorandum in Opposition on August 27, 2010.  Plaintiffs then filed an untimely Supplemental Memorandum in Opposition on September 1, 2010.  Rather than file and prepare two separate Replies, Defendants Markham and Stewart file this Reply within seven days of the filing of Plaintiffs' Supplemental Memorandum in Opposition.

Court has no personal jurisdiction over them, and alternatively, that venue is improper in the District of Columbia.

## <u>LEGAL ANALYSIS</u>

I.   **<u>The United States District Court for the District of Columbia Does Not Have Personal Jurisdiction Over Defendants Markham and Stewart.</u>**

As Plaintiffs correctly point out, they have the burden of making a prima facie showing that the Court has personal jurisdiction over a defendant. <u>See</u> <u>Davis v. Grant Park Nursing Home LP</u>, 639 F. Supp. 2d 60 (D.D.C. 2009).   To meet this burden, Plaintiffs "must allege specific facts on which personal jurisdiction can be based; [they] cannot rely on conclusory allegations." <u>Walton v. Bureau of Prisons</u>, 533 F. Supp. 2d 107, 112 (D.D.C.2008).

Plaintiffs assert in their Supplemental Memorandum in Opposition that the Court has personal jurisdiction over Defendants Markham and Stewart based on conspiracy jurisdiction.   However, "[a]s with other forms of personal jurisdiction, conspiracy jurisdiction requires a prima facie showing of the pertinent jurisdictional facts." <u>Jin v. Ministry of State Sec.</u>, 335 F. Supp. 2d 72 (D.D.C. 2004).   In addition, Plaintiffs must plead with particularity the factual elements of conspiracy. <u>See</u> <u>id.</u>   Thus, "[t]o prevail on a theory of conspiracy jurisdiction, courts . . . traditionally require a prima facie showing of (1) a conspiracy (2) in which the defendant participated and (3) a co-conspirator's overt act within the forum, subject to the long-arm statute." <u>Id.</u>

A.   <u>Conspiracy Jurisdiction:</u>

Rather than respond to the traditional personal jurisdiction analysis under the District of Columbia's Long-Arm Statute as set forth in Defendants Markham and Stewart's Memorandum in Support of Motion to Dismiss, Plaintiffs argue that this Court

has personal jurisdiction over these Defendants based on conspiracy jurisdiction. However, as stated above, to prevail under this theory of jurisdiction, Plaintiffs must plead with particularity: the existence of a conspiracy against Plaintiffs in which these Defendants participated, and a co-conspirator's overt act in furtherance of the conspiracy occurring in the District of Columbia that was subject to the Long-Arm Statute. As will be discussed below, Plaintiffs have failed to allege particular facts that Defendants Markham and Stewart were involved in a conspiracy against Plaintiffs, which is fatal to Plaintiffs' argument on conspiracy jurisdiction.

Plaintiffs' Second Amended Complaint contains 161 paragraphs devoted to alleged factual background information. (See Second Am. Compl., ¶¶ 57-217). Each of these 161 paragraphs are incorporated into each of the 9 causes of action. (See id. ¶¶ 218, 249, 256, 261, 270, 276, 281, 285, & 306). Of the 161 paragraphs, only 4 paragraphs contain any allegations directly against these Defendants. Moreover, as will be discussed below, the allegations contained in these 4 paragraphs fail to establish or show that these Defendants were engaged in a conspiracy against Plaintiffs with sufficient particularity to satisfy the heightened pleading requirements required to make a prima facie showing of conspiracy jurisdiction.[2]

The first mention of either of these Defendants in the factual allegations is against Defendant Markham in paragraph 174, in which Plaintiffs allege:

> Plaintiff Spencer obtained from the unaware Guardian Ad Litem documents from Defendant DSS files that were not germane or related to any legitimate DSS activities involving Plaintiff Doris Holt's health and safety, the only legitimate interest of DSS involvement. These documents evidenced

---

[2] The only other allegations against these Defendants (Second Am. Compl., ¶¶ 252, 263 & 275) are conclusory in nature and cannot be used to make out a prima facie case of personal jurisdiction against these Defendants. See Jin, 335 F. Supp. 2d at 81.

