**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RODNEY LAIL, et al., )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES, et al., )<br>)<br>    Defendants. )<br>_____) | CASE NO. 1:10-CV-00210 (PLF) |

**THE UNIHEALTH DEFENDANTS' REPLY**
**IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Unihealth Post-Acute Care- Columbia, LLC ("Unihealth Columbia") and its administrator, Brenda Hughes (Unihealth Columbia and Ms. Hughes together, the "Unihealth Defendants") respectfully submit this reply in support of their motion to dismiss [Docket Nos. 24, 31].

**I.    THIS COURT LACKS PERSONAL JURISDICTION OVER THE UNIHEALTH DEFENDANTS, AND VENUE IN THIS COURT IS IMPROPER.**

The Unihealth Defendants comprise a South Carolina nursing home and its administrator. They operate only in Columbia, South Carolina. See Declaration of Brenda Hughes ("Hughes Decl.") [Docket No. 24-1] ¶ 7. They do not transact any business in the District of Columbia, and did not have any contact with the District concerning the admission or residency of Ms. Doris Holt. Id. The Unihealth Defendants' file concerning Ms. Holt contains an order of a South Carolina court placing Ms. Holt into the protective custody of the South Carolina Department of Social Services ("South Carolina DSS") authorizing the South Carolina DSS to provide Ms. Holt with "such protection, assistance, and placement as may be required." Hughes

Decl., Attachment A.  On this basis South Carolina DSS requested Ms. Holt to be admitted to the Unihealth Columbia facility in July 2009.  Hughes Decl. ¶ 4.  Given these uncontradicted facts, the Court should conclude it lacks personal jurisdiction over the Unihealth Defendants.

In opposition, Plaintiffs rest on their conclusory allegations that a conspiracy gives rise to this lawsuit, but fail to explain how these allegations relate to the Unihealth Defendants or to the District of Columbia.  If the Unihealth Defendants allegedly acted "in complicity" with the South Carolina DSS in admitting Ms. Holt to the Unihealth Columbia facility, Mem. Opp. at 9, those acts took place in South Carolina and cannot form the basis of the exercise of jurisdiction here.  Instead, plaintiffs' argument rests on the misconception that, by claiming that the "hub of the conspiracy" is in Washington, D.C., with the "FBI at the vortex" of it, Mem. Opp. at 10, the Court may thereafter assert personal jurisdiction over anyone plaintiffs wish to involve in these proceedings.  That is not the test.

"A plaintiff seeking to meet its burden of demonstrating that a court may exercise jurisdiction over foreign defendants under a conspiracy theory must present a particularized pleading of the conspiracy as well as the overt acts within the forum taken in furtherance of the conspiracy."  Manook v. Research Triangle Institute, Int'l, 693 F. Supp. 2d 4, 15 (D.D.C. 2010) (brackets omitted) (quoting AGS Int'l. Servs. S.A. v. Newmont USA Ltd., 346 F. Supp. 2d 64, 88 (D.D.C. 2004).  "Mere speculation that the nonresident defendants are co-conspirators is insufficient to meet plaintiff's *prima facie* burden."  AGS Int'l, 346 F. Supp. 2d at 88 (quotation omitted).

Although the "hub" of the alleged conspiracy here is said to include "the FBI's submission of fraudulent NCIC reports to the Senate Judiciary Committee," Mem. Opp. at 10,

and "the use of national security to hide incriminating documents," Id. at 10-11, the Amended Complaint is devoid of allegation of how the Unihealth Defendants' care and treatment of Ms. Holt were acts taken in furtherance of that conspiracy.  This absence of any particularized allegation—one showing the facial plausibility of concerted action between the Unihealth Defendants and the remaining alleged co-conspirators—defeats Plaintiffs' theory of jurisdiction. Absent this particularized showing, and as examined previously, Motion to Dismiss at at 5-6, the Complaint *prima facie* fails to allege sufficient contacts with this forum to justify the exercise of personal jurisdiction over the Unihealth Defendants under either the D.C. Long Arm Statute or the Due Process Clause.

The Amended Complaint suffers from similar defects in venue.  Plaintiffs do not directly respond to the Unihealth Defendants' argument, Mot. at 6-7, that venue is inappropriate in this Court.  As the only allegations concerning the Unihealth Defendants' alleged actions occur in South Carolina (indeed, as do most of the allegations of the Complaint), venue is inappropriate in the District of Columbia.

