IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Rodney Lail, et al., Plaintiffs, | ) | |
| vs. | ) | Civil Action No. 01-10-CV-00210-PLF |
| United States, et al., Defendants | ) | |

**DEFENDANTS[1] REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (ECF DOCKET ENTRY #54)**

Pursuant to LCvR 7(d) of the Local Rules of Civil Procedure for the United States District Court for the District of Columbia, Defendants Palmetto Health Care, Columbia, SC; Suzanne Tillman, Individually and in her official capacity as Director with Palmetto Senior Care; Jennifer Brewton, Individually and in her official capacity with Palmetto Senior Care; Kathy Beers, Individually and in her official capacity as Administrator with Palmetto Senior, Care-White Rock; The State of South Carolina; The State of South Carolina Law Enforcement Division; Captain David Caldwell, Individually and in his

[1] Palmetto Health Care, Columbia, SC; Suzanne Tillman, Individually and in her official capacity as Director with Palmetto Senior Care; Jennifer Brewton, Individually and in her official capacity with Palmetto Senior Care; Kathy Beers, Individually and in her official capacity as Administrator with Palmetto Senior, Care-White Rock; The State of South Carolina; The State of South Carolina Law Enforcement Division; Captain David Caldwell, Individually and in his official capacity with SLED; Captain Larry Gainey, Individually and in his official capacity with SLED; Mark Keel, Individually and in his official capacity with SLED; Mike Prodan, Individually and in his official capacity with SLED; The South Carolina Department of Social Services, Columbia, SC; Princess Hodges, Individually and in her official capacity with DSS; Susan Stroman, Individually and in her official capacity with the SC Department of Social Services, SC; John Weaver, Individually and in his official capacity as the Horry County Attorney, Horry County; Horry County Police Chief, John Morgan, Individually and in his official capacity with Horry County; and Horry County, Conway, SC

official capacity with SLED; Captain Larry Gainey, Individually and in his official capacity with SLED; Mark Keel, Individually and in his official capacity with SLED; Mike Prodan, Individually and in his official capacity with SLED; The South Carolina Department of Social Services, Columbia, SC; Princess Hodges, Individually and in her official capacity with DSS; Susan Stroman, Individually and in her official capacity with the SC Department of Social Services, SC; John Weaver, Individually and in his official capacity as the Horry County Attorney, Horry County; Horry County Police Chief, John Morgan, Individually and in his official capacity with Horry County; and Horry County, Conway, SC [“these Defendants”] hereby file this Reply to Plaintiffs’ Memorandum In Opposition to Motion to Dismiss. In their Memorandum Plaintiffs assert this Court has personal jurisdiction over these Defendants based on conspiracy jurisdiction. However, Plaintiffs fail to plead the necessary elements of such jurisdiction, which requires conspiracy be pled with particularity. In addition, Plaintiffs fail to address Defendants’ argument regarding failure to make a prima facie showing of personal jurisdiction under the District of Columbia’s Long-Arm Statute and Defendants’ argument regarding improper venue.

For the reasons discussed below, Defendants request an order from the Court dismissing the Second Amended Complaint on the basis that the Court has no personal jurisdiction over them, and alternatively, that venue is improper in the District of Columbia.

## Legal Analysis

### I. The United States District Court for the District of Columbia does not have Personal jurisdiction over Defendants

As Plaintiffs correctly point out, they have the burden of making a prima facie showing that the Court has personal jurisdiction over a defendant. See Davis v. Grant Park Nursing Home LP, 639 F. Supp. 2d 60 (D.D.C. 2009). To meet this burden, Plaintiffs "must allege specific facts on which personal jurisdiction can be based; [they] cannot rely on conclusory allegations." Walton v. Bureau of Prisons, 533 F.Supp. 2d 107, 112 (D.D.C. 2008).

Plaintiffs assert in their Supplemental Memorandum in Opposition that the Court has personal jurisdiction over Defendants based on conspiracy jurisdiction. However, "[a]s with other forms of personal jurisdiction, conspiracy jurisdiction requires a *prima facie* showing of the pertinent jurisdictional facts." Jin v. Ministry of State Sec., 335 F.Supp. 2d 72 (D.D.C. 2004). In addition, Plaintiffs must plead with particularity the factual elements of conspiracy. See Id. Thus, "[t]o prevail on a theory of jurisdiction, courts . . . traditionally require a *prima facie* showing of (1) conspiracy (2) in which the defendant participated and (3) a co-conspirator's overt act within the forum, subject to the long-arm statute." Id.

