# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| ) | |
| Rodney Lail, et al.,  ) | |
| ) | |
| Plaintiffs,  ) | |
| )  | **C.A. No. 10-CV-210-PLF** |
| v.  ) | |
| ) | |
| United States Government, et al.,  ) | |
| ) | |
| ) | |
| Defendants.  ) | |
| ) | |
| _____ ) | |

# PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT ACADEMY GROUP INC'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT (DOCUMENT No. 50)

*Pro Se* plaintiffs in the above caption case hereby file their brief in Opposition to the Defendant Academy Group Inc.'s Motion to Dismiss or in the Alternative Motion for Summary Judgment (Document No. 50).

I. **Statement of Facts.**

The Defendants' Motion to Dismiss (Document No. 50) is predicated in large part on their claims that there was no business relationship between Noel Herold and the Academy Group, Inc., and the only official relationship the Academy Group had with Noel Herold was through "Vaudeo Forensics of Manassas, Va." from 1998 – 2003 **(Document No. 50, Pg. 15, Lines 15 &16).**

However, Noel Herold testified under oath in his Discovery Deposition on March 9, 2007, that *"The only affiliation I have officially is with the Academy Group, which are retired behavioral science agents."* **(See Exhibit One, attached hereto, Discovery Deposition, March 9, 2007, Pg. 12, Lines 9 – 11).**

There is no listing of a "Vaudeo Forensics of Manassas, Va., as maintaining the required license(s) to do business in the state of Virginia from 1998 to 2007, that the *Pro Se* Plaintiffs could locate through the applicable Virginia licensing agencies where such listing was required to have been made under law **(See Exhibit Two, attached hereto).**

In this particular case Noel Herold services in question was paid for by funds from the United States Government. (See Plaintiffs' Complaint ¶ 122.) The circumstances of how the funds were received by Noel Herold through what business arrangement is now unclear. According to filings in this Court on September 17, 2010, and September 24, 2010, The United States Attorney claims

Noel Herold was a direct employee of the United States Government during the applicable period of times during the matters under litigation in this Court and as such he is being represented by the United States Attorney Kenneth Adebonojo **(See Documents No. 53 & No. 56)**.

Noel Herold testified numerous times under oath he retired from the FBI in 1996 **(As an example, see Exhibit Two attached hereto, March 9, 2007, Discovery Deposition, Page 13, Lines 8 & 9).**

In the intelligence community it is standard practice to use "cutouts" to disguise employment relationships and it is imperative to have discovery to uncover the actual relationship to determine responsibility for the tort acts committed against the *Pro Se* Plaintiffs.

## II. *Pro Se* Plaintiffs have a Right to Their Day in Court to Determine the responsibility of the torts Committed against them.

The United States Supreme Court determined that the Plaintiffs have a right through the Courts to determine the defendants responsible for the various tort damages suffered by the Plaintiffs, in [Price Waterhouse v. Hopkins](.) the Supreme Court ruled"

> "…in the area of tort liability, from whence the dissent's "but-for" standard of causation is derived, see post, at 282, the law has long recognized that in certain "civil cases" leaving the burden of persuasion on the plaintiff to prove "but-for" causation would be both unfair and destructive of the deterrent purposes embodied in the concept of duty of care. Thus, in multiple causation cases,

where a breach of duty has been established, the common law of torts has long shifted the burden of proof to multiple defendants to prove that their negligent actions were not the "but-for" cause of the plaintiff's injury. See e. g., Summers v. Tice, 33 Cal. 2d 80, 84-87, 199 P. 2d 1, 3-4 (1948). The same rule has been applied where the effect of a defendant's tortious conduct combines with a force of unknown or innocent origin to produce the harm to the plaintiff. See Kingston v. Chicago & N. W. R. Co., 191 Wis. 610, 616, 211 N. W. 913, 915 (1927) ("Granting that the union of that fire [caused by defendant's [*264] [**1798] negligence] with another of natural origin, or with another of much greater proportions, is available as a defense, the burden is on the defendant to show that . . . the fire set by him was not the proximate cause of the damage"). See also 2 J. Wigmore, Select Cases on the Law of Torts § 153, p. 865 (1912) ("When two or more persons by their acts are possibly the sole cause of a harm, or when two or more acts of the same person are possibly the sole cause, and the plaintiff has introduced evidence that one of the two persons, or one of the same person's two acts, is culpable, then the defendant has the burden of proving that the other person, or his other act, was the sole cause of the harm")."

