IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RODNEY LAIL, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No.:  10-0210 (PLF) |
| | : | |
| THE UNITED STATES | : | |
| GOVERNMENT, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT THE ACADEMY GROUP INC.'S, REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT

In support of its Motion to Dismiss, or in the alternative, Motion for Summary Judgment, and in Reply to Plaintiffs' Opposition to same, Defendant Academy Group, Inc. ("AGI"), asserts the following:

**A.     Plaintiffs' Opposition Fails to Address Any of the Legal
         Arguments in AGI's Motion.**

Plaintiffs' Opposition offers no rebuttal to AGI's legal arguments and instead argues that Plaintiffs are entitled to their day in court.  (Opposition Memo. pg. 3)  Plaintiffs fail to address how the Second Amended Complaint sufficently sets out facts establishing vicarious liability. Plaintiffs fail to address why they are entitled to relief against a private entity for claimed deprivation of constitutional rights.  Plaintiffs have also failed to allege any additional facts which support their conclusion that a respondeat superior relationship existed between AGI and Noel Herold.  Accordingly, AGI is entitled to relief and all counts against AGI should be dismissed with prejudice.

**B.      Plaintiffs Have Failed to Allege Facts Supporting a
             Claim for Vicarious Liability.**

Plaintiffs assert claims against AGI on a theory of vicarious liability.  (Count VIII).
Plaintiffs conclude that Noel Herold acted "with the Academy Group" and "in the scope and
course of his work for the Academy Group".  (Compl. ¶ 286).  Plaintiffs fail to allege any facts to
support these legal conclusions.  In contradiction to Plaintiffs' contention, Plaintiffs specifically
allege "at all material times Noel Herold was an *independent contractor working for the FBI*"
and the "FBI controlled the detailed physical performance of Noel Herold and exercised
substantial supervision over day-to-day activities of Noel Herold…"  (Compl. ¶ 241)(emphasis
added).  Plaintiffs also allege the U. S. Government compensated Herold for his services as an
expert witness.  (Compl. ¶ 122).

The Second Amended Complaint is completely devoid of any facts supporting Plaintiffs'
vicarious liability claim against AGI.  Plaintiffs do not allege Noel Herold was employed by
AGI.  Plaintiffs do not allege Noel Herold served as the defendants' expert witness in the
underlying matters through AGI.  Plaintiffs do not allege how, when, or are in what capacity
AGI was involved in the underlying matters in any way, shape or form.  In fact, Plaintiffs make
factual allegations that directly conflict with Plaintiffs' conclusion that a *respondeat superior*
relationship existed between AGI and Herold.

Conclusory allegations or legal conclusions masquerading as factual allegations will not
survive a motion to dismiss.  *Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004);
*Bender v. Suburban Hosp., Inc*., 159 F.3d 186, 192 (4th Cir. 1998).  Plaintiffs have failed to
allege facts sufficient to raise the right of relief above the speculative level that a *respondeat
superior* relationship between AGI and Noel Herold.  Accordingly, all counts against AGI

should be dismissed with prejudice.

### C. Noel Herold Did Not Perform Any Professional Services For, Through, or In Connection with AGI at Any Time Relevant to This Matter.

Plaintiffs' claims against AGI are based entirely on Plaintiffs' Attachment to Exhibit One to Plaintiffs' Opposition, seven lines allegedly taken from Noel Herold's deposition transcript. Plaintiffs do not attach the deposition transcript or even a portion thereof.  Plaintiffs do not provide the previous or subsequent text from the alleged excerpts.  Plaintiffs do not provide any context whatsoever as to the alleged statements of Noel Herold.   Yet, Plaintiffs contend that these seven lines, indicating only some unspecified affiliation between Herold and AGI, some how establish a *respondeat superior* relationship in regard to Herold's specific acts related to this matter.

