# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
)
Rodney Lail, et al.,                    )
                                        )
Plaintiffs,                             )
                                        )        **C.A.  No. 10-CV-210-PLF**
v.                                      )
                                        )
United States Government, et al.,       )
                                        )
                                        )
Defendants.                             )
                                        )
                                        )
_____)


## MOTION FOR FIREWALL PROTECTION
## EITHER AS SUPPLEMENT TO THE MINUTE ORDER GRANTING THE UNITED STATES GOVERNMENT DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME (DOCUMENT NO. 53) OR AS A SEPARATE COURT ORDER


*Pro Se* Plaintiffs have no objection to the expansion of time requested by the

United States Defendants as it is wise to allow the government the time necessary

to adequately protect the interests of the American people.  Moreover, it is clearly

in the interest of the American people that appropriate federal resources be applied

to properly investigate and take appropriate action for the deprivation of federally

protected rights under color of state and federal law.

*Pro Se* Plaintiffs have previously gone to the FBI several times with well founded complaints substantiated by independently certified evidence and documentation that *required* the FBI to conduct a substantive investigation, but as part of the actions alleged herein, each time the filings were made by the Plaintiff(s) such filings resulted in nothing but further retaliation against the Plaintiffs and an expanded cover-up.

The Plaintiffs request that this Court create a firewall between the defense of this case and a separate group of personnel from the FBI and the Justice Department to investigate the Plaintiffs' complaints.

The United States Defendants have a legal duty to investigate abuses of power under color of law and the Government has adequate resources delegated to properly investigate Plaintiffs' claims of civil rights violations under color of law.

Furthermore, it is prudent and justified for this Court to use this opportunity to put in place a mechanism to stop the *Pro Se* Plaintiffs from being further victimized by the United States Defendants under color of, though not within the law, by providing the Plaintiffs access to law enforcement personnel with the FBI that do not have deliberately indifferent ears.  By putting in place a mechanism for the proper investigation of complaints in these matters regarding civil rights violations under color of law the Court will provide an environment for the proper investigation of civil rights violations under color of law, that have never been

investigated and allow a proper civil rights investigation into the very entities that are supposed to uphold the civil rights guaranteed by the United States Constitution to citizens.

It is in the interest of the American public, that the United States Government functions under the United States Constitution and the government protects the individual citizen's rights guaranteed by the United States Constitution.

It is important that this Court assure the fairness of the legal system in such litigation to the public in that the United States Defendants already have virtually unlimited resources in addition to knowledge of and access to legal procedures; the *Pro Se* Plaintiffs do not have such access, due to the overwhelming differences of United States Defendants' legal representation compared to the predominantly disabled, lay *Pro Se* Plaintiffs.

*Pro Se* Plaintiffs set forth that, therefore, it is prudent, justified and necessary for this Court to use this opportunity to put in place a mechanism to stop the *Pro Se* Plaintiffs from being further victimized by the United States Defendants and other Defendants in this matter through, *inter alia*, the denial of Plaintiffs' due process of law and the denial of Plaintiffs' rights to equal protection under the 5th and 14th amendments to the United States Constitution, and put in place a mechanism for the proper investigation of civil rights violations that have never

been investigated to date including the civil rights violations that continue to victimize the *Pro Se* Plaintiffs as retaliation for the filing of this lawsuit brought before this Honorable Court by the *Pro Se* Plaintiffs.

## I.      BACKGROUND

There has never been a proper investigation of the *Pro Se* Plaintiffs' civil rights claims under color of law in these matters by the FBI and/or any other law enforcement entity **(See Document No. 12).**

The civil rights abuses alleged in the complaint are continuing and so blatant that the UniHealth Defendants in this matter **admitted facts supporting a finding of civil rights violations under color of law** including, but not limited to a conspiracy to deprive *Pro Se* Plaintiff Spencer and *Pro Se* Plaintiff Doris Holt of their civil rights. This was an attempt to interfere with the *Pro Se* Plaintiffs' litigating in the above captioned case.

These recent actions were specifically conceived to wrongfully set up and arrest *Pro Se* Plaintiff James Spencer as he peacefully and lawfully went to visit his 93 year old mother *Pro Se* Plaintiff Doris Holt at a retirement facility where she is being wrongfully detained against her will by Defendants in this action **(See Plaintiffs' Document No. 52, [Pg 4, line 4 to Pg 7, line 16, and Exhibit "C"] and UniHealth Defendants' Document No. 62, [UniHealth Defendants Response to Plaintiffs' Document No. 52]).**

This is a continuation of the Defendants' abuse of the *Pro Se* Plaintiffs' rights, where the Defendants know that the *Pro Se* Plaintiffs are being afforded no protection by law enforcement, and that the *Pro Se* Plaintiffs are totally vulnerable to civil rights crimes with no downside risk to the perpetrators.  Because this treatment by law enforcement is condoned by the FBI, the *Pro Se* Plaintiffs' constitutionally guaranteed rights are, effectively, non-existent and the *Pro Se* Plaintiffs do not have equal protection of the law or any protection from illegal acts during the pendency of this proceeding.

