## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

)
)
Rodney Lail, et al.,                               )
)
     Plaintiffs,                                )
)   **C.A.  No. 10-CV-210-PLF**
       v.                                        )
)
United States Government, et al.,        )
)
)
     Defendants.                              )
)   **EXHIBIT "B"**
)
_____)


### <u>AFFIDAVIT OF NICHOLAS C. WILLIAMSON</u>

    I Nicholas C. Williamson, hereby declare under the penalty of perjury the following based on my personal knowledge:

1.  I am over the age of eighteen years and I am competent to testify.

2.  On October 30, 2001, based on the advice of Haywood Starling, the former long term head of the North Carolina State Bureau of Investigation, I contacted FBI-SSRA Donald Causey of the Greensboro office of the FBI to file a complaint regarding my being a victim of civil

rights crimes "under color of law" crimes and other crimes involving local law enforcement officers. (**See Attachment "One" attached hereto**.)

3. On November 20, 2001, I sent in a letter of complaint regarding the various crimes based on the advice of Haywood Starling, the former Director of the NCSBI and copied FBI SA Phil Celestini who had been assigned my case by FBI-SSRA Causey.  (**See Attachment "Two" attached hereto**)

4. On January 4, 2002, after having several telephone conversations with Defendant SA Phil Celestini, and not hearing anything in response I sent a letter to SA Phil Celestini and SSRA Causey asking for information on the status of the complaint. (**See Attachment "Three" attached hereto**).

5. During or about late January, 2001, Haywood Starling, the former Director of the North Carolina State SBI and I met with Defendant SA Phil Celestini and discussed the misuse of the NCIC system for commission of civil rights crimes "under color of law" and the deal to erase a criminal record of a former coed student of mine, among other crimes of law enforcement personnel with and under the direction of now self confessed and convicted felon Harold Steve Hartness.

6.  Defendant SA Phil Celestini was told by Mr. Starling this was the worst case of police corruption and crimes "under color of law" he had ever seen and the first involving the criminal use of the FBI-NCIC system.

7.  After weeks of not hearing from Defendant Phil Celestini as promised regarding the status of my complaint, on February 20, 2002, I wrote a letter to SAC Chris Swecker in Charlotte, North Carolina to try and get some answers.  (**See Attachment "Four" attached hereto with certified mail receipts.**)

8.  Within a short period after I sent the letter to Defendant SAC Chris Swecker, I received a long overdue telephone call from Defendant FBI SA Phil Celestini.

9.  Defendant Celestini told me he met with the local AUSA who decided this case was not to be investigated.

10. I asked Defendant Celestini why my civil rights violations under color of law would not be investigated, Celestini characterized it in these words, **"...[L]ook at it this way, everybody speeds, but not everybody gets a speeding ticket."**

11. Defendant Celestini told me the local ***AUSA had final word*** and there was nothing he [FBI SA Phil Celestini] could do with it.

12. At that point Celestini ended the call and I never heard from Defendant Celestini again.

13. I met in Washington DC on June 18, 2004, with James Galyon, Majority Counsel for the Senate Committee on the Judiciary.

14. During the meeting on June 18, 2004, with James Galyon, Galyon contacted the FBI Headquarters in Washington, DC on the telephone and put it on the speakerphone so we could all hear the discussion [Marguerite Stephens, Ricky Stephens, Tammy Lail, Rodney Lail, James Spencer and myself] and reported the civil rights complaints we had under color of law that were not investigated to date.

15. Mr. Galyon soon after the meeting on June 18, 2004, notified us that an investigator was being assigned to the geographical area to investigate the public corruption as they had several other reports of such and possible local FBI agent involvement.  We were notified the name of the investigator was FBI SA Paul Gardner.

16. On June 18, 2004, the group of individual victims and I also met in Washington DC, with House Judiciary member Howard Coble, his Chief of Staff and an FBI SA Liaison with the House Judiciary Committee and we expressed our same concerns.  The SA FBI agent present who took

notes on our complaint said he would get with the people who handle civil rights crimes under color of law and follow up with our complaint.

17. We mentioned that we had spoken to James Galyon earlier in the day about the same concerns and that Galyon had contacted the FBI Headquarters.

18. The FBI agent present at the Congressman Coble meeting said he would follow up with the individuals contacted by Senator Graham's Office to make sure our complaint was handled properly.

19. I met with and filed a civil rights complaint under color of law with FBI SA Andrew Hildreth at a meeting with AUSA Marshal Prince on or about late July 2005, in Columbia, SC.

20. I met with and filed a complaint of Civil Rights Crimes under color of law with FBI SA Paul Gardner during on or about October, 2004 with Bruce Benson, Rodney Lail, Doris Holt and James Spencer, in Columbia, SC.

21. On or about March 15, 2005, the timeline of events that FBI SA Gardner requested I produce was filed with Gardner.

22. I never again heard from FBI SA Gardner or any one from the FBI or the Department of Justice pursuant to the civil rights complaints under of law that I filed.

23. All FBI records of my civil rights complaint under color of law that I

    filed individually with FBI SA Phil Celestini, FBI SSRA Donald Causey,

    SSA Chris Swecker, the FBI Agent in Washington, DC, FBI SA Andrew

    Hildreth, and FBI SA Paul Gardner and any contact I and Haywood

    Starling had with the FBI, are reported to be non-existent according to

    the responses of FOIA requests I made. **(See Attachment "Five" hereto)**

24. According to FBI records there never was a proper investigation which

    is required based on my complaint(s) according to the non-discretionary

    FBI Manual of Investigative Operations "MIOG".  **(As an example see**

    **Exhibit H, Section 44, Pdf. Pg. 192.)**


**Affiant Sayeth Further Naught.**


**I DO SOLEMNLY SWEAR AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE ABOVE FORGOING STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY PERSONAL KNOWLEDGE.**


**November 7, 2010**
Date

Nicholas C. Williamson

October 30, 2001

8005 White Ash Court
Oak Ridge, NC 27310
336-334-4533 (work)
336-643-1397 (home)

Mr. Donald Causey
SSRA
Federal Bureau of Investigation
Suite 302
1801 Stanley Road
Greensboro, North Carolina 27407

Re: Complaint & Request.