> DSS complicity in the illicit activities against the civil rights of
> Plaintiff Doris Holt.  The documents establish that Defendant
> DSS personnel involved in these matters had direct conflict
> of interest as employees and representatives of a South
> Carolina Government agency noticed as Defendants in a
> pending Tort claims lawsuit in Federal District Court.

Only the first sentence contains allegations relating to Defendant Markham and includes

a statement that he is "unaware" of alleged improper activities by DSS.  The remainder

of these allegations pertains to Defendant DSS, and do not allege any misconduct on

the part of Defendant Markham or that he had any awareness of, took part in, or was

related in any way to the alleged actions of Defendant DSS.  These allegations are not

sufficient to establish or show with the requisite particularity that Defendant Markham

was part of any conspiracy to harm Plaintiffs.

The next allegation against these Defendants is asserted in paragraphs 186 of

the Second Amended Complaint, which provides:

> On September 5, 2009, Plaintiff Spencer attended a second
> hearing, where, unknown to Plaintiff Spencer an agreement
> had been reached between DSS and the appointed
> Guardian Ad Litem Defendant Sean Markham and Doris
> Holt's appointed counsel Defendant Susan Stewart to
> permanently keep Plaintiff's mother in Unihealth and under
> DSS control effectively for life.  The Court appointed
> Guardian Ad Litem, Shane Markham (sic), admitted to
> Plaintiff Spencer that he and Susan Stewart had not
> received Doris Holt's medical records dated beyond March
> 2009, prior to or after the agreement had been reached
> without Plaintiff Spencer's knowledge and that he [Markham]
> had not personally seen Plaintiff Spencer's mother.

Again, the allegations of this paragraph cannot reasonably be construed to allege any

conspiratorial acts by these Defendants or any knowledge by these Defendants of any

alleged conspiratorial acts by others.  There are no allegations that there was any

sinister or nefarious motive behind the alleged agreement, or that Defendants Markham

and Stewart did not have proper grounds to reach an agreement for the protection of a vulnerable adult that was further subject to Court approval.

The next allegation against these Defendants is in Paragraph 187 of the Second Amended Complaint, which provides:

> During the hearing, it was put on the record by Defendant Stewart and Defendant Markham that Plaintiff Spencer had not physically abused his mother. Plaintiff Spencer approached the Court and asked for standing in the case. After objections from DSS and back and forth discussion, the Judge rules Plaintiff Spwncer (sic) could have standing if Spencer secured an attorney to represent him. The Judge scheduled another hearing for October 5, 2009.

Again, only the first sentence relates to Defendants Stewart and Markham. The allegations of this paragraph not only fail to establish or show any conspiratorial acts by these Defendants, the allegations actually establish that Defendants Markham and Stewart informed the Family Court in Richland County South Carolina of the very fact that Plaintiff Spencer asserts is the truth: that he did not abuse his mother. This does not mean, nor do Plaintiffs even allege, that there were not other appropriate health reasons and considerations to support taking a vulnerable adult into protective custody.

Finally, in paragraph 192, Plaintiffs make their last factual allegation against these Defendants:

> Due to the neglect and/or abuse of DSS, and the indifference and/or incompetence of Guardian Ad Litem Defendant Sean Markham, or Defendant Susan Stewart and the lack of proper care for Plaintiff Spencer's now 93 year-old mother, Doris Holt's health continued to decline under DSS's captivity, which was referred to as "protective custody."

The allegations of this paragraph regarding the alleged indifference and/or incompetence of Defendants Markham and Stewart are not sufficient allegations to

support conspiracy jurisdiction over these Defendants.  The allegations make clear that Plaintiffs do not agree with the conclusions reached by Defendants Markham and Stewart in fulfilling their court appointed duties, but this is not sufficient to make a prima facie showing of conspiracy jurisdiction over these Defendants since there are no allegations that either acted in furtherance of a conspiracy or were even aware of a conspiracy against Plaintiffs.  Indeed, the use of the terms "unaware" in Paragraph 174 and "indifferent" in Paragraph 192 by Plaintiffs supports Defendants' contentions that the Second Amended Complaint alleges no overt act by them in furtherance of any alleged conspiracy.