## II. PLAINTIFFS FAIL TO STATE CLAIMS AGAINST THE UNIHEALTH DEFENDANTS.

The Complaint should be dismissed as to the Unihealth Defendants even if the Court goes beyond its jurisdictional defects.  Most of the counts of the Complaint simply do not involve the Unihealth Defendants and can be readily dismissed.  These include: Count One (Federal Tort Claims Act); Count Two (a *Bivens* action); Count Three (constitutional rights claim against government defendants); Count Five (South Carolina Tort Claims Act).  Counts Eight (Vicarious Liability) and Nine ("Damages") do not state independent causes of action.  Counts Six ("Infliction of Emotional Distress") and Seven ("South Carolina Civil Conspiracy") make no

specific reference to the Unihealth Defendants nor include any factual basis to include them in their ambit.  See Motion to Dismiss at 9-10.  Plaintiffs do not address these arguments in their opposition, implicitly conceding that only Count Four (RICO) possibly could apply to the Unihealth Defendants.[1]

As to that remaining count, the Amended Complaint fails to specifically plead a RICO violation, much less alleges involvement in a racketeering enterprise by the Unihealth Defendants.  As noted in the Motion to Dismiss, Mot. at 10-11, a RICO complaint, among pleading other elements, must specifically allege the conduct of an enterprise through a pattern of racketeering activity, specific injury and proximate causation.  See also Taitz v. Obama, No. 10-151 (RCL), 2010 WL 1525030, at *4 (D.D.C. Apr. 14, 2010) (reciting elements, dismissing defectively-pled civil RICO claim).  Here, instead of pleading such specifics the Plaintiffs argue that an "average individual" would find the Complaint plausible and that Plaintiffs should be entitled to their day in Court.  Mem. Opp. at 8, 17.  These arguments cannot prevent dismissal of the Complaint.  Instead, the most plausible reading of the complaint as to the Unihealth Defendants is that the South Carolina DSS obtained protective custody of Ms. Holt (which Unihealth had nothing to do with) and that the Unihealth Defendants admitted Ms. Holt into their facility based on a court order authorizing the South Carolina DSS to place her there.  These acts are temporally and factually removed from the conspiracy Plaintiffs attempt to allege involving

---

[1]     Much of Plaintiffs' Opposition is devoted to discussion of several new facts and alleged wrongs, none of which is alleged in the Amended Complaint (nor would state a claim, in any event).  The Unihealth Defendants do not address this extraneous material for purposes of their Rule 12(b)(6) motion, and the Court should exclude consideration of it as well.  See Fed. R. Civ. P. 12(d).

other defendants. Thus, any connection between the facts concerning the Unihealth defendants and a racketeering enterprise is, at a minimum, facially implausible.[2]

## CONCLUSION

For the foregoing reasons, the Unihealth Defendants respectfully request that their motion to dismiss be granted.

Respectfully submitted,

AEGIS LAW GROUP LLP

Dated:  September 27, 2010

/s/ Oliver Garcia
Oliver Garcia (#456600)
901 F Street, N.W., Suite 500
Washington, D.C. 20004
Tel: (202) 737-3500
Fax: (202) 737-3330
email: ogarcia@aegislawgroup.com


OF COUNSEL:

ARNALL GOLDEN GREGORY LLP
Jason E. Bring
Georgia Bar No. 023498
Andrew B. Flake
Georgia Bar No. 262425
171 17th Street, NW
Suite 2100
Atlanta, Georgia 30363
(404) 873-8500
(404) 873-8501 (facsimile)

*Attorneys for Defendants Unihealth Post-Acute Care-Columbia, LLC and Brenda Hughes*

---

[2] The Complaint also asserts mistreatment of Ms. Holt once in the care of Unihealth. As argued previously, the plaintiffs appear to lack standing to assert these claims; only Ms. Holt's son alleges any legal entitlement to act on her behalf, but he too appears to plead himself out of court by acknowledging that he did not have a power of attorney to act on her behalf, Am. Compl. ¶ 187. In any event, claims concerning Ms. Holt's treatment are subject to arbitration, Mot. at 12-13.

**CERTIFICATE OF SERVICE**

        I hereby certify that on the 27th day of September, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have caused a copy to be deposited in the United States Mail, first-class postage prepaid, addressed to:

| | |
|---|---|
| Bruce Benson<br>6170 West Lake Mead Blvd., Suite 311<br>Las Vegas, NV 89108 | Dan Green<br>848 North Rainbow Blvd., Suite 170<br>Las Vegas, NV 89107 |
| Doris E. Holt<br>Suite 183<br>7001 St. Andrews Road<br>Columbia, SC 29212 | Rodney Lail<br>608 18th Ave. North<br>Myrtle Beach, SC 29577 |
| Irene Santacroce<br>205 Deer Trace Circle<br>Myrtle Beach, SC 29588 | James B. Spencer<br>Suite 183<br>7001 St. Andrews Road<br>Columbia, SC 29212 |
| Ricky Stephens<br>207 Deer Trace Circle<br>Myrtle Beach, SC 29588 | Marguerite Stephens<br>207 Deer Trace Circle<br>Myrtle Beach, SC 29588 |
| Nicholas C. Williamson<br>8005 White Ash Court<br>Oak Ridge, NC 27310 | Virginia Williamson<br>8005 White Ash Court<br>Oak Ridge, NC 27310 |

        /s/ Oliver Garcia