A. Conspiracy Jurisdiction

Rather than respond to the traditional personal jurisdiction analysis under the District of Columbia's Long-Arm Statute as set forth in Defendants' Memorandum in Support of Motion to Dismiss, Plaintiffs argue that this Court has personal jurisdiction over these Defendants based on conspiracy jurisdiction. However, as stated above, to prevail under this theory of jurisdiction, Plaintiffs must plead with particularity: the

existence of a conspiracy against the Plaintiff in which these Defendants participated, and a co-conspirator's overt act in the furtherance of the conspiracy occurring in the District of Columbia that was subject to the Long-Arm Statute. Even if Plaintiffs have sufficiently alleged particular facts against these Defendants indicating the acts of an alleged conspiracy (which these Defendants do not concede), as discussed below Plaintiffs have failed to allege any overt acts of an alleged conspiracy occurring in the District of Columbia which are subject to the Long Arm Statute. Such failure is fatal to Plaintiffs' argument that the Court has personal jurisdiction based on conspiracy jurisdiction.

B. Long Arm Statute

"As with other forms of personal jurisdiction, conspiracy jurisdiction requires a *prima facie* showing of the pertinent jurisdictional facts." Jin, 335 F. Supp 2d. at 78. The court's jurisdiction is based on D.C.'s Long Arm Statute which states that the court has personal jurisdiction of conspirators acting outside the forum when they are:

> (1) transacting any business in the District of Columbia;
> (2) Causing tortious injury in the District of Columbia by an act or omission in the District of Columbia, and
> (3) causing tortious injury in the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered in the District of Columbia.
> . . .

D.C. Code § 13-423(a)(1981). However, the District of Columbia recognizes the "government contacts" exception, which exists to exclude from jurisdiction consideration a defendant's contacts with federal instrumentalities. World Wide Minerals Ltd. v. Republic of Kazakhstan, 116 F. Supp.2d 98 (200). See, Environmental Research International, Inc. v. Lockwood Greene Engineers, Inc., 35 A.2d 808 (D.C. Ct. App.

1976); Cellutech v. Centennial Cellular Corp., 871 F.Supp. 46 (D.D.C. 2000); Nat'l Coal Association v. Clark, 603 F. Supp. 668 (D.D.C. 1984).

"The exception has arisen from the District of Columbia's unique character as the home of the federal government." World Wide, 116 F.Supp. at 105. "This exception precludes the assertion of personal jurisdiction over a non-resident whose only contacts with the District of Columbia are for the purposes of dealing with a federal agency or Congress." Cellutech,. 871 F. Supp. at 50.

The exception is relevant here as Plaintiffs have noted in their Opposition Memo that this Court has personal jurisdiction over the Defendants based on governmental relationships. Plaintiffs Memo is replete with the contentions that: "'State of South Carolina Defendants' transact business within the District of Columbia through the United States treasury funding of various law enforcement programs, health care programs, and social service funding;" "[t]he Defendant FBI personnel ultimately report to FBI Headquarters in Washington, D.C.;" "substantial business related financial transactions and regulatory guidelines have been issued and both have and are occurring between the United States Treasury Department and other government regulatory agencies in Washington DC and the 'Defendants;'" "Medicare and Medicaid payments and related administrative regulations from Medicare and Medicaid both headquartered in Washington, DC impact the business, financial and administrative practices of the SC DSS Defendants and '[t]he Palmetto Health Defendants.'" Based on these connections, Plaintiffs state that "[t]here should be no question as to the business and financial ties between 'The Defendants' and forum of Washington, DC." (See Plaintiffs' Memo in Opp. to Defendants' Mot. to Dismiss).

Plaintiffs' allegations of contacts fail when tested against the government contacts exception. Plaintiffs only allege contacts with federal agencies to bring the Defendants into the District of Columbia's Long Arm Statute. However, according to District of Columbia jurisprudence, contacts with federal agencies cannot be used as a source of personal jurisdiction. Therefore, Plaintiffs fail the third prong of the Manook test[2] and this Court cannot have personal jurisdiction over the Defendants based on conspiracy jurisdiction.

c. Traditional Personal Jurisdiction

Despite Plaintiffs' lack of response to the traditional personal jurisdiction analysis as set forth in Defendants' Memorandum in Support of Motion to Dismiss, Defendants continue to maintain that there are no sufficient allegations to maintain conspiracy jurisdiction and that this court does not have personal jurisdiction under traditional analysis.