Price Waterhouse v. Hopkins, 490 U.S. 228, 263-264 (U.S. 1989)

In the case before this Court the *Pro Se* Plaintiffs suffered various serious tort damages and it would be both inequitable and unconscionable to allow the Academy Group, Inc., released from the case without proper discovery being conducted by the *Pro Se* Plaintiffs and the findings of such discovery be used to lawfully bring the defendants to justice in this Court.

There are clearly to many conflicting statements under oath to determine the extent of a particular defendants role without discovery and AGI's role is already

suspect as they have admitted in this Court to have conducted business with an entity that does not lawfully exist and with an individual whose credentials are clearly falsified.  It would of course be in the best interests of AGI to keep covered up the relationship already testified to exist by Noel Herold in a sworn deposition. The existence and nature of such an agreement with various defendants the nature of which cannot be clearly defined until a proper discovery is conducted.

## II. Response to Document No. 50, Citations of Law

*Pro Se* Plaintiffs set forth that it is premature to argue points of law raised by Defendant AGI beyond that of moving forward in discovery as until such discovery is conducted to determine (1) the exact role of AGI in the various tort acts, (2)  the actions of personnel with AGI in the tort acts is determined, and (3) the extent of the role that AGI and other Defendants including the FBI and Noel Herold acted together in these matters (which at some point entailed a business relationship the legitimacy of which is already thought to be very questionable according to laws of the State of Virginia based on AGI's own admissions in Document No. 50).  Arguing without discovery the various roles that AGI acted in is an exercise of futility and as such is an attempt to have the Court prematurely make rulings without the allowance of the necessary process of discovery the Plaintiffs need to properly respond. In their arguments in Document No. 50, AGI makes statements such as there was no business relationship, and then expects this

Court to take their statements as if written by the hand of God on Mount Sinai and that, therefore, there is no need for discovery. AGI then presents case and statute law based on their dictums and presents a conclusion it arrogantly expects the Court to accept on AGI's self serving pronouncements.

The *Pro Se* Plaintiffs believe that given the myriad of continuing unraveling stories of various business relationships that discovery is necessary and that any such dictums by AGI need to stand the test of discovery before applicable law can be determined and presented by any party to this action.

### III. Conclusion.

Accordingly, plaintiffs respectfully request that the Academy Group, Inc.'s Motion to Dismiss and in the Alternative Motion for Summary Judgment (Document No. 50) be denied in its entirety.

Respectfully submitted this 5th day
of October, 2010 by,

                                                      Doris Holt[1], *Pro Se*
                                                      Suite 183
                                                      7001 Saint Andrews Rd.
                                                      Columbia, SC, 29212

                                                      James B. Spencer, *Pro Se*
                                                      Suite 183
                                                      7001 Saint Andrews Rd
                                                      Columbia, SC, 29212

---

[1] Executed for Doris Holt by her personally appointed Durable POA *Pro Se* Plaintiff, James Spencer.

_____
Rodney K. Lail, Plaintiff, *Pro Se*
608 18th Avenue North
Myrtle Beach, SC 29577
(843) 626-3229

_____
Irene Santacroce, Plaintiff, *Pro Se*
205 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 455-0891

_____
Ricky Stephens, Plaintiff *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 283-6751

_____
Marguerite Stephens, Plaintiff, *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 283-6751

_____
Bruce Benson, Plaintiff, *Pro Se*
848 N. Rainbow Bl., Suite 214
Las Vegas, Nevada 89107-1103
(702) 524-9006

_____
Dan Green, Plaintiff, *Pro Se*
848 North Rainbow Blvd., Suite 170
Las Vegas, Nevada 89107
(310) 337-2820

_____
Nicholas C. Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, North Carolina 27310
(336) 210-0672

_____
Virginia Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, North Carolina 27310
(336) 210-0672

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2010, I electronically filed the foregoing ***PRO SE* PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT ACADEMY GROUP, INC.'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT (DOCUMENT NO. 50)**, with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Kevin M. Murray, Esquire
Carr Maloney, P.C.
1615 L. Street, N. W., Suite 500
Washington, DC 20036
(202) 310-5500 - Telephone Number
(202) 310-5555 - Facsmile
Kmm@carrmalony.com

By: /s/
James Spencer
Suite 183
7001 Saint Andrews Road
Columbia, SC 29212
E-mail: JamesBSpencer@sc.rr.com
(803) 414-0889