Plaintiffs' Opposition asserts additional facts which support the position that no respondeat superior relationship existed between AGI and Noel Herold by referring to filings in the current proceedings by the United States Attorney claiming Noel Herold was a direct employee of the United States Government during all relevant times to this matter.  (Opposition Memo. pg. 2).  Plaintiffs do not allege or refer to any evidence that Noel Herold was employed by AGI.  According to Plaintiffs, Noel Herold allegedly testified he was *affiliated*  with AGI, although Plaintiffs do not provide when or how the defendants were affiliated or in what context Herold allegedly made this statement.  (Opposition Memo. pg. 2).  In viewing the allegations and evidence in light most favorable to Plaintiffs, even if Herold was affiliated with AGI in some capacity, this does not support Plaintiffs' conclusion that an employee-employer relationship existed, or even if it existed at sometime, that it was related in any way to Herold's alleged acts in

this matter.

Pursuant to a diligent search for records, AGI has found no evidence which connects AGI to Herold, or any of the parties or allegations contained in Plaintiffs' Complaint.  (See Affidavit attached to AGI's Motion to Dismiss as Exhibit A).  Plaintiffs fail to allege any facts which support Plaintiffs' conclusion that AGI employed Noel Herold at anytime relevant to the Complaint.  Accordingly, all counts against AGI should be dismissed with prejudice.


**D.**      **Plaintiffs Cannot Maintain an Action for Deprivation of Constitutional Rights Against Private Entities.**

Plaintiffs fail to explain how or why they are entitled to relief against a private entity for alleged deprivation of constitutional rights.   In order to state a claim under 42 U.S.C. § 1983 plaintiff must allege violation of a right secured by the Constitution and laws of the United States by someone acting under the color of state law.[1]   Plaintiffs have failed to identify any state law, regulation or ordinance under which AGI or Noel Herold acted.  Accordingly, Count VIII of the Second Amended Complaint should be dismissed with prejudice.

---

[1] *W. v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (U.S.N.C. 1988) citing *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978).

Respectfully submitted,

THE ACADEMY GROUP, INC.,
By Counsel

By:      ____/S/_____
Kevin M. Murphy, Esquire
Carr Maloney P.C.
1615 L Street, N.W., Suite 500
Washington, D.C.  20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)
kmm@carrmaloney.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing *Defendant The Academy Group Inc.'s, Reply To Plaintiffs' Opposition To Motion To Dismiss/Motion For Summary Judgment* was electronically filed and mailed via U.S. Mail, postage prepaid, on this 12th day of October, 2010, to:

*Via U.S. First Class Mail*

Doris  E. Holt, *Pro Se*
Suite 183
7001 Saint Andrews Rd.
Columbia, SC  29212

James B. Spence, *Pro Se*
Suite 183
7001 Saint Andrews Rd.
Columbia, SC  29212

Rodney K. Lail, Plaintiff, *Pro Se*
608 18th Avenue North
Myrtle Beach, SC  29577

Irene Santacroce, Plaintiff, *Pro Se*
205 Deer Trace Circle
Myrtle Beach, SC  29588

Ricky Stephens, Plaintiff, *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588

Marguerite Stephens, Plaintiff, *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588

Bruce Benson, Plaintiff, *Pro Se*
848 N. Rainbow Blvd., Suite 491
Las Vegas, NV  89107

Dan Green, Plaintiff, *Pro Se*
5777 West Century Boulevard
Suite 1060
Los Angeles, CA  90045

Nicholas C. Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, NC  27310

Virginia Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, NC  27310

Paul T. Collins
Nelson Mullins Riley & Scarborough LLP
1320 Main Street
Meridian, 17th Floor
Columbia, SC  29201

**Defendants**

Kenneth Adebonojo, Esquire
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Civil Division
Washington, D.C.  20530
***Counsel for Defendants Paul Gardner, David M. Hardy,***
***Kerry Haynes, Noel Herold, Thomas Isabella, Jr.***
***Michael Kirkpatrick, Thomas Marsh, Monte Dell McKee***
***George Skaluba, Chris Swecker, Matt Perry, N. John Benson,***
***Phil Celestini,David Caldwell***

Monte Fried, Esquire
WRIGHT, CONSTABLE & SKEEN, L.L.P.
100 North Charles Street
Suite 1600
Baltimore, MD 21202-3805