The *Pro Se* Plaintiffs have alleged in their complaint **(Document No. 12)** that the FBI has violated their civil rights in conjunction with covering up civil rights violations under color of law both with and without brutality.  The *Pro Se* Plaintiffs have been denied equal protection under the law as repeatedly documented in the Complaint **(Document No. 12).**

Individual *Pro Se* Plaintiffs filed complaints with the Federal Bureau of Investigation as documented in their Complaint **(Document No. 12, ¶¶ 94, 98, 102, 131, 135, 136, 138, 139, 142, and 143**).  However, the Washington, DC based Defendant Federal Bureau of Investigation Headquarters', in Washington DC, ("FBIHQ") and Washington DC based Defendant Justice Department's (hereinafter "Defendant Justice Department" always refers to Washington DC based) correspondence evidences the fact that the FBIHQ ignored the complaints

filed by the *Pro Se* Plaintiffs and covered up the fact such complaints were filed with the Defendant FBIHQ and the Defendant Department of Justice. **(See Exhibit "A" attached hereto.)**

In just one example, **(Document No. 12, ¶ 97)** after being presented with objective and independent evidence clearly documenting the FBI-NCIC system's criminal use in civil rights crimes with brutality under color of law, Defendant FBI SA Phil Celestini stated to Plaintiff Williamson that the local Assistant United States Attorney had decided not to prosecute the crimes associated with the criminal use of the FBI-NCIC system that entailed the *Pro Se* Plaintiffs' being deprived of their civil rights. When Plaintiff Williamson asked for an explanation as to why the clear cut criminal abuse would not be prosecuted, *Pro Se* Plaintiff Williamson was told by Defendant FBI SA Phil Celestini that, "everyone speeds, but not everyone gets a speeding ticket.

FBI SA Phil Celestini had confirmed to *Pro Se* Plaintiff Williamson, that in this case the FBI was actually conducting a selective enforcement of non-discretionary law which is, in fact, a form of discrimination against the *Pro Se* Plaintiffs. **(See Exhibit "B" attached hereto.)**

(*See footnote Number 2 below regarding the career felon involved in the civil rights crimes under color of law with brutality in this instance, but not investigated as required by 'MIOG'[1]*)."

It should be noted that the local Assistant United States Attorney does not have the legal authority to make such decisions for the FBI in such civil rights cases. **(See ["MIOG"] Document No. 12-1, Pg. 185, ¶ 44-3.1(5).)**

The story has been and is the same in every instance when a *Pro Se* Plaintiff filed a civil rights complaint under color of law with the FBI in these matters.  The required non-discretionary FBI rules and regulations were not followed and no required proper investigation was ever conducted in any instance **(See Document No. 12, ¶¶ 140, 141 and 142)**.

It appears that the FBIHQ did not and does not want the issue of the FBI-NCIC system's vulnerability to felonious criminal use brought into question.[2]  The FBI and the United States Department of Justice time and again breached their duty to protect and defend the rights guaranteed by the United States Constitution

---

[1] The FBI – "Manual of Investigative Operational Guidelines" referred to as "MIOG".

[2] **Judicial Notice** - Self confessed and convicted felon Harold Steve Hartness, a former police officer (forced to resign from the police department for "moral turpitude"), orchestrated the criminal use of the FBI-NCIC system in conjunction with bribed local law enforcement officers in committing civil rights crimes under color of law both with and without brutality against the Plaintiffs in these matters. Hartness is currently serving a multiyear sentence in federal prison for unrelated felonious federal crimes also involving the bribing of law enforcement officers.

    Magistrate Judge Dennis Howell stated in open court during Harold Steve Hartness' detention hearing on August 3, 2007 that, **"He [Harold Steve Hartness] is a danger to our system of justice."** **(*See also United States District Court for the Western District of North Carolina, Asheville Division, Case 1:07-cr-00104-TSE, Document No. 19-2, page 116, lines 17 -25 & page 117,lines 1-15*).**

to the *Pro Se* Plaintiffs and the American public in order to preserve the unjustified appearance of the integrity and reliability of the much vaunted FBI-NCIC system.