Dear Mr. Causey:

I am a tenured professor of Marketing at the University of North Carolina at
Greensboro. A former coed (a former student of mine) told me and several other
individuals that she and her coed roommates were approached at their home and
allegedly threatened by at least one of three law enforcement officers, one who
identified himself as an FBI agent.

The coed informed me that two uniformed Guilford County, North Carolina, Sheriffs
Deputies accompanied by the purported FBI agent who identified himself as "Steve"
unexpectedly showed up at her residence around the middle of June 2000. The former
coed also informed me that this group of law enforcement officers informed the
coeds that a colleague and I were involved in prostitution activities acting as "pimps"
and that she was the fifth unwitting coed we were recruiting for that purpose.
The two local law enforcement officers and the supposed FBI agent also informed the
coeds that a colleague, his mother and I were involved in various activities that
smacked of mail fraud schemes from my "home mailing address."

The former coed stated to me that during this initial visit and subsequent meetings and
interviews, the law enforcement officers and other alleged associates apparently
sought personal information about me that, I believe, was to be used against me
because of my failure to comply with a blackmailer's demands. Among the alleged
threats to the coeds reported to me by the former coed was that the law enforcement
officers and the purported FBI agent would not be able to guarantee the coeds' safety if
they ever revealed details of their visit to anybody and furthermore the coeds would be
arrested for obstruction of justice.

Additionally, the coed advised me that some combination of the same law enforcement
officers negotiated a deal with her to "lure" and "entice" my colleague, the CEO of

Southern Holdings, Inc., into a compromising position. They offered her the possible removal of a DUI conviction pending in Guilford County, North Carolina, if she were successful in setting him up and allowing them to "get him." The coeds were informed at that time that the CEO was wanted by the FBI for numerous serious crimes. Subsequent to these events, the coeds moved from the area.

This event is one in a series of allegedly coordinated and related actions that occurred to me after a specific blackmailer threatened that he would ruin my career at the University if I did not go along with the blackmailer's takeover of Southern Holdings, Inc. I am a member of the board of directors and a major shareholder of Southern Holdings, Inc. Taking control of Southern Holdings, Inc. and its assets was the stated objective of the blackmailer. It is important to note that other members of the board of directors of Southern Holdings, Inc. were also allegedly threatened and blackmailed by the same alleged blackmailer if they did not cooperate with the blackmailer's attempt to take over the corporation.

There is and never was any truth to the allegations made by these law enforcement officers and their announced accompanying FBI associate. Given the circumstances it is very unlikely the individual in question was a FBI agent. I request that you please check the records to verify if these events reported to me by the coed involved an actual FBI agent. If so please advise me of the full name of FBI agent involved. I also want to file the appropriate complaints against the individuals (whom I can identify) who allegedly were involved in illegal activities including conspiracy in blackmail and extortion and, I believe, impersonation of a federal law enforcement officer.

Given the alleged participation of local law enforcement personnel in this matter (on some level) and my inability to locate the physical address of the former coeds for confirmation of events (they moved from the area and intentionally left no forwarding addresses) I have been unable to gain the details I have needed to file complaints against the alleged perpetrators with the FBI. Two weeks ago, I reestablished constructive contact with a frightened coed victim, my former student, and gained the additional confirmation and information I had been lacking.

Please advise of the next course of action required of me in my pursuit of this complaint.

I look forward to hearing from you at your earliest convenience.

Sincerely,

Nicholas C. Williamson, Ph.D.

11/01/2010  14:22  3363345598-PLF  Document 71  Filed 11/07/10  Page 9 of 37  PAGE  01/15
Case 1:10-cv-00210-PLF  Document 71  Filed 11/07/10  Page 9 of 37  BRYAN TECH

**ATTACHMENT "TWO"**
**Page 1 of 5**

Nicholas C. Williamson, Ph.D.
Department of Business Administration
University of North Carolina at Greensboro
Greensboro, NC 27412
(336) 334-4533

November 20, 2001

Chief Robert C. White
Greensboro Police Department
PO Box 3136
Greensboro, North Carolina 27402-3136

Re: Complaint of criminal activity against specific individuals involved in acts of
conspiracy to commit blackmail, extortion and racketeering.

Dear Chief White:

I am a tenured professor at the University of North Carolina at Greensboro. I am also a
member of the board of directors and a major shareholder of Southern Holdings, Inc.
During the middle of June 2000, David N. Smith (1664 Estes Road, Ruffin, NC 27326)
telephoned my office at the University of North Carolina at Greensboro on at least two
occasions and attempted to blackmail me. He told me that if I did not cooperate with
him and interfered with his plan to take control of Southern Holdings, Inc., he would
ruin my career at the University. I told him that I would not help him take control of the
corporation under any circumstances.

During the same period of June 2000, Mr. Smith also telephoned and emailed other
corporate officers and/or members of the board of directors. (I can provide copies of
emails and other relevant documents upon request.) The individuals reported he used
various methods of coercion in these communications in trying to gain their
acquiescence to his take over of the corporation. In at least two separate instances
Mr. Smith attempted to blackmail and extort individuals after he determined the
individual was not going to support his take over of the company. Mr. Smith claimed
credit for having criminal charges brought against the CEO of Southern Holdings, Inc.,
charges that I knew were without justification. In my particular case, the language that
Mr. Smith used was so threatening to me that I asked him whether he intended to
cause criminal charges to be brought against me as well, even though I knew there
was no justification for any criminal charges.