Plaintiffs have failed to make a prima facie showing of personal jurisdiction over these Defendants based on conspiracy jurisdiction.  There are no allegations against these Defendants showing that they took any conspiratorial actions, knew of any other Defendants' conspiratorial actions, or did anything other than act as appointed counsel for a vulnerable adult.   The fact that Plaintiffs may disagree with the conclusions reached by Defendants Markham and Stewart in performing in their court appointed and court supervised duties does not render Defendants' actions wrongful or in furtherance of a conspiracy.   The allegations of the Second Amended Complaint are woefully insufficient to make the required prima facie showing that this Court has personal jurisdiction over these Defendants based upon a theory of conspiracy jurisdiction.

B.    Long Arm Statute:[3]

Since Plaintiffs did not respond to Defendant Markham and Stewart's argument that Plaintiffs failed to allege sufficient facts to make a prima facie showing of jurisdiction over these Defendants under the District of Columbia's Long-Arm Statute, Defendants Markham and Stewart cannot ascertain which specific prong of the Long-Arm Statute Plaintiffs are seeking to base personal jurisdiction over these Defendants.   However, since there are no allegations in the Second Amended Complaint that these Defendants were doing business or supplying services in the forum, it would appear that Plaintiffs are relying on D.C. Code § 13-423(a), subsections (3) and (4), which provide in relevant part:

> District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's - -
>
> (3)    causing tortious injury <u>in</u> the District of Columbia by an act or omission <u>in</u> the District of Columbia;
>
> (4)    causing tortious injury <u>in</u> the District of Columbia by an act or omission <u>outside</u> the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia
>
> * * * *

D.C. Code Ann. § 13-423(a) (1981) (emphasis added).

To make a prima facie showing of personal jurisdiction over these Defendants under either of these sections, Plaintiffs must show that the resulting injury to Plaintiffs

---

[3] Plaintiffs failed to provide any argument or analysis opposing Defendant Markham and Stewart's Motion to Dismiss based on Plaintiffs' failure to allege sufficient facts to make a prima facie showing of personal jurisdiction over the Defendants under the District of Columbia's Long-Arm Statute.  This is grounds alone for this Court to grant Defendant Markham and Stewart's Motion to Dismiss.

occurred in the District of Columbia.  See Delgado v. Fed. Bureau of Prisons, 727 F. Supp. 24 (D.D.C. 1989).  See also CBCC v. Applied Indus. Materials Corp., 698 F. Supp. 2d 109 (D.D.C. 2010).  Not only do Plaintiffs fail to allege any facts that an injury occurred in the District of Columbia, under the facts alleged in the Second Amended Complaint, it would be impossible to infer such injury since Plaintiffs do not reside in the District of Columbia.  Based on the allegations of the Second Amended Complaint, if Plaintiffs were injured, they were injured in South Carolina or where they reside, not in the District of Columbia; accordingly, sections 13-423(a)(3) and (4) are inapplicable. For this reason alone, Plaintiffs' Second Amended Complaint should be dismissed against these Defendants for lack of personal jurisdiction.

In addition, even of the Court determines that Plaintiffs have alleged a tortious injury that occurred in the District of Columbia, sections 13-423(a)(3) and (4) of the District of Columbia's Long-Arm Statute still do not reach these Defendants because there are no facts alleged in the Second Amended Complaint that these Defendants engaged in any tortious or wrongful act or omission in or outside of the District of Columbia.  Further, even if the Court determines that these Defendants did cause tortious injury in the District of Columbia by an act or omission outside the District of Columbia[4], section 13-423(a)(4) of the Long-Arm Statute would still not be applicable because there are no allegations in the Second Amended Complaint that these Defendants regularly conduct or solicit business in the District of Columbia, engage in any other persistent course of conduct in the District of Columbia, or derive substantial

---

[4] The only actions Plaintiffs even allege were taken by these Defendants were taken in South Carolina. For this reason, section 13-423(a)(3) does not apply since it requires an injury and act or omission in the District of Columbia.

revenue from goods used or consumed, or services rendered, in the District of Columbia.