As noted *supra*, Plaintiffs have the burden of making a *prima facie* showing that the Court has personal jurisdiction over a defendant. See Davis v. Grant Park Nursing Home LP, 639 F.Supp.2d 60 (D.D.C. 2009). To meet this burden, Plaintiffs "must allege specific facts on which personal jurisdiction can be based; [they] cannot rely on conclusory allegations." Walton v. Bureau of Prisons, 533 F.Supp.2d 107, 112 (D.D.C.2008). Plaintiffs have failed to allege the necessary facts.

"To establish personal jurisdiction over a non-resident, a court must engage in a two-part inquiry: A court must first examine whether jurisdiction is applicable under the

[2] The Manook Test was established in Estate of Manook v. Research Triangle Inst. Int'l, where the Court held that "[f]or conspiracy jurisdiction within the District of Columbia, the plaintiff must alleged: (1) the existence of a civil conspiracy; (2) the defendant's participation in the conspiracy; and (3) an overt act by a coconspirator within the forum, subject to the long-arm statute, and in furtherance of the conspiracy…" Estate of Manook v. Research Triangle Inst. Int'l, 693 F. Supp. 2d 4, 15 (D.D.C. 2010).

state's long arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." GTE New Media Services, Inc. v. Bellsouth Corp., 199 F.3d 1343, 1347, 339 U.S. App. C.C. 332, 336 (Ct. App. 2000).

The District of Columbia's long arm statute is D.C. Code Ann. § 13-423(a)(1981), which provides in pertinent part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's - -
>
> (1) transacting any business in the District of Columbia; …
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.

D.C. Code Ann. § 13-423(a)(1981).

To show that the exercise of personal jurisdiction is within the permissible bounds of the Due Process Clause "…a plaintiff must show 'minimum contacts' between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" GTE New Media Services, Inc. v. Bellsouth Corp., supra, citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). "Under the 'minimum contacts' standard, courts must ensure that 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" Id. citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980).

The District of Columbia's long arm statute does not reach these Defendants. There are no allegations in the Second Amended Complaint that these Defendants transacted any business in the District of Columbia or that they caused any tortious injury in the District of Columbia by an act or omission in or outside of the District of Columbia. Even if the Court determines that these Defendants did cause tortious injury in the District of Columbia by an act or omission outside the District of Columbia, the long arm statute still does not reach these Defendants because they do not regularly conduct or solicit business in the District of Columbia, they do not engage in any other persistent course of conduct in the District of Columbia, and they do not derive substantial revenue from goods used or consumed, or services rendered, in the District of Columbia. These Defendants do not have the "minimum contacts" with the District of Columbia that would cause them to be subject to the personal jurisdiction of this Court. Furthermore, these Defendants do not have any connection with the District of Columbia such that they should reasonably anticipate being haled into court in the District of Columbia.

Accordingly, the United States District Court for the District of Columbia does not have personal jurisdiction of these Defendants and this lawsuit should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

## II. Venue is not proper in the United States District Court for the District of Columbia

These Defendants have moved to dismiss this lawsuit pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure because venue is not proper in this Court.

Plaintiffs have the burden of establishing that venue is proper. See Vaukus v. U.S., 691 F.Supp.2d 119 (D.D.C., 2010).

In the Memorandum of Law in Support of these Defendants' Motion to Dismiss, Defendants argued that The Second Amended Complaint does not allege jurisdiction founded solely on diversity of citizenship. It alleges federal question jurisdiction based on the Defendants' violations of the Federal Tort Claims Act, a *Bivens* action, violations of the Plaintiffs' civil rights under 42 U.S.C. §§ 1981, 1983 and 1985 and violations of the Racketeer Influenced and Corrupt Organizations Act, as well as South Carolina state law claims. Consequently, the applicable federal venue provisions can be found at 28 U.S.C. § 1391(b) of the United States Code which states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omission giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). All of the Defendants in this lawsuit do not reside in the same state, so § 1391(b)(1) is inapplicable. There is a district in which this lawsuit may be brought, so § 1391(b)(3) is inapplicable. The overwhelming majority of the alleged acts in the Second Amended Complaint are alleged to have occurred in South Carolina (See Second Amended Complaint, generally; ECF Docket Entry #12), so § 1391(b)(2) is the applicable subsection.