Eugene H. Matthews, Esquire
RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street
P.O. Drawer 7788
Columbia, SC 29202

Shelton W. Haile, Esquire
RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street
P.O. Drawer 7788
Columbia, SC 29202
Email: shaile@richardsonplowden.com

William C. McDow, Esquire
RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street
P.O. Drawer 7788
Columbia, SC 29202
Email: bmcdow@richardsonplowden.com
***Counsel for Defendants***

**<u>Defendant</u>**
**LARRY GAINEY**

Monte Fried, Esquire
(See above for address)

Eugene H. Matthews, Esquire
(See above for address)

Shelton W. Haile, Esquire
(See above for address)

**W**illiam C. McDow, Esquire
(See above for address)
***Counsel for Defendant***

**<u>Defendants</u>**
**MICHAEL KIEL**
**MIKE PRODAN**

Monte Fried, Esquire
(See above for address)

Eugene H. Matthews, Esquire
(See above for address)

Shelton W. Haile, Esquire
(See above for address)

William C. McDow, Esquire
(See above for address)
***Counsel for Defendants***


**Defendants**
**ROBERT M. STEWART**
**KATHY BEERS**

Monte Fried, Esquire
(See above for address)

Eugene H. Matthews, Esquire
(See above for address)

Shelton W. Haile, Esquire
(See above for address)

William C. McDow, Esquire
(See above for address)
***Counsel for Defendants***

**UNIHEALTH POST ACUTE**
**CARE OF COLUMBIA**

Oliver Garcia, Esquire
AEGIS LAW GROUP LLP
901 F Street, NW
Suite 500
Washington, D.C. 20004-1421
Email: ogarcia@aegislawgroup.com

Jason E. Bring, Esquire
Andrew B. Flake, Esquire
ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W., Suite 2100
Atlanta, Georgia  30363
***Counsel for Defendants UniHealth Post-Acute Care-***
***Columbia, LLC and Brenda Hughes***

**Defendant**

**JOHN DOES**
*Individually and in their official
capacity*

**JENNIFER BREWTON**
*Individually and in her official
capacity with Palmetto Senior Care*

Monte Fried, Esquire
(See above for address)

Eugene H. Matthews, Esquire
(See above for address)

Shelton W. Haile, Esquire
(See above for address)

William C. McDow, Esquire
(See above for address)
***Counsel for Defendant***

**STATE OF SOUTH CAROLINA**

Monte Fried, Esquire
(See above for address)

Eugene H. Matthews, Esquire
(See above for address)

Shelton W. Haile, Esquire
(See above for address)

William C. McDow, Esquire
(See above for address)
***Counsel for Defendant***

**STATE OF SOUTH CAROLINA
LAW ENFORCEMENT
DIVISION**
*SLED*

Monte Fried, Esquire
(See above for address)

Eugene H. Matthews, Esquire
(See above for address)

Shelton W. Haile, Esquire
(See above for address)

William C. McDow, Esquire
(See above for address)
***Counsel for Defendant***


**MARK KEEL**
*Individually and in his official
capacity with SLED*

Monte Fried, Esquire
(See above for address)

Eugene H. Matthews, Esquire
(See above for address)

Shelton W. Haile, Esquire
(See above for address)

William C. McDow, Esquire
(See above for address)
***Counsel for Defendant***


<u>**Defendant**</u>

**ANDREW LINDEMANN,** *Pro Se*
1611 Devonshire Drive
P.O. Box 8568
Columbia, SC 29202
alindermann@dml-law.com

**Defendant**

**E. GLENN ELLIOTT**
*Pro Se*
*Individually and in his capacity with*
*the Aiken, Bridges Law firm*
Aiken, Bridges, Elliott, Tyler &
Saleeby, P.A.
181 E. Evans Street, Suite 409
P.O. Drawer 1931
Florence, SC  29503
ege@aikenbridges.com

**Defendant**

**JAY SALEEBY**
*Individually and in his capacity with*
*the Aiken, Bridges Law firm*
Aiken, Bridges, Elliott, Tyler &
Saleeby, P.A.
181 E. Evans Street, Suite 409
P.O. Drawer 1931
Florence, SC  29503
jms@aikenbridges.com