The FBI Headquarters in Washington, DC was and is required to review and make prosecutorial decisions regarding the civil rights complaints filed by the *Pro Se* Plaintiffs with the FBI under color of law concerning both with and also without brutality.  The FBIHQ did not follow **required procedures** as documented in their FBI operations manual in any one of the complaints filed by the *Pro Se* Plaintiffs. **(See Document No. 12, ¶¶ 92 – 102.)**

Further, as the cover-up expanded, the FBI brought in Noel Herold to wrongfully assist in concealing the civil rights violations under color of law both with and without brutality.  **(See Document No. 12, ¶¶ 122 - 126.)**  Noel Herold and his associate FBI contracted forensic audio expert Bruce Koenig were brought into what was, in retrospect, a mop up operation by the FBI to wrongfully impede the Constitutionally protected legal actions of *Pro Se* Plaintiffs.

Noel Herold wrongfully covered up incriminating evidence through, including but not limited to, fabricating examination results, participating in the subordination of perjury, and through the spoliation of evidence concerning incriminating police videotape evidence of civil rights violations "under color of law" with brutality including, but not limited to, physical torture and false arrest **(See Document No. 12, ¶¶ 88, 89, & 122 – 126 & *Pro Se* Plaintiffs Electronic**

**Exhibit "I" through the link below:**

[https://backup.filesanywhere.com/fs/v.aspx?v=896b658e5c666dbda8a3](https://backup.filesanywhere.com/fs/v.aspx?v=896b658e5c666dbda8a3)  ).

In the process, a multitude of wrongful steps was taken by FBI and Justice Department personnel to insure that Herold's fabricated credentials and their use of Noel Herold to present fabricated and contrived examination reports in **this and other matters** would never be brought to the attention of any Court of Justice, including this Court and the American public (**See Document No. 12, ¶¶ 123, 124 and 140**).

Despite the illicit efforts of the FBI and the Justice Department through Noel Herold to obstruct the lawful efforts of the Plaintiffs, the *Pro Se* Plaintiffs have continued to lawfully pursue their civil rights claims.  However, this case has the potential for bringing into question Defendant Noel Herold's involvement in numerous other cases he has worked on for the FBI and the Justice Department.

Through extensive efforts, the *Pro Se* Plaintiffs have identified a common thread of concern in many cases because they all involved questionable examinations, analysis and findings regarding video and/or audio recordings **that were conducted** by Defendant Noel Herold. If Noel Herold's fabricated credentials and the results of his contrived examination results were to become public, the FBI and the Justice Department would come under exacting public and Congressional scrutiny.  Such scrutiny is sought to be avoided by these

governmental entities at any cost including depriving *Pro Se* Plaintiffs of their constitutional rights.  The cases in question all involved questionable examinations and assessments of video tape and audio recordings and/or involved the **destruction** of exculpatory or incriminating evidence under circumstances that if they became public would expose the "culture of corruption" in the FBI.

Such questionable cases include, but are not limited to, the 1995 bombing of the Murrah Federal building in Oklahoma City (**Case No. 2:03-CV-339 TS & Case No. 2:04-CV-00772-DAK**), the United States Government siege of the Branch Dividian 7th Day Adventist Compound at Waco, Texas (**Andrade v. United States, 116 F. Supp. 2d 778**), the February 26, 1993, World Trade Center bombing, United States vs. Lynn Stewart, et al., (**597 F.3d 514; 2010 U.S. App. LEXIS 3772**), the case of the United States vs. Franklin C. Brown (**2008 U.S. Dist. LEXIS 13286**), the Hague war crimes tribunal regarding the Prosecutor vs. Slavko Dokmanovic, (**IT-95-13a-T**), the State of Hawaii vs. Shane Mark, (**First Circuit Court, CRs No. 03-1-0495 and 03-1-0496**) and bring into question the other cases listed on Noel Herold's CV, and cases involving Bruce Koenig and/or George Skaluba, all conducted under the auspices of the FBI.  As an example, Noel Herold's CV appears to change from case to case depending on the FBI's and/or Justice Department's desires for a specific outcome in a case irrespective of the physical evidence. (**See Exhibit "C" attached hereto.**)

Subsequent to the *Pro Se* Plaintiffs' serving notice of their intent to file Federal and State tort claims as required by law before filing the complaint, on July 29, 2009, 93 year old *Pro Se* Plaintiff Doris Holt's civil rights were violated by the Defendants as she was wrongfully taken into custody without probable cause and has not been afforded due process.  Doris Holt is still wrongfully being held as of this date against her will by Defendants in this case as detailed in the complaint. (**See Document No. 12, ¶¶ 145 – 217.**)

Despite expressions of public outrage in various news articles (**See Exhibit "D" attached hereto**) a letter to the FBIHQ Civil Rights Division in Washington, DC (**See Exhibit "E" attached hereto**), and complaints filed with local law enforcement authorities, and the filings in this Court, which were received by the Department of Justice and the FBI, no investigation has been conducted despite such an investigation being required by the FBI and the Department of Justice operational procedures regarding the civil rights violations under color of law associated with the abduction of *Pro Se* Plaintiff Doris Holt.