The CEO also failed to comply with blackmail demands by Mr. Smith. On June 7,
2000, the CEO was unexpectedly pursued by Horry County South Carolina Sheriff
Deputies in the company of Mr. Harold Steve Hartness, a North Carolina licensed
private investigator and a former police officer in Charlotte, NC. The CEO was
ultimately arrested and put in jail on August 6, 2000, despite the fact that Judge
Sidney T. Floyd, Resident Judge 15th Judicial Circuit of South Carolina, with the Affiant
Police Officer with the Horry County South Carolina Sheriffs Department present, had

11/01/2010  14:22  3363245500-PLF  Document 71  Filed 11/07/10  Page 10 of 37  PAGE  02/15
Case 1:10-cv-00210-PLF  Document 71  Filed 11/07/10  Page 10 of 37  BRYAN SCH

**ATTACHMENT "TWO"**
**Page 2 of 5**

weeks earlier determined and stated in open court that the "arrest warrant was invalid
and should never have been issued." Judge Floyd further stated and ordered in open
court during the same hearing that the CEO "be removed from the NCIC." Despite the
fact the Horry County South Carolina Sheriffs Department administration was also
independently notified of the Circuit Court's decision, two Horry County Sheriff's
Deputies on their day off on August 6, 2000, four weeks after Judge Floyd made his
ruling, were monitoring the CEO's mother's unoccupied and abandoned home. When
the CEO went to the home on that date and attempted to peacefully locate and retrieve
property and needed medication, the deputies both called in and participated in the
CEO's arrest.

Please keep in mind I am neither a trained investigator nor a lawyer. If there is a factual
error or incomplete information in this letter it is unintentional. The events contained in
this letter by no means represent a complete list of all the actions taken against those
who did not comply with the demands of Mr. David Smith. I have just reported aspects
of a few events to support the basis of this complaint. I have strived to be as accurate
as possible. I was not present for several of the events that occurred and are reported
in this letter; therefore, I can only report the details provided directly to me from the
individuals involved. I will be glad to address any issues raised and I am available to
provide specific details, documents, and the names addresses and telephone numbers
of fellow victims of or witnesses to these events to you and/or your representatives
upon request. I believe a proper investigation will reconfirm the tie of the various acts of
intimidation and terror involving Mr. Harold Steve Hartness to the failure of targeted
individuals to comply with the blackmail and extortion demands of Mr. David N. Smith.

Other individual members of the board of directors and officers of Southern Holdings,
Inc., have stated that they were contacted and coerced by various means, including
attempted blackmail and extortion, and were directly threatened by Mr. David N. Smith
in a coordinated conspiracy with Mr. Harold Steve Hartness (3032 Nance Cove Road,
Charlotte, NC, 28214). Mr. Hartness is believed to have personal contacts with
Guilford County, NC, and Horry County, SC, law enforcement personnel.

Shortly after my refusal to comply with Mr. David N. Smith's blackmail and extortion
demands, Ms. Jenn Howard, a former student of mine, informed me and several other
individuals that she and her coed roommates, including Ms. Liz O'Neill, were
approached at their home in Greensboro in mid to late June 2000, and threatened by at
least one of three law enforcement officers, one of whom identified himself as an FBI
agent. Mr. Phil Celestini, a Special Agent with the FBI in Greensboro, in response to a
written inquiry, informed me several weeks ago that no known FBI agent was involved
with this alleged action.

Ms. Howard informed me that two uniformed Guilford County, North Carolina, Sheriffs
Deputies showed up at her former residence located at 1714 K Brice Street,
Greensboro, NC, 27403. An individual impersonating an FBI agent who identified
himself as "Steve" accompanied the deputies. Ms. Howard informed me that at least

one member of this group of law enforcement officers told the coeds that another member of the board of directors of Southern Holdings, Inc., and I were involved in prostitution activities acting as "pimps" and that she was the fifth unwitting coed we were recruiting for that purpose instead of a legitimate position of employment for which she had applied. Some combination of the two local law enforcement officers and the accompanying individual impersonating an FBI agent also informed the coeds that the same board member, his mother and I were involved in various activities that amounted to illegal mail fraud schemes from my "home mailing address." Ms. Howard claims the purported FBI agent tried to convince her to sue for not getting a job with Southern Holdings, Inc. This may have been done to confuse the impressionable, young and disgruntled former job applicant and it motivated her to seek out mechanisms for retribution.

A few days after this visit, Mr. Harold Steve Hartness appeared at her home making similar claims. He offered a method for retribution as he sought personal information of a defamatory nature about me. Mr. Harold Steve Hartness then mailed the information obtained in this manner to the University Attorney of the University of North Carolina at Greensboro. These actions came approximately a week after my refusing to comply with Mr. Smith's blackmail demands on the telephone and his threat to ruin my career at the University for non-compliance to his demands.

Additionally, Ms. Howard advised me that the same law enforcement officers had a follow up meeting at a coffee shop on Tate Street and attempted to negotiate a deal with her to "lure" and "entice" my colleague, the CEO of Southern Holdings, Inc, into a compromising position. They offered her the possible removal of a DUI conviction against her pending in Guilford County, North Carolina, if she were successful in setting him up and allowing them to "get him." Among the alleged threats that Ms. Howard reported were communicated to the coeds by the law enforcement officers and the purported FBI agent was that the law enforcement officers would not be able to guarantee the coeds' safety if they ever revealed details of the law enforcement officers' visits to anybody, and furthermore the coeds would be arrested for obstruction of justice.

Subsequent to these events, the coeds moved from the area leaving no forwarding addresses. Recently, I reestablished constructive contact with Ms. Jenn Howard, my former student, and gained the additional confirmation and information necessary to file complaints against the blackmail and extortion conspirators.