C.    Due Process:[5]

"The Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to assert *in personam* jurisdiction over a nonresident defendant." Helicopteros Nacionales De Colombia v. Hall, 466 U.S. 408, 414 (1984). "Due Process requirements are satisfied when *in personam* jurisdiction is asserted over a nonresident . . . defendant that has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Id. (emphasis added).   "Personal jurisdiction, even if based on conspiracy, requires purposeful availment." Jin, 335 F. Supp. 2d 72.   "It is essential in each case that there be some act by which the defendant avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Naegele v. Albers, 355 F. Supp. 2d 129 (D.D.C. 2005).

Without reiterating each of the factual allegations set forth above, the Second Amended Complaint is devoid of any allegations or inferences that these Defendants purposely availed themselves of the privileges of conducting business in the District of Columbia thus invoking the benefits and protections of its laws.   The allegations of the Second Amended Complaint actually show that these Defendants are South Carolina residents who conducted their activities solely in South Carolina.   Exercising personal

---

[5] Plaintiffs failed to address Defendant Markham and Stewart's argument that Plaintiffs failed to allege sufficient facts to make a prima facie showing that exercising personal jurisdiction would comport with due process requirements, which is sufficient grounds for the court to grant Defendants Markham and Stewart's Motion to Dismiss.

jurisdiction over these Defendants would not comport with traditional notions of fair play and substantial justice.

For the reasons discussed above, Plaintiffs' Second Amended Complaint should be dismissed against these Defendants for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II.  Venue Is Not Proper in the United States District Court for the District of Columbia.

Plaintiffs failed to address Defendants Markham and Stewart's improper venue argument raised in Section II of their Memorandum in Support of Motion to Dismiss. Plaintiffs have the burden of establishing that venue is proper.  See Vaukus v. United States, 691 F. Supp. 2d 119 (D.D.C. 2010).   Since Plaintiffs failed to address Defendants Markham and Stewart's improper venue argument, they have failed to meet their burden of establishing that venue is proper in the District of Columbia.  If, however, the Court finds that Plaintiffs have sufficiently addressed the improper venue argument, Defendants Markham and Stewart incorporate by reference Section II of their Memorandum in Support of Motion to Dismiss in response to Plaintiffs' opposition.

For this reasons, Plaintiffs' Second Amended Complaint should be dismissed for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

## CONCLUSION

For the reasons set forth above, Defendants Markham and Stewart pray for an Order of this Court dismissing the Second Amended Complaint on the grounds that this

Court lacks personal jurisdiction over them, and alternatively, that venue is improper in the District of Columbia.

Respectfully submitted,


_____ /s/ _____
Mary S. Diemer, Esquire
Bar No.  416527
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, D.C. 20001
Email: mary.diemer@nelsonmullins.com
Phone: 202.712.2815
Facsimile: 202.712.2860

and

Paul T. Collins, Esquire
(Pro Hac Vice)
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, South Carolina 29202
Email: paul.collins@nelsonmullins.com
Phone: 803.255.9747
Facsimile: 803-255-9128

*Attorneys for Defendants Sean Markham
and Susan Stewart*

11

## CERTIFICATE OF SERVICE

This is to certify that on this 8th day of September, 2010, copies of the above Reply to Plaintiffs' Supplemental Memorandum in Opposition to Defendants Markham and Stewart's Motion to Dismiss was electronically transmitted to the Clerk of Court using the ECF System for filing, and copies of the Motion, supporting Memorandum and Proposed Order were mailed, with sufficient postage affixed thereto and return address clearly marked to the following pro se plaintiffs:

Bruce Benson
848 N. Rainbow Blvd.
Suite 491
Las Vegas, Nevada 89107-1103

Dan Green
848 North Rainbow Blvd.
Suite 170
Las Vegas, NV  89107

Doris E. Holt and James B. Spencer
7001 St. Andrews Road
Suite 183
Columbia, SC  29212

Rodney Lail
608 18th Ave. N
Myrtle Beach, SC 29577

Irene Santacroce
205 Deer Trace Circle
Myrtle Beach, SC  29588

Ricky Stephens and Marguerite Stephens
207 Deer Trace Circle
Myrtle Beach, SC  29588

Nicholas C. Williamson and Virginia Williamson
8005 White Ash Court
Oak Ridge, NC  27310

/s/
_____
Mary S. Diemer