South Carolina is not only the appropriate district under the venue statutes, but it is also the most appropriate and judicially efficient forum for the handling of this case. Almost all of the evidence and witnesses for this lawsuit will be located in South

Carolina. Six (6) of the Plaintiffs live in South Carolina (Id. at ¶¶ 3-8) and at least twenty six (26) of the Defendants are South Carolina state agencies, South Carolina companies or individuals living in South Carolina. (Id. at ¶¶ 11-51).

In their Opposition to these Defendants' Motion To Dismiss, the Plaintiffs have not presented any opposition or authority which refutes the Defendants' position regarding proper venue. This is not surprising because the law is as stated in the Defendants' earlier Memorandum. Clearly, the United States District Court for the District of South Carolina is the proper venue for this lawsuit and this lawsuit should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue.

**III. Additional Case Law Considerations**

Plaintiffs are incorrect in their contentions that South Carolina Court decisions support that personal jurisdiction is proper in the United States District Court for the District of Columbia. Brown v. Investment Management and Research Inc., cited in Plaintiffs' Opposition Memo, does in fact state that a Plaintiff must only make a *prima facie* showing that the court has jurisdiction for a civil action to continue and that the allegations in a Complaint are normally sufficient to warrant the exercise of jurisdiction. Brown V. Investment Management and Research Inc., 475 S.E.2d 754 (1996). However, Plaintiffs have failed to make a *prima facie* showing that jurisdiction is proper and the allegations in the Complaint are not sufficient to warrant the exercise of jurisdiction. In Brown, the plaintiffs properly pled facts that put them within South Carolina's Long Arm Statute. Here, Plaintiffs have failed to plead facts that put them within the United States District Court for the District of Columbia's personal jurisdiction.

Further, Plaintiffs cite Hammond v. Butler, Means, Evans, & Brown for the proposition that whenever a Plaintiff alleges a civil conspiracy perpetrated by both residents of a state and nonresidents, there is personal jurisdiction over the nonresidents as long as some of the actions of conspiracy occurred within the state. Hammond. v. Butler, Means, Evans, & Brown, 388 S.E.2d 796, *cert. denied*, 498 U.S. 952 (1990). This contention is based on South Carolina law, which gives further credence to the fact that South Carolina has proper jurisdiction over these claims and not the District of Columbia.

Plaintiffs also assert that this Court should have jurisdiction based on a theory of Supplemental Jurisdiction. 28 U.S.C. § 1367 gives Federal District Courts jurisdiction over state law claims, which form part of the same case or controversy. Here, Plaintiffs have alleged violations of South Carolina state law, thereby making the federal courts of South Carolina the proper courts to have supplemental jurisdiction over the claims.

## CONCLUSION

For the reasons stated in the Memorandum of Law in Support of these Defendants' Motion to Dismiss and for those additional reasons stated in this Reply, Defendants Palmetto Health Care, Columbia, SC; Suzanne Tillman, Individually and in her official capacity as Director with Palmetto Senior Care; Jennifer Brewton, Individually and in her official capacity with Palmetto Senior Care; Kathy Beers, Individually and in her official capacity as Administrator with Palmetto Senior, Care-White Rock; The State of South Carolina; The State of South Carolina Law Enforcement Division; Captain David Caldwell, Individually and in his official capacity with SLED; Captain Larry Gainey, Individually and in his official capacity with SLED; Mark Keel,

Individually and in his official capacity with SLED; Mike Prodan, Individually and in his official capacity with SLED; The South Carolina Department of Social Services, Columbia, SC; Princess Hodges, Individually and in her official capacity with DSS; Susan Stroman, Individually and in her official capacity with the SC Department of Social Services, SC; John Weaver, Individually and in his official capacity as the Horry County Attorney, Horry County; Horry County Police Chief, John Morgan, Individually and in his official capacity with Horry County; and Horry County, Conway, SC respectfully request that the Court grant their Motion to Dismiss.