**Defendant**

**ROBERT E. LEE**
*Individually and in his capacity with*
*the Aiken, Bridges Law firm*

**Defendant**

**SOUTH CAROLINA**
**DEPARTMENT OF SOCIAL**
**SERVICES**

Monte Fried, Esquire
(See above for address)

Eugene H. Matthews, Esquire
(See above for address)

Shelton W. Haile, Esquire
(See above for address)

William C. McDow, Esquire
(See above for address)
***Counsel for Defendant***


**Defendant**

**PRINCESS HODGES**
*Individually and in her official*
*capacity with DSS*

Monte Fried, Esquire
(See above for address)

Eugene H. Matthews, Esquire
(See above for address)

Shelton W. Haile, Esquire
(See above for address)

William C. McDow, Esquire
(See above for address)
***Counsel for Defendant***


**Defendant**

**SUSAN STROMAN**
*Individually and in her official*
*capacity with the SC Department of*
*Social Services*

Monte Fried, Esquire
(See above for address)

Eugene H. Matthews, Esquire
(See above for address)

Shelton W. Haile, Esquire
(See above for address)

William C. McDow, Esquire
(See above for address)
***Counsel for Defendant***

**Defendant**

**JOHN WEAVER**
*Individually and in his official capacity as the Horry County Attorney*

Monte Fried, Esquire
(See above for address)

Eugene H. Matthews, Esquire
(See above for address)

Shelton W. Haile, Esquire
(See above for address)

William C. McDow, Esquire
(See above for address)
***Counsel for Defendant***


**Defendant**

**JOHN MORGAN**
*Police Chief, Individually and in his official capacity with Horry County*

 Monte Fried, Esquire
(See above for address)

Eugene H. Matthews, Esquire
(See above for address)

Shelton W. Haile, Esquire
(See above for address)

William C. McDow, Esquire
(See above for address)
***Counsel for Defendant***

**Defendant**

**HORRY COUNTY**

Monte Fried, Esquire
(See above for address)

Eugene H. Matthews, Esquire
(See above for address)

Shelton W. Haile, Esquire
(See above for address)

William C. McDow, Esquire
(See above for address)
*Counsel for Defendant*


**Defendant**

**SEAN MARKHAM**

Mary S. Diemer, Esquire
Nelson Mullins Riley &
   Scarborough, LLP
101 Constitution Avenue, N.W.
Suite 900
Washington D.C. 20001
mary.diemer@nelsonmullins.com

Paul T. Collins, Esquire
(Pro Hac Vice)
Nelson Mullins Riley &
Scarborough, LLP
1320 Main Street, 17th Floor
Columbia, SC  29202
Paul.collins@nelsonmullins.com
*Counsel for Defendant*


**Defendant**

**SUSAN STEWART**

Mary S. Diemer, Esquire
Nelson Mullins Riley &
   Scarborough, LLP
101 Constitution Avenue, N.W.
Suite 900
Washington D.C. 20001

Paul T. Collins, Esquire
(Pro Hac Vice)
Nelson Mullins Riley &
Scarborough, LLP
1320 Main Street, 17th Floor
Columbia, SC  29202
Paul.collins@nelsonmullins.com
*Counsel for Defendant*


**Defendant**


**PALMETTO HEALTH CARE**
Monte Fried, Esquire
(See above for address)

Eugene H. Matthews, Esquire
(See above for address)

Shelton W. Haile, Esquire
(See above for address)

William C. McDow, Esquire
(See above for address)
*Counsel for Defendant*

**<u>Defendant</u>**

**SUZANNE TILLMAN**
*Individually and in her official*
*capacity as Director with Palmetto*
*Senior Care*

Monte Fried, Esquire
(See above for address)

Eugene H. Matthews, Esquire
(See above for address)

Shelton W. Haile, Esquire
(See above for address)

William C. McDow, Esquire
(See above for address)
***Counsel for Defendant***

_____/S/_____
Kevin M. Murphy, Esquire
kmm@carrmaloney.com