Civilian Defendants in this action directly involved in the abduction of Doris Holt and related wrongful actions have claimed they are not subject to civil rights crimes under color of law and other Defendants are trying to hide behind wrongfully obtained local Court orders as a defense for their wrongful acts in violation of civil rights laws. Further the civilian Defendants and South Carolina

State Defendants have also claimed that they are not subject to the venue and jurisdiction of the DC Federal District Court. (See Document No. 24, Pg. 9, [UniHealth Defendants], and Document No. 19, Pg. 4 - 6 [Palmetto Health Defendants & the State of South Carolina Defendants], and Document No. 34, Pg. 2, lines 12-22 [Defendants Susan Stewart & Sean Markham].)

Investigations of civil rights crimes "under color of law" both with and without brutality are directed out of Washington, DC by the Defendant FBI and the Defendant Justice Department, and the power to prosecute or not prosecute the perpetrators of civil rights crimes under color of law emanates from Washington, DC.  Since the protection which should have been afforded the *Pro Se* Plaintiffs, was not, the other Defendants' wrongful actions in these matters were, and are sanctioned by, if not directed by the Defendant FBIHQ and the Defendant Justice Department in Washington, DC.

The United States Supreme Court found in <u>Price Waterhouse v. Hopkins</u>:

"But-for causation is a hypothetical construct. In determining whether a particular factor was a but-for cause of a given event, we begin by assuming that that factor was present at the time of the event, and then ask whether, even if that factor had been absent, the event nevertheless would have transpired in the same way. The present, active tense of the operative verbs of § 703(a)(1) ("to fail or refuse"), in contrast, turns our attention to the actual moment of the [*241] event in question…"
<u>Price Waterhouse v. Hopkins, 490 U.S. 228, 240-241 (U.S. 1989)</u>

There is no question that if the Defendant FBIHQ had conducted a proper investigation as required when the complaint of civil rights crimes under color of

law was filed by *Pro Se* Plaintiff Spencer and *Pro Se* Plaintiff Doris Holt with FBI

SA Defendant Thomas Marsh in February 2001 (**See Exhibit H, Pg 2, Beginning**

**Paragraph 2 through Pg. 6 Paragraph 1**) or when *Pro Se* Plaintiff Williamson,

in the company of Haywood Starling[3], the former long term head of the North

Carolina State Bureau of Investigation, filed a civil rights under color of law

complaint with Defendant FBI SA Phil Celestini at the Greensboro, North Carolina

FBI office in January of 2002, (**See page 6 herein**) the enduring litany of civil

rights crimes under color of law continuing to date victimizing the *Pro Se* Plaintiffs

would not have occurred.

Acting directly as, or as defacto agents of co-conspirators in Washington,

DC who use their offices of authority in law enforcement located in Washington,

DC, to commit crimes and/or protect the perpetrators of Constitutional crimes from

prosecution, does in fact subject the other Defendants under the DC long arm

statute regardless of the existence or non-existence of standard business dealings

with the Federal Government in Washington, DC.

In <u>Agee V. Sebelius,</u> the DC District Court ruled:

> "These minimum contacts must be grounded in some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum state, thus invoking the benefits and protections of its laws."
> <u>Agee v. Sebelius, 668 F. Supp. 2d 1 (D.D.C. 2009)</u>

---

[3] Haywood Starling opined to FBI SA Celestini at the meeting in January 2002, that this was "the worst case of public corruption under color of law I had ever investigated or researched in all my years of supervisory law enforcement experience." Haywood Starling's credentials include being **Supervisor, Questioned Document Section, North Carolina State Bureau of Investigation,** a graduate of the **FBI National Academy** and a former **Director of the North Carolina State Bureau of Investigation.**

Significantly, the Palmetto Senior Care Defendants, the UniHealth Defendants, Defendants Markham and Stewart and recently an Officer of this Court, UniHealth defense counsel Jason E. Bring, through their participation in a conspiracy including the denial of *Pro Se* Plaintiff Doris Holt and *Pro Se* Plaintiff James Spencer their rights to see each other and/or for either to have access to Doris Holt's own medical records as guaranteed under South Carolina law **(See Exhibit "F" attached hereto)** and the related attempt to have Plaintiff Spencer wrongfully arrested on September 11, 2010, are through these various acts in violation of Title 18, Section 242 of the civil rights code.

These wrongful actions violating *Pro Se* Plaintiff Doris Holt and *Pro Se* Plaintiff James Spencer civil rights under color of law are still happening even while the perpetrators are subject to the jurisdiction of this Court in Washington, DC and in fact such acts are taking place to interfere with the *Pro Se* Plaintiffs attempting to litigate these legal proceedings in Washington, DC

Under Title 18 U. S. Code, Section 242, Deprivation of Civil Rights Under Color of Law, a private citizen who assists in a civil rights crime is subject to being criminally charged under this law and this law also *specifically details applicability to proprietors of nursing homes.*[4]

---

[4] See Title 18 U. S. Code, Section 242, Deprivation of Civil Rights.