Members of Ms. Irene Santacroce's family became unwitting victims for her non-compliance with Mr. David N. Smith's blackmail and extortion demands. Mr. Harold Steve Hartness was identified as being involved in criminal acts directed against them by several members of the family of the Secretary of Southern Holdings, Inc., Ms. Irene Santacroce, the latter whom Mr. Smith attempted to blackmail and extort. In her particular threat, Mr. Smith told Ms. Santacroce that she and her family could either allow him to take control of the corporation the easy way or he would take it the hard way. He also threatened that Ms. Santacroce was not going to like the violence if

she opted for the hard way. After Ms. Santacroce refused to go along with Mr. Smith's blackmail and extortion demands, the threats materialized, as her family became victims of various criminal acts.

Subsequent to her refusal to cooperate, individual family members of the Secretary of the Corporation became victims of various threats of physical harm and other illegal acts of intimidation. Women and children of the family were targeted for these criminal acts. On the evening of June 7, 2000, the CEO's mother had sought refuge and shelter at Ms. Santacroce's home in the process of abandoning her own home. On that date, Mr. Harold Steve Hartness was observed directing the Horry County Sheriff Deputies in the search and seizure of the CEO's mother's home, as just one of several other shareholder homes he was observed directing the search of earlier in the day. Mr. David N. Smith and Mr. Harold Steve Hartness both made telephoned calls to Ms. Santacroce's home, further terrifying the women and children sheltered there on the evening of June 7, 2000. During one telephone call Ms. Santacroce begged Mr. Smith" not to do this to the children." She stated Mr. David N. Smith's response to her pleas on the telephone was laughter.

In another incident, the Secretary of the Corporation's sister, Ms. Marguerite Stephens, named Mr. Harold Steve Hartness as one of the individuals driving one of the two vehicles that pursued the car she was driving, and that ultimately ran the car she was driving off the road. In another terrifying illegal act, Ms. Santacroce received a threat of sexual molestation and death directed against Samatha her twelve-year-old daughter in an unsigned letter through the mail. A few days after Ms. Santacroce received the death threat letter, in an event that further terrorized the child and her mother, Samatha unexpectedly received a visit at her home by an unknown individual. The stranger left a follow up threatening message with the child for her mother. The young girl later identified the uninvited visitor as Mr. Michael Steve Hartness. Mr. Michael Steve Hartness was identified as the driver of the second car involved in running Ms. Stephen's vehicle off the road and was identified at the arrest scene of the CEO on August 6, 2000, by witnesses at the scene. Mr. Michael Steve Hartness is also a North Carolina licensed private investigator and both works and lives with his father Mr. Harold Steve Hartness.

In July 2000, Mr. Haywood R. Starling, the former head of the NC State Bureau of Investigation, was retained by Southern Holdings, Inc. as a forensic document examiner and investigative consultant concerning the preceding matters. During his retention he also became a potential material witness in these matters. Southern Holdings, Inc. has investors in eight states and three foreign countries. Prior to preparation and release of a shareholders' report and news press release to the media it was necessary to engage such a consultant to independently validate the findings and conclusions of management in these matters.

With (1) the recent FBI confirmation that one of their agents was not involved; (2) the recent reestablishment of contact with Ms. Jenn Howard; (3) the fact that charges against the CEO were dropped by Judge Livingston of the Magistrate Court after no

probable cause was presented for stopping the automobile in which the CEO was a passenger; and (4) the preponderance of evidence of various criminal acts available (some of which I have mentioned in this correspondence), I request the Greensboro Police investigate the criminal acts that occurred within its jurisdiction. Specifically, I request the acts of conspiracy of attempted blackmail, extortion and racketeering of which I was a victim be investigated. Therefore, please consider this correspondence a report and complaint of criminal conduct in conspiracy of attempted blackmail, extortion and racketeering. In that regard, I respectfully request the Greensboro Police Department conduct a proper investigation into these criminal matters that occurred within its jurisdiction. In order to facilitate the proper investigation of the complaints involving the criminal matters by the Greensboro Police Department, I have requested that the corporation delay the release of information to the shareholders and news media.

Both Mr. Starling and I will be available to meet you and/or your representative(s) to provide any information you request that we have available, that would support bringing criminal charges against Mr. David N. Smith and Mr. Harold Steve Hartness.

Sincerely,

Nicholas C. Williamson, Ph.D.

Cc:
Phil Celestini, Special Agent, FBI
Ralph Wilson, Esquire
Michael Goldberg, Esquire
Haywood R. Starling, Carolina Forensic Science
Irv Rubin, Jewish Defense League

Nicholas C. Williamson, PhD
8005 White Ash Court
Oak Ridge, NC 27310

January 4, 2002

Mr. Phil Celestini
Special Agent
Federal Bureau of Investigation
Suite 302
1801 Stanley Road
Greensboro, NC 27407

Re: Follow-up and inquiry

Dear Mr. Celestini:

I have left several messages for you by telephone before and after the time that I copied
you with the correspondence I sent to Chief Robert White of the Greensboro Police
Department, dated November 20, 2001. As of the date of this letter to you, I have not
received a telephone call from you in response. Therefore, it is clear that I must
communicate with you in writing.

Mr. Celestini, I am writing this note to you for three key reasons. First, I am bringing to
light for you and for Mr. Causey two items that were not dealt with in either (a) my
original letter written to Mr. Causey (and forwarded to you), a letter alleging
impersonation of an FBI agent in Greensboro in June of 2000, or (b) my complaint letter
to Chief White of the Greensboro Police Department and alleging conspiracy to commit
blackmail and extortion, and racketeering. These two new items are the first two which
are presented and described in some detail below in numbered blocks of information.
(These two new items will have three asterisks ("***") beside them.)