Respectfully submitted,

s/Monte Fried
Monte Fried
WRIGHT, CONSTABLE & SKEEN, L.L.P.
One Charles Center, 16th Floor
100 North Charles Street
Baltimore, Maryland 20201

(310) 659-1300
mfried@wcslaw.com
September 28, 2010

s/William C. McDow
William C. McDow
*Pro Hac Vice*
RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street (29201)
P.O. Drawer 7788
Columbia, South Carolina 29202

(803) 576-3719
bmcdow@richardsonplowden.com
September 28, 2010

s/Eugene H. Matthews
Eugene H. Matthews
*Pro Hac Vice*
RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street (29201)
P.O. Drawer 7788
Columbia, South Carolina 29202

(803) 576-3733
gmatthews@richardsonplowden.com
September 28, 2010

s/Shelton W. Haile
Shelton W. Haile
*Pro Hac Vice*
RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street (29201)
P.O. Drawer 7788
Columbia, South Carolina 29202

(803) 576-3715
shaile@richardsonplowden.com
September 28, 2010

Attorneys for Defendants Palmetto Health Care, Columbia, SC; Suzanne Tillman, Individually and in her official capacity as Director with Palmetto Senior Care; Jennifer Brewton, Individually and in her official capacity with Palmetto Senior Care; Kathy Beers, Individually and in her official capacity as Administrator with Palmetto Senior, Care-White Rock; The State of South Carolina; The State of South Carolina Law Enforcement Division; Captain David Caldwell, Individually and in his official capacity with SLED; Captain Larry Gainey, Individually and in his official capacity with SLED; Mark Keel, Individually and in his official capacity with SLED; Mike Prodan, Individually and in his official capacity with SLED; The South Carolina Department of Social Services, Columbia, SC; Princess Hodges, Individually and in her official capacity with DSS; Susan Stroman, Individually and in her official capacity with the SC Department of Social Services, SC; John Weaver, Individually and in his official capacity as the Horry County Attorney, Horry County; Horry County Police Chief, John Morgan, Individually and in his official capacity with Horry County; and Horry County, Conway, SC

**CERTIFICATE OF SERVICE**

This is to certify that on this 28th day of September, 2010, a copy of the above DEFENDANTS' REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION T0 DEFENDANTS' MOTION TO DISMISS (ECF DOCKET ENTRY #54) was electronically transmitted to the Clerk of Court using the ECF System for filing, and copies of the Brief were mailed, with sufficient postage affixed thereto and return address clearly marked, to the following:

Bruce Benson
848 North Rainbow Blvd., Suite 214
Las Vegas, NV 89107-1103

Dan Green
5777 W. Century Blvd., Suite 1060
Los Angeles, CA 90045

Doris E. Holt
7001 St. Andrews Road, Suite 183
Columbia, SC 29212

Rodney Lail
P.O. Box 2753
Myrtle Beach, SC 29578

Irene Santacroce
205 Deer Trace Circle
Myrtle Beach, SC 29588

Marguerite Stephens
207 Deer Trace Circle
Myrtle Beach, SC 29588

Ricky Stephens
207 Deer Trace Circle
Myrtle Beach, SC 29588

Nicholas C. Williamson
8005 White Ash Court
Oak Ridge, NC 27310

Virginia Williamson
8005 White Ash Court
Oak Ridge, NC 27310

E. Glenn Elliott
Aiken Bridges Elliott Tyler & Saleeby, PA
P.O. Drawer 1931
Florence, SC 29503
*(Defendant, E. Glenn Elliott, pro se, individually and in his capacity with the Aiken Bridges law firm)*

Jay Saleeby
Aiken Bridges Elliott Tyler & Saleeby, PA
P.O. Drawer 1931
Florence, SC 29503
*(Defendant, Jay Saleeby, pro se, individually and in his capacity with the Aiken Bridges law firm)*

Robert E. Lee
Aiken Bridges Elliott Tyler & Saleeby, PA
P.O. Drawer 1931
Florence, SC 29503
*(Defendant, Robert E. Lee, pro se, individually and in his capacity with the Aiken Bridges law firm)*

Andrew Lindemann
P.O. Box 8568
Columbia, SC 29202
*(Defendant Pro Se)*

/s/
Monte Fried