Yet, despite all this, the FBIHQ in Washington, DC and the Justice Department in Washington, DC have refused to move even one finger to fulfill their obligation to protect the American public's rights guaranteed by the United States Constitution by investigating the continuing civil rights violations in these matters.

Plaintiffs both seek and welcome contact with and protection from the FBI under the supervision and protection of this Court.   Through this motion the Plaintiffs pray that this Court will ensure the Plaintiffs' Constitutional rights are in fact secured by the FBI and the Department of Justice irrespective of this lawsuit and the ramifications of a judgment in favor of the Plaintiffs as an outcome of this lawsuit.

In one research paper released during the time period relevant to the claims in this case, authored by Lieutenant Julius Tate with Eastern Michigan University School of Staff and Command, Tate concluded, "The Federal Bureau of Investigation has a worldwide reputation as an elite law enforcement agency. However, that reputation is quickly being overtaken by revelations of questionable integrity and crime fighting acumen. As a consequence, this paper opined that the Federal Bureau of Investigation's reputation has been impeached, and is unworthy of investigating corrupt police officers, unless there's some truth in the adage that 'it takes a thief to catch a thief.' Therefore, this research concluded that an

independent federal agency should be created to investigate all public corruption, and that the FBI should be relieved of such responsibilities." [5]

Tate further concluded, "Like the custom and cultures of local law enforcement agencies that it revels in investigating, the FBI has a custom and culture that smells of corruption." [6]

In summary Tate stated, "After researching the misdeeds and shenanigans of the FBI, this paper views any type of federal intervention as anathema. Because it appears that federal law enforcement agencies have traditionally lacked minimum oversight, more federal intervention may mean more abuses of the rights guaranteed by the United States Constitution."[7]

The Defendant FBI and the Defendant Justice Department not only fabricated forensic lab reports through Defendant Noel Herold and others with the FBI laboratory at Quantico, Va., and fabricated NCIC reports to conceal the civil rights crimes under color of law using Senator Lindsey Graham of the United States Judiciary Committee (the FBI Oversight Committee) as an unwitting accessory to civil rights crimes under color of law. Significantly, at the time Senator Graham was Chairman of the subcommittee on the Constitution.

---

[5] "POLICE CORRUPTION: FBI INVESTIGATIONS ARE NOT THE ANSWER", a research paper by Lieutenant Julius Tate, Eastern Michigan University School of Staff and Command, May 27, 2003, Pg. III, Lines 1 – 7, http://www.emich.edu/cerns/downloads/papers/PoliceStaff/Managing%20the%20Police%20Agency/Police%20Corruption--FBI%20Investigations%20are%20not%20the%20Answer.pdf

[6] Ibid, Pg. XXIII, Lines 8 – 9.

[7] Ibid, Pg. XL, Lines 5 – 9.

Jurisdiction of this subcommittee includes all constitutional amendments, enforcement and protection of constitutional rights, statutory guarantees of civil rights and civil liberties.  By undermining the integrity of the Chairman of this subcommittee both the Defendant FBI and Defendant Justice Department demonstrates not only a lack of respect for the United States Constitution and the American Citizen's Constitutionally guaranteed rights, but a lack of respect for the Congress and the oversight committee charged with maintaining the guidelines of integrity for the Defendant FBI and the Defendant Department of Justice.

The Defendant FBIHQ and the Defendant Justice Department also concealed information by disseminating untruthful FOIA reports to the *Pro Se* Plaintiffs. Amazingly, in one instance the FBIHQ claimed that information was not producible under the FOIA law since there was an ongoing criminal investigation.

However, the statute of limitations had already expired due to lack of action by the Defendant FBI for years after the filing by the *Pro Se* Plaintiffs.  This is another example of the Defendant FBIHQ and Defendant Justice Department covering up evidence related to civil rights crimes under color of law regarding the *Pro Se* Plaintiffs (the victims). **(See Exhibit "G" attached hereto.)**

## II.        <u>DISCUSSION</u>

The resources for protecting the *Pro Se* Plaintiffs' due process and equal protection rights should be available to the Plaintiffs regardless of the presence or absence of this lawsuit.  In the interest of protecting the American public, which is the United States Government's primary duty, notwithstanding the fact that the Government has some agents who have caused the Government to be a defendant in this case, the rights of due process and equal protection, which Plaintiffs have been denied the *Pro Se* Plaintiffs by the Defendants in these matters, need to be guaranteed for the *Pro Se* Plaintiffs by this Court.