Second, I am enclosing for your and Mr. Causey's evaluation copies of several sworn
affidavits that relate to (and substantiate) the contents of the two letters alluded to in the
previous paragraph. Third, I am responding to a statement that was made *twice* by Det.
Ken Rickard of the Greensboro Police Department to Haywood Starling (former head of
the North Carolina State Bureau of Investigation) and to me in a meeting with Det.
Rickard and an unidentified law enforcement officer on December 12, 2001, at the
Greensboro Police Department. This statement was that a case such as mine might not, at
this time, warrant investigation by the FBI--even if the case were clearly within the
jurisdiction of the FBI and appeared to have merit. Det. Rickard *twice* indicated that the
current resources and priorities of the FBI might be the reason why the FBI would not
proceed with my case at this time.

Accordingly, I present to you the following list of items (and associated enclosures) that I request be evaluated very carefully by you and Mr. Causey, for the purpose of evaluating whether the FBI will choose to perform a proper evaluation of the allegations made in the previously described letters--and in this letter to you, with a carbon copy to Mr. Causey. I furthermore request that you and Mr. Causey jointly draft a detailed letter to me substantiating your findings, evaluations and choice to move ahead (or not to move ahead) with a proper investigation into my allegations.

*\*\*\*1. There is a very high likelihood that Harold Steven Hartness and at least two Guilford County Sheriffs Deputies were involved in a criminal violation of the Hobbs* Act *in their dealings with a former student of mine (Jennifer Howard) and her roommate in Greensboro, NC, in June 2001.* In this alleged *criminal* violation of the Hobbs Act, I am the damaged party. Please find enclosed a copy of an interrogation of Ms. Howard made by Harold Steven Hartness in the middle of June of the year 2000. Mr. Hartness submitted this document to the University Attorney of UNCG, a Mr. Lucien Capone. *To the best of my knowledge, no one at the University of North Carolina at Greensboro had commissioned such an interrogation, and no one had up until that point received information that would have warranted the performance such an interrogation. (The date of the interrogation of Jenn Howard was less than a week after Mr. David N. Smith's blackmail demands were made on me).*

In this document, that was signed by both Ms. Howard and Mr. Hartness, Ms. Howard identifies Sheriffs Deputy Zimmerman as having approached her in this matter (detailed in the letter to Chief White). While in this document there is no evidence of any criminal wrongdoing on my part--Det. Rickard and his unnamed partner in the December 12, 2001, meeting both indicated that they were amazed at the extent of my punishment at UNCG for what I was alleged in the document to have done--*(1)the performance of the interrogation "out of the blue", (2) the funding of the interrogation by an unknown party, and (3) the unrequested submission of the results of the interrogation to the UNCG Attorney very strongly suggest an infraction of the Hobbs Act. Furthermore, this allegation on my part in no way lessens my charge of conspiracy to commit blackmail and extortion and racketeering by Harold Steve Hartness, as presented in my letter to Chief White (copy to you).*

While I am not a lawyer, and do not profess to have the knowledge of a lawyer, my reading of The Hobbs Act -- 18 USC ~1951 in the Criminal Resources Manual 2402-2406 leads me to believe that my allegation of this infraction is true. Since 9-131.020 "Investigative and Supervisory Jurisdiction" indicates to me that "Primary investigative jurisdiction of offenses in 18 U. S. C. ~ 1951 lies with the Federal Bureau of Investigation..." then I would like to call this to your and Mr. Causey's attention for your consideration.

*\*\*\*2. There is very strong evidence of coordinated illegal use across state lines of the federally maintained NCIC computer network by at least one (and maybe three) local law enforcement agencies in the furtherance of conspiracy to commit blackmail, extortion and racketeering activities.* At a specific point in the December 12 meeting at the

Greensboro Police Department, I affirmed to Haywood Starling, to Det. Rickard and to Det. Rickard's unnamed colleague that virtually every criminal warrant that had been issued against a colleague of mine had been determined in various court decisions to be illegal. *In apparent knowledge of this situation, the unnamed colleague of Det. Rickard indicated to all persons at the December 12 meeting that whoever fraudulently put information related to my colleague on the NCIC was in legal (criminal) trouble. Up until that point in the conversations, there had been no mention made of the illegal use of the NCIC system by law enforcement personnel.* As Haywood Starling can confirm, I previously was very aware of the fraudulent use of the NCIC wire system by Guilford County law enforcement personnel, but I chose not to be the person to *initiate* identification and discussion of the fraudulent act involving the NCIC in the December 12 meeting. While I am not fully aware of the specific legal ramifications of such abuse of the NCIC, I am virtually certain that these acts were (and are) felonious.

Mr. Celestini, do you think that abuse of the NCIC computer system is something that is within the jurisdiction of the FBI to pursue?

3. Numerous civil rights violations against peaceful citizens, along with brutality and torture resulting in medically documented permanent paralysis of the left hand of one individual by Horry County, South Carolina, law enforcement personnel. Also included are intimidation tactics and false arrest and imprisonment by identified personnel with a local South Carolina law enforcement agency. *I allege that a proper investigation will show that these acts were used against individuals who failed to comply with David N. Smith's blackmailing demands made on persons in South Carolina.* (Please see the letter to Chief White for a description of David N. Smith's activities.)

4. An ongoing cover-up (regarding acts such as the above) by law enforcement agencies and local government personnel including, but not limited to, denying legal access to public records. This legal access is otherwise guaranteed by federal and state "Freedom of Information Act" legislation.

5. Perpetrators crossing state lines to fulfill the threats against the individuals and their families for non-compliance with blackmailers' demands. The materialization of these threats includes, but is not limited to, running women and children off the road during unwanted one-sided high speed games of "chicken" in moving automobiles.

6. Known impersonation of an FBI agent in furtherance of conspiracy to commit blackmail, extortion and racketeering activities in both North Carolina and South Carolina. Again, the enclosed copy of the interrogation of Jenn Howard by Harold Steve Hartness clearly identifies a Guilford County Sheriffs Deputy that was a party to the impersonation--Officer Zimmerman, *a person whom you told me over the telephone that you were familiar with.*

When considering the preceding and the enclosed documents, please keep in mind the reason behind the blackmailers' outrageous and apparently illegal activities--their seizure of the assets of a multi-million dollar corporation.