The FBI also does not want to publicly acknowledge the ease of ability for felons to access the FBI-NCIC system for criminal purposes, an event which occurred incidentally to this case.  In this case the FBI has gone to the extent of undermining the credibility of the United States Senate Judiciary Committee. **(See Document No. 12, ¶¶ 117 – 120.)**   The FBI knowingly "certified" fabricated FBI-NCIC[8] reports and committed further fraud by knowingly submitting the fabricated "certified" FBI NCIC reports to a sitting member of the United States Senate Judiciary Committee who was also the Chairman of the United States Senate Judiciary Subcommittee on the Constitution at the time. The FBI fraudulently used the offices of United States Senator Lindsey Graham, and his position with the

---

[8] The FBI – NCIC system lists individual fleeing felons nationwide and is accessed by all law enforcement agencies, Federal, State, local and worldwide.

United States Senate Judiciary Committee to add credibility to aid in the commission of violations of the *Pro Se* Plaintiffs' constitutional rights to due process and equal protection under the United States Constitution. The undermining of the credibility and integrity of the United States Senate Judiciary Committee obviously means nothing to the FBI and the Department of Justice when it comes to preserving their undeserved reputation and baseless appearance of integrity**. (See Exhibit "H" attached hereto.)**

## Protective Mechanism

The *Pro Se* Plaintiffs Constitution rights can be guaranteed by this Court ordering the FBI to provide personnel to interview, investigate and consider action in a chain of command independent of authorities defending this case, in a manner that is documented and can be reviewed by this Court, in camera and/or in open Court.

Given the aforementioned, the only way for the *Pro Se* Plaintiffs to ensure their Constitutionally guaranteed rights of due process and equal protection of the law is for the Court to have the Government provide FBI agent(s) and appropriate lawyers from the DOJ who are guaranteed a firewall in writing by the Attorney General to investigate the alleged civil rights abuses and to report and refer abuses of state law to appropriate state authorities where the independent authority will report in writing to the Attorney General of the United States.

An objective investigation is required by **FRCP Rule 11** and is what the Government should be doing in attempting to put its defense together during the requested delay. However, the over decade long documented Defendant FBI and Defendant Justice Department's record in these matters involving the *Pro Se* Plaintiffs, empirically shows that this will not be the case.

The Defendant FBIHQ and the Defendant Justice Department in Washington, DC have failed to provide documents under the FOIA in these matters as part of the United States Government Defendants' efforts to cover up the civil rights crimes under color of law both with and without brutality regarding the *Pro Se* Plaintiffs.  **(See Exhibit "G" attached hereto.)**

What is supposed to happen is that even as the Government is doing an investigation to prepare its defense, the Government's primary responsibility is to fulfill its duty, first and foremost, in enforcing the laws of the United States and the United States Constitution for the interest of the American public.

In that regard, the 9th Circuit Court found:

> "…the prospect of non-compliance is an "exceptional condition" that justifies reference to a master. The Supreme Court recently stated in a civil rights case in which the district court issued an injunction after trial that in light of the difficulties inherent in monitoring compliance with the court's orders, and especially petitioners' established record of resistance to prior state and federal court orders designed to end their discriminatory membership practices, appointment of an administrator was well within the District Court's discretion. See Fed. Rule Civ. Proc. 53."

National Organization for Reform of Marijuana Laws v. Mullen, 828 F.2d 536, 542 (9th Cir. Cal. 1987)

The United States Supreme Court, as cited by the 9th Circuit immediately above determined in <u>Local 28 of Sheet Metal Workers' Int'l</u> that:

> "The District Court properly appointed an administrator to supervise petitioners' compliance with the court's orders. In light of the difficulties inherent in monitoring such compliance, and especially petitioners' established record of resistance to prior state and federal court orders, appointment of an administrator was well within the District Court's discretion."
>
> <u>Local 28 of Sheet Metal Workers' Int'l Ass'n v. EEOC, 478 U.S. 421 (U.S. 1986)</u>

It is clear the Defendant FBI and the Defendant Department of Justice in these instant matters are unable to both police themselves and also the other Defendants when left to their own devices.

The latest violations of the *Pro Se* Plaintiffs' civil rights which were blatantly both orchestrated and admitted to the Court by an Officer of this Court, Jason E. Bring, Esquire, to violate *Pro Se* Plaintiff Doris Holt's civil rights under color of law, by denying her rights under the South Carolina bill of rights for senior citizens **(See Exhibit "I" attached hereto)** and in concert with the local police have had *Pro Se* Plaintiff Spencer wrongly arrested for trespassing, **(See Exhibit "J" attached hereto)** is hauntingly similar to the misuse of governmental authority in <u>Adickes v. S. H. Kress & Co</u>., the United States Supreme Court found:

> "A state is responsible for the discriminatory act of a private party when the state, by its law, has compelled the act. Discriminatory acts by private parties done under the compulsion of state law offend U.S. Const. amend. XIV." **<u>Adickes v. S. H. Kress & Co., 398 U.S. 14</u>**

Therefore, Plaintiffs pray this Honorable Court in the interests of justice create a firewall between the Court designated authorities to whom the *Pro Se* Plaintiffs can reveal their whole case, just like any citizens whose civil rights under color of law have been violated are supposed to be able to do, and the Defense for the FBI and the Justice Department Defendants in this case.