Mr. Celestini, everything that I have read, and every knowledgeable person with whom I have spoken regarding the matters alluded to in this letter, suggest that *the FBI should perform a proper investigation into matters described in this and previous letters.* Particularly, (a) infractions of the Hobbs Act, (b) acts that clearly involve breaking a variety of different pieces of federal civil rights legislation, (c) fraudulent abuse of the NCIC wire computer system, and (d) impersonation of an FBI agent appear to me to warrant immediate and vigorous investigation. *However, time and time again, knowledgeable persons have affirmed to me that the only thing that would keep the FBI from properly investigating these matters is that several of the allegedly guilty parties work in law enforcement--even if the law enforcement personnel are clearly guilty of criminal acts. Is this true in general? Is this true in this case?*

Mr. Celestini, I look forward to receiving your and Mr. Causey's carefully considered *written* evaluation of (a) the materials presented to you by me, (b) conversations that you might have had with persons such as Det. Rickard, and (c) any other information that you might choose to gather and use en route toward determining whether the FBI should move forward in performing a proper investigation of matters that I have identified in this and other letters that you have in your possession.

Sincerely,

Nicholas C. Williamson

CC  Mr. Donald Causey
SSRA
Federal Bureau of Investigation







Nicholas C. Williamson, PhD
Department of Business Administration
University of North Carolina at Greensboro
Greensboro, NC 27412
336-334-4533

February 20, 2002

Mr. Chris Swecker
SAC
Federal Bureau of Investigation
Suite 900
400 South Tryon Street
Charlotte, NC 28285
Via Certified Mail

Re: Inquiry and request for assistance

Dear Mr. Swecker:

Please review the enclosed correspondence to Special Agent Phil Celestini and SSRA Donald Causey, both of the Greensboro office of the FBI. I have not received a response to the inquiries I have made.

Please let me know how I can obtain answers to the questions I have inquired about from these individuals. Additionally, please let me know if you also individually believe that the alleged criminal conducts I have reported are not publicly listed priorities for investigation and possible pursuit by the Federal Bureau of Investigation.

Thank you very much for your assistance.

Sincerely,

Nicholas C. Williamson

Enclosures

**ATTACHMENT "FOUR"**
**Page 2 of 3**

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4 in this box *

NICHOLAS C. WILLIAMSON, Ph.D
DEPARTMENT OF BUSINESS ADM,
BRYAN SCHOOL
UNIVERSITY OF NORTH CAROLINA
AT GREENSBORO
GREENSBORO, NC 27412

PAGE  12/15

BRYAN  SCH

3363345580

11/01/2010  14:22

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR CHRIS SWECKER
SAC
FEDERAL BUREAU OF
        INVESTIGATION
SUITE 900
400 SOUTH TRYON ST.
CHARLOTTE, NC 28285

*COMPLETE THIS SECTION ON DELIVERY*

A. Received by (Please Print Clearly)  Louise Perkins   B. Date of Delivery 2.21

C. Signature
X  Louise ____    ☐ Agent   ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
   (Transfer from     7001 1140 0003 6287 0040

PS Form 3811, March 2001        Domestic Return Receipt        102595-01-M-1424

Nicholas C. Williamson
8005 White Ash Court
Oak Ridge, NC 27310
(336) 334-4533

November 17, 2005

FBI Headquarters
FOIPA - Section
Federal Bureau of Investigation/Department of Justice
935 Pennsylvania Avenue, NW
Washington, DC 20535-0001

Re: <u>FREEDOM OF INFORMATION ACT REQUEST</u>

Dear Sir or Madam:

Under the authority of the Freedom of Information Act and any and all other Federal or State laws that may be applicable, I hereby request copies of the following information in the possession of the FBI and/or the Justice Department::

      1.) <u>Any and all material, in any form</u>, related to any and all, "Investigative Matters" and/or other matters concerning and/or initiated by Nicholas C. Williamson, **Social Security Number 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, DOB December 18, 1947**, for the period from January 1, 2000 to October 25, 2005.

      2.) <u>Any and all documents</u> that may have been generated internally and/or externally from any source including directly or indirectly by the FBI concerning Nicholas C. Williamson, **Social Security Number 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, DOB December 18, 1947**, and any derivative thereof for the period from January 1, 2000 to October 27, 2005.

This information includes, but is not limited to photographic, written, audio and video recordings, computer generated reports or notes, and data files, relating to any and all the above matters. This request also covers e-mail and any and all tape recordings and notes that were sent back and forth between parties both within and external to the Federal Bureau of Investigation and the Justice Department.

The time period covered by this request is from January 1, 2000, to October 27, 2005, also includes any and all communications, notes, recordings made concerning this request. Please expedite sending this information to the address listed on the letterhead above.

*Lynn L. Southard*
NOTARY PUBLIC

OFFICIAL SEAL
LYNN L. SOUTHARD
Notary Public - North Carolina
GUILFORD COUNTY
My Commission Expires
**3-20-07**

Thank you very much for your timely response.


Sincerely,

Nicholas C. Williamson appeared before me
and executed this letter on this date:  November 17,
2005

Nicholas C. Williamson

NOTARY PUBLIC

Cc:
John Rakowsky, Esquire
Ronald Serota, Esquire

OFFICIAL SEAL
LYNN L. SOUTHARD
Notary Public - North Carolina
GUILFORD COUNTY
My Commission Expires
3-20-07





**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*February 7, 2006*

MR NICHOLAS C WILLIAMSON
8005 WHITE ASH COURT
OAK RIDGE, NC 27310

Request No.: 1037771- 000
Subject: WILLIAMSON, NICHOLAS C

Dear Mr. Williamson:

☒ This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request. Your request was forwarded to FBI Headquarters from our Columbia Field Office.