The interests of the public will not be protected unless the Court orders the FBI and the Justice Department to investigate the allegations and facts, and then takes whatever action it needs to in creating an independent criminal and civilian authority to protect the public's interest in enforcing the laws and exposing the civil rights crimes regardless of the political impact on the Defendant FBI and Defendant Justice Department.

*Plaintiffs seek a hearing before this Court on the relief requested in this instant matter including the Court appointing experts, monitors and/or otherwise assuring that the Court orders that Defendant DOJ and the Defendant FBI will provide Pro Se Plaintiffs access to their authority, with a firewall between the agents assigned for this purpose and the defense of this case, such that the Court can review the actions of the FBI and DOJ in camera in terms of the response to Pro Se Plaintiffs' requests, including but not limited to, the evidence already accumulated by the Pro Se Plaintiffs and their experts.*

The actions of the Defendant DOJ and Defendant FBI will then be transparent and that in the very least there will be an apparent attempt to objectively do their duty to enforce the United States Constitution, irrespective of the *Pro Se* Plaintiffs' complaints against some of personnel of the FBI and the Department of Justice and others wrongfully acting under color of law or in concert with those wrongfully acting under color of law.

### III.          AUTHORITY

This Court has the authority to ensure fair hearings including, but not limited to, the appointment of Pretrial Masters and Rule 706 experts in the interest of justice and ensuring the rights of the public guaranteed by the United States Constitution.

### Pretrial Masters

"The appointment of masters to participate in pretrial proceedings has developed extensively over the last two decades as some district courts have felt the need for additional help in managing complex litigation. This practice is not well regulated by present Rule 53, which focuses on masters as trial participants. Rule 53 is amended to confirm the authority to appoint -- and to regulate the use of -- pretrial masters.

A pretrial master should be appointed only when the need is clear" **as it is here**. "Direct judicial performance of judicial functions may be particularly

important in cases that involve important public issues or many parties. At the extreme, a broad delegation of pretrial responsibility as well as a delegation of trial responsibilities can run afoul of Article III.

A master also may be appointed to address matters that blur the divide between pretrial and trial functions…Review of the master's findings will be de novo under Rule 53(g)(4), but the advantages of initial determination by a master may make the process more effective and timely than disposition by the judge acting alone. Determination of foreign law may present comparable difficulties. The decision whether to appoint a master to address such matters is governed by subdivision (a)(1)(C), not the trial-master provisions of subdivision (a)(1)(B)."

USCS Fed Rules Civ Proc R 53

## Rule 706.  Court Appointed Experts

(a) "Appointment. The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. An expert witness shall not be appointed by the court unless the witness consents to act. A witness so appointed shall be informed of the witness' duties by the court in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have opportunity to participate. A witness so

appointed shall advise the parties of the witness' findings, if any; the witness' deposition may be taken by any party; and the witness may be called to testify by the court or any party. The witness shall be subject to cross-examination by each party, including a party calling the witness." **USCS Fed Rules Evid R 706**

The DC District Court and DC Circuit Court have found the need for creation of mechanisms to ensure fair hearings:

> "The court found that the instant matter met the exceptional condition test of Fed. R. Civ. P. 53. The district court did not have any access to impartial expert evidence or even the benefit of the traditional adversary process to illuminate the nature of the documents in question."
> In re United States Dep't of Defense, 848 F.2d 232 (D.C. Cir. 1988)

## IV.      CONCLUSION

**THEREFORE,** the *Pro Se* Plaintiffs pray this Honorable Court in the interests of the American public and in accordance with this Court's role in assuring equal justice under the United States Constitution, appoints experts and Pre Trial Masters, composed in large part of an independent group of FBI agents and/or former FBI agents and one or more lawyers from the Criminal and Civil divisions of the Department of Justice, protected by the aforementioned firewall. These persons are individuals who specialize in dealing with violations of civil rights under color of law and include persons familiar with FBI procedures in that regard and persons with whom *Pro Se* Plaintiffs can openly speak, so that the *Pro*

*Se* Plaintiffs can receive the due process and equal protection under the law guaranteed by the United States Constitution which they have not received to date.

In furtherance of this, the *Pro Se* Plaintiffs request the Court grant an extension of time necessary to complete such an investigation.