☐ For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐ To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐ If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒ We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐ Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

February 8, 2006

Federal Bureau of Investigation
Charlotte Field Office
FOIPA - Section
400 South Tryon Street
Suite 900
Charlotte, NC 28285
Via: Certified Mail

### Re: FREEDOM OF INFORMATION ACT REQUEST

Dear Sir or Madam:

Under the authority of the Freedom of Information Act and any and all other
Federal or State laws that may be applicable, I hereby request copies of the
following information in the possession and/or control of the FBI and/or the
Justice Department at the Charlotte, NC, and Greensboro, NC, offices.

> 1.) Any and all material, in any form, related to any and all,
> "Investigative Matters" and/or other matters concerning and/or
> initiated by Nicholas C. Williamson (Social Security Number 244-
> 74-2801, DOB 12-18-47), for the time period from January 1,
> 2000, to February 8, 2006.

> 2.) Any and all documents that may have been generated internally
> and/or externally from any source including directly or indirectly
> by the FBI concerning Nicholas C. Williamson for the period from
> January 1, 2000, to February 8, 2006.

The information requested includes, but is not limited to photographic, written, audio and video recordings, computer generated reports or notes, and data files, relating to any and all the above matters. This request also covers e-mail and any and all tape recordings and notes that were sent back and forth between parties both within and external to the Federal Bureau of Investigation and the Justice Department.

The time period covered by this request is from January 1, 2000, to February 8, 2006, and also includes any and all communications, notes, recordings made concerning this request. Please expedite sending this information to the address listed on the letterhead above.

Thank you very much for your timely response.

Sincerely,

Nicholas C. Williamson appeared before me and executed this letter on this date: __8th of February, 2006.__

Nicholas C. Williamson

Cc:
John Rakowsky, Esquire
Ronald Serota, Esquire

Lynn L. Southard
NOTARY PUBLIC

OFFICIAL SEAL
LYNN L. SOUTHARD
Notary Public - North Carolina
GUILFORD COUNTY
My Commission Expires
3-20-07



U.S. Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

400 South Tryon Street, Suite 900
Charlotte, NC  28285
March 22, 2006

Mr. Nicholas C. Williamson
8005 White Ash Court
Oak Ridge, NC  27310

Dear Mr. Williamson:

        Please be advised that your Freedom of
Information/Privacy Act request for information was received in
this office and forwarded to FBI Headquarters in Washington,
D.C., for handling.

        Additionally, a telephone call to FBI Headquarters this
date confirmed that your request was received, and you will be
advised as soon as possible whether or not a search of FBI
records reveals information identifiable with your request.

                        Sincerely yours,

                        Kevin B. Kendrick
                        Special Agent in Charge

                        By:
                        Eric J. Davis
                        Chief Division Counsel

Nicholas C. Williamson, PhD
8005 White Ash Court
Oak Ridge, NC 27310
(336) 210-0672

February 17, 2006

Nelson Hermilla, Chief
FOIA/PA Branch
Civil Rights Division
Department of Justice
Room 311, NALC Building
Washington, DC 20530

## Re: <u>FREEDOM OF INFORMATION ACT REQUEST</u>

Dear Mr. Hermilla:

Deputy Director Melanie Ann Pustay advised that I submit this request to you. Under the authority of the Freedom of Information Act and any and all other Federal or State laws that may be applicable, I hereby request copies of the following information in the possession of the FBI and/or the Justice Department.

Under the authority of the Freedom of Information Act and any and all other Federal or State laws that may be applicable, I hereby request copies of the following information in the possession and/or control of the FBI and/or the Justice Department.

1. <u>Any and all material, in any form,</u> related to any and all, "Investigative Matters" and/or other matters concerning and/or initiated by Nicholas C. Williamson (Social Security Number 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, DOB 12-18-47), for the time period from January 1, 2000 to February 17, 2006, 2006.

2. <u>Any and all documents</u> that may have been generated internally and/or externally from any source including directly or indirectly by the FBI concerning Nicholas C. Williamson for the period from January 1, 2000 to February 17, 2006.

This information includes, but is not limited to photographic, written, audio and video recordings, computer generated reports or notes, and data files, relating to any and all the above matters. This request also covers e-mail and any and all tape recordings and notes that were sent back and forth between parties both within and external to the Federal Bureau of Investigation and the Justice Department.

The time period covered by this request is from January 1, 2000, to February 17, 2006, and also includes any and all communications, notes, recordings made concerning this request. Please expedite sending this information to the address listed on the letterhead above.

Thank you very much for your timely response.

Sincerely,

Nicholas C. Williamson

Nicholas C. Williamson appeared before me and executed this letter on this date: __February 20, 2006__

_Lynn L. Southard_
NOTARY PUBLIC

Cc:
John Rakowsky, Esquire
Ronald Serota, Esquire



OFFICIAL SEAL
LYNN L. SOUTHARD
Notary Public - North Carolina
GUILFORD COUNTY
My Commission Expires
3-20-07

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature X _____ ☐ Agent ☐ Addressee |
| | B. Received by ( Printed Name)   C. Date of Delivery MAR 0 3 2006 |
| 1. Article Addressed to: Nelson Hermilla, Chief FOIA/PA Branch Civil Rights Division Department of Justice Room 311, NALC Building Washington, DC 20530 | D. Is delivery address different from item 1? ☐ Yes If YES, enter delivery address below: ☐ No |
| | 3. Service Type ☒ Certified Mail  ☐ Express Mail ☐ Registered  ☒ Return Receipt for Merchandise ☐ Insured Mail  ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label) | |

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1035

• Sender: Please print your name, address, and ZIP+4 in this box •

Nicholas C. Williamson
8005 White Ash Court
Oak Ridge, NC  27310

R001



U.S. Department of Justice

**ATTACHMENT "FIVE"**
**Page 10 of 11**

Civil Rights Division

NDH:SC
2006-0239(6-047)

*Freedom of Information/Privacy Acts Branch- NALC*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530*

MAR − 7 2006

Nicholas C. Williamson, PhD.
8005 White Ash Court
Oak Ridge, NC 27310

Dear Mr. Williamson:

This is in response to your Privacy Act request dated February 17, 2006, seeking access to Civil Rights Division and Federal Bureau of Investigation records pertaining to you for the period from January 1, 2000 through February 17, 2006.