Such actions are necessary in order to assure the proper assets and time are put into this case so that if the evidence supported allegations of the *Pro Se* Plaintiffs are found to be true, the cancer of public corruption is so great in this case that it undermines the very basis this country was founded. Such findings will ultimately bring systemic changes necessary for the United States to reestablish the principles of the United States Constitution this country was founded upon.

This the 28th day of October, 2010.

Respectfully submitted by,

Doris Holt[9], *Pro Se*
Suite 183
7001 Saint Andrews Rd.
Columbia, SC, 29212

James B. Spencer, *Pro Se*
Suite 183
7001 Saint Andrews Rd
Columbia, SC, 29212

---

[9] Executed for *Pro Se* Plaintiff Doris Holt by her personally appointed Durable POA, her son, *Pro Se* Plaintiff, James Spencer.

_____
Rodney K. Lail, Plaintiff, *Pro Se*
608 18th Avenue North
Myrtle Beach, SC 29577
(843) 626-3229

_____
Irene Santacroce, Plaintiff, *Pro Se*
205 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 455-0891

_____
Ricky Stephens, Plaintiff *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 283-6751

_____
Marguerite Stephens, Plaintiff, *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 283-6751

_____
Bruce Benson, Plaintiff, *Pro Se*
848 N. Rainbow Bl., Suite 214
Las Vegas, Nevada 89107-1103
(702) 524-9006

_____
Dan Green, Plaintiff, *Pro Se*
848 North Rainbow Blvd., Suite 170
Las Vegas, Nevada 89107
(310) 337-2820

_____
Nicholas C. Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, North Carolina 27310
(336) 210-0672

_____
Virginia Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, North Carolina 27310
(336) 210-0672

Page **27** of **30**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of October, 2010, I electronically filed the foregoing *PRO SE* **PLAINTIFFS' MOTION FOR FIREWALL PROTECTION EITHER AS SUPPLEMENT TO THE MINUTE ORDER GRANTING THE UNITED STATES GOVERNMENT DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME (DOCUMENT NO. 53) OR AS A SEPARATE COURT ORDER,** with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Kenneth Adebonojo, Esquire
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Civil Division
Washington, D.C. 20530

Monte Fried, Esquire
WRIGHT, CONSTABLE & SKEEN, L.L.P.
100 North Charles Street
Suite 1600
Baltimore, MD 21202-3805

Eugene H. Matthews, Esquire
RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street
P.O. Drawer 7788, Columbia, SC 29202

Shelton W. Haile, Esquire
RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street
P.O. Drawer 7788
Columbia, SC 29202
Email: shaile@richardsonplowden.com

William C. McDow, Esquire
RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street
P.O. Drawer 7788,
Columbia, SC 29202
Email: bmcdow@richardsonplowden.com

Oliver Garcia, Esquire
AEGIS LAW GROUP LLP
901 F Street, NW
Suite 500
Washington, D.C. 20004-1421
Email: ogarcia@aegislawgroup.com

Jason E. Bring, Esquire
Andrew B. Flake, Esquire
ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363

Kevin M. Murray, Esquire
Carr Maloney, P.C.
1615 L. Street, N. W., Suite 500
Washington, DC 20036
(202) 310-5500 - Telephone Number
(202) 310-5555 - Facsmile
Kmm@carrmalony.com

Andrew Lindemann, Esquire
*Pro Se*
1611 Devonshire Drive
P.O. Box 8568
Columbia, SC 29202

E. Glenn Elliott, Esquire
*Pro Se*
*Individually and in his capacity with the Aiken, Bridges Law firm*
Aiken, Bridges, Elliott, Tyler & Saleeby, P.A.
181 E. Evans Street, Suite 409
P.O. Drawer 1931
Florence, SC 29503

Jay Saleeby, Esquire
*Individually and in his capacity with the Aiken, Bridges Law firm*
Aiken, Bridges, Elliott, Tyler & Saleeby, P.A.
181 E. Evans Street, Suite 409
P.O. Drawer 1931, Florence, SC 29503

Mary S. Diemer, Esquire
Nelson Mullins Riley &
Scarborough, LLP
101 Constitution Avenue, N.W.
Suite 900
Washington D.C. 20001

Paul T. Collins, Esquire
(Pro Hac Vice)
Nelson Mullins Riley &
Scarborough, LLP
1320 Main Street, 17th Floor
Columbia, SC 29202
Paul.collins@nelsonmullins.com

Kevin M. Murphy, Esquire
Carr Maloney P.C.
1615 L Street, N.W., Suite 500
Washington, D.C. 20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)
kmm@carrmaloney.com


By: _____
James Spencer, *Pro Se*
Suite 183
7001 Saint Andrews Road
Columbia, SC 29212
E-mail:  JamesBSpencer@sc.rr.com
(803) 414-0889