We have searched the indices of the Civil Rights Division's central filing system and the filing system covering correspondence received by this Division and have located no Civil Rights Division documents pertaining to you.

To obtain records pertaining to you from the Federal Bureau of Investigation, you may wish to contact the following individual:

Mr. David M. Hardy, Chief
Record/Information Dissemination Center
Records Management Division
Federal Bureau of Investigation
935 Pennsylvania Avenue, N.W.
Washington, DC 20535-0001
(202) 324-5520

Should you wish to appeal my decision with respect to your request, you may do so by writing, within sixty days, to the Co-Directors, Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, N.W., Suite 11050, Washington, DC 20530. The envelope should be marked "FOI/PA Appeal". Following review by the Department, judicial review of the decision of the Attorney General is available in the United States District Court in the judicial district in which you reside, in which you have your principal place of business, or in the District of Columbia.

I hope the Civil Rights Division has been of some assistance to you in this matter.

Sincerely,

Nelson D. Hermilla, Chief
Freedom of Information/Privacy Acts Branch
Civil Rights Division

This the 7th day of November, 2010.

Respectfully submitted by,

Rodney K. Lail, Plaintiff, *Pro Se*
608 18th Avenue North
Myrtle Beach, SC 29577
(843) 626-3229

Irene Santacroce, Plaintiff, *Pro Se*
205 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 455-0891

Ricky Stephens, Plaintiff *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 283-6751

Marguerite Stephens, Plaintiff, *Pro Se*
207 Deer Trace Circle
Myrtle Beach, SC 29588
(843) 283-6751

Bruce Benson, Plaintiff, *Pro Se*
848 N. Rainbow Bl., Suite 214
Las Vegas, Nevada 89107-1103
(702) 524-9006

Dan Green, Plaintiff, *Pro Se*
848 North Rainbow Blvd., Suite 170
Las Vegas, Nevada 89107
(310) 337-2820

Nicholas C. Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, North Carolina 27310
(336) 210-0672

Virginia Williamson, Plaintiff, *Pro Se*
8005 White Ash Court
Oak Ridge, North Carolina 27310
(336) 210-0672

Doris Holt[1], *Pro Se*
Suite 183
7001 Saint Andrews Rd.
Columbia, SC, 29212

James B. Spencer, *Pro Se*
Suite 183
7001 Saint Andrews Rd
Columbia, SC, 29212

---

[1] Executed for Doris Holt by her personally appointed Durable POA, her son, *Pro Se* Plaintiff, James Spencer.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of November, 2010, I electronically filed the foregoing **Exhibit "B" of Plaintiffs' Document No. 69** with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Kenneth Adebonojo, Esquire
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Civil Division
Washington, D.C. 20530

Monte Fried, Esquire
WRIGHT, CONSTABLE & SKEEN, L.L.P.
100 North Charles Street
Suite 1600
Baltimore, MD 21202-3805

Eugene H. Matthews, Esquire
RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street
P.O. Drawer 7788, Columbia, SC 29202

Shelton W. Haile, Esquire
RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street
P.O. Drawer 7788
Columbia, SC 29202
Email: shaile@richardsonplowden.com

William C. McDow, Esquire
RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street
P.O. Drawer 7788,
Columbia, SC 29202
Email: bmcdow@richardsonplowden.com

Oliver Garcia, Esquire
AEGIS LAW GROUP LLP
901 F Street, NW
Suite 500
Washington, D.C. 20004-1421
Email: ogarcia@aegislawgroup.com

Jason E. Bring, Esquire
Andrew B. Flake, Esquire
ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363

Kevin M. Murray, Esquire
Carr Maloney, P.C.
1615 L. Street, N. W., Suite 500
Washington, DC 20036
(202) 310-5500 - Telephone Number
(202) 310-5555 - Facsmile
Kmm@carrmalony.com

Andrew Lindemann, Esquire
*Pro Se*
1611 Devonshire Drive
P.O. Box 8568
Columbia, SC 29202

E. Glenn Elliott, Esquire
*Pro Se*
*Individually and in his capacity with the Aiken, Bridges Law firm*
Aiken, Bridges, Elliott, Tyler & Saleeby, P.A.
181 E. Evans Street, Suite 409
P.O. Drawer 1931
Florence, SC 29503

Jay Saleeby, Esquire
*Individually and in his capacity with the Aiken, Bridges Law firm*
Aiken, Bridges, Elliott, Tyler & Saleeby, P.A.
181 E. Evans Street, Suite 409
P.O. Drawer 1931, Florence, SC 29503

Mary S. Diemer, Esquire
Nelson Mullins Riley &
Scarborough, LLP
101 Constitution Avenue, N.W.
Suite 900
Washington D.C. 20001

Paul T. Collins, Esquire
(Pro Hac Vice)
Nelson Mullins Riley &
Scarborough, LLP
1320 Main Street, 17th Floor
Columbia, SC 29202
Paul.collins@nelsonmullins.com

Kevin M. Murphy, Esquire
Carr Maloney P.C.
1615 L Street, N.W., Suite 500
Washington, D.C. 20036
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)
kmm@carrmaloney.com

By: _____
James Spencer, *Pro Se*
Suite 183
7001 Saint Andrews Road
Columbia, SC 29212
E-mail:  JamesBSpencer@sc.rr.com
(803) 414-0889