**James Brian Spencer**
**PMB 247**
**1266 West Paces Ferry Rd.**
**Atlanta, Ga. 30327**

November 19, 2001

Mr. Gary Bray
Supervisory Special Agent
Federal Bureau of Investigation
151 Westpark Blvd.
Columbia, SC 29210

        Re: Telephone conversation on Wednesday, October 24, 2001.

Dear Mr. Bray:

I know there have had been quite a bit of trouble with my mail lately and some items have been sent back in error by my post service company. Therefore, I wanted to send a second request on this matter and I apologize for any inconvenience that may be due to them.

In regard to my request, I wanted to make sure I understood what you informed me during our short telephone conversation on the afternoon of October 24, 2001. Please advise me if my understanding of the following points you made to me is correct.

1. No agent had been assigned to my case to replace the retired SA Thomas Marsh who originally took my complaint during a meeting on February 21, 2001.
2. No agent would be available to talk to me about my case and/or discuss any new information I wanted to provide concerning my complaint.
3. If I wished to provide any additional information to the FBI, I could mail it in and it would be, "Put into your file."

Please send written verification to me at the above letterhead address if my understanding regarding these three points you made to me is correct and is indeed what you communicated to me during our brief conversation on that date.

Sincerely,

*[signature]*
James Brian Spencer

Cc: Ralph Wilson, Esquire
Michael Goldberg, Esquire
Irv Rubin, Jewish Defense League

Columbia

MAY 27 2003

James Brian Spencer, CEO
Center for Legal Reform
PMB 183
7001 Saint Andrews Road
Columbia, SC 29212 USA
(509) 756-1466 - Fax
(803) 781-2950 - Telephone
(803) 348-3330 - Digital

# facsimile transmittal

| To: | Mr. Alex Jarvis | Fax: | 202-224-3808 |
|---|---|---|---|
| From: | James B. Spencer | Date: | 5/9/2003 |
| Re: | IOAU Request | Pages: | 4 |
| CC: | Follow up request. | | |

☐ Urgent  ☑ For Review  ☐ Please Comment  ☑ Please Reply  ☐ Please Recycle

Dear Mr. Jarvis:

Your office asked that I submit this request via fax to you for processing. Please request the information sought on my behalf through Congressional inquiry. If any additional information is needed I can be reached through the above telephone numbers. Thank you very much your kind assistance.

Yours truly,

James B. Spencer

10 AM   Tues. 7-13-04
Marshall Prince — Dept. of Justice
handles civil rights ga
he chose this position
not pushed upon him
per Mr Prince.

930 Assembly St
Columbia, SC.



United States Attorney
District of
South Carolina

NAME: Marguerite Stephens

DATE VALID: 7-13-04



United States Attorney
District of
South Carolina

NAME: Ricky Stephens

DATE VALID: 7-13-04

FEDERAL BUREAU OF INVESTIGATION

ANDREW T. HILDRETH
SPECIAL AGENT

151 WESTPARK BLVD.          (803) 551-4200
COLUMBIA, SC 29210-3857     FAX (803) 551-4230

## PERSONAL & CONFIDENTIAL

James B. Spencer,
PMB 183
7001 Saint Andrews Road
Columbia, SC 29212 USA
(803) 781-4580 – Telephone
(803) 348-3330 – Mobile

# facsimile transmittal

| To: | SA Paul Gardner | Fax: | 843-449-2588 |
|---|---|---|---|
| From: | James B. Spencer | Date: | 11/25/2004 |
| Re: | Addition Information..... | Pages: | 5 |

☒ Urgent   ☒ For Review   ☐ Please Comment   ☒ Please Reply   ☐ Please Recycle

Dear Agent Gardner:

The tactics of falsely invoking the FBI's name and allegedly impersonating FBI agents along with the illegal use of the FBI-NCIC system against the victims in furtherance of criminal activities has been documented in several incidents to date since June 7, 2000. For example:

- **Exhibit A** is an Instant Message communication from Jenn Howard to James Easley (phone: 843-267-3691) in 2001 where she talks about an FBI agent being involved in events where threats were made to her and her roommates in June 2000. These threats also involved Guilford County Sheriff Deputies, J.L. Zimmerman, Matt Bryant and civilians, Harold S Hartness and David N. Smith.

- **Exhibit B and Exhibit C** are related to illegal "hide and seek" games used where SLED supposedly took possession of the subpoenaed, original police videotapes. Also, the disappearance of the original videotapes which were never produced during the criminal process, despite being subpoenaed. The subpoenaed, original police dispatch audiotapes were admittedly destroyed while under subpoena by the Horry County Police. Based on what I have learned this past Wednesday, these illegal "hide and seek" tactics may be starting again.

James B. Spencer



James B. Spencer
PMB 183 - 7001 Saint Andrews Road
Columbia, SC USA 29212
(803) 348-3330 - Telephone

November 25, 2004

Special Agent Phil Gardner
Federal Bureau of Investigation
Myrtle Beach, SC 29572
Via Facsimile: 843-449-2588

**PERSONAL & CONFIDENTIAL**

Re: Original Police Videotapes

Dear Agent Gardner:

Please find various exhibits concerning the disappearance of the original police videotapes and original dispatch communications. These were subpoenaed to be examined by experts during the criminal proceedings. The original dispatch communications audiotapes were destroyed in the year 2000 by the Horry County Police Department, despite being under subpoena at the time of their destruction.

As you are aware, our experts recently had under court order the original videotapes for examination for two days. They discovered substantial illegal editing had been done to the videotapes, which could only have been done by personnel with the Horry County Police Department or their agents. If you desire, I will arrange direct access for you to our lead forensic videotape expert, Mr. Steve Cain. Under agreement, our experts were supposed to have the videotapes again for a two week period to allow for the enhancement and identification of individuals that were unexpectedly captured in footage of the unedited portion of the original police videotapes.

The victims have been pursuing the mutually agreed upon return of the videotapes for the past three weeks, in order for the experts to complete their examination. As you know, I was informed on November 24, 2004, that the FBI and SLED were going to possibly take possession of the videotapes for analysis as early as Monday, November 29, 2004. You were not aware of any such arrangements involving the FBI. In that regard, I am very concerned about protecting the original videotapes that captured criminal activities by both law enforcement personnel and non-law enforcement personnel. Additionally, the videotapes can potentially confirm a coordinated subordination of perjury in Federal District Court by law enforcement officers.

The victims of these crimes need help to protect the evidence and the remaining virgin footage on the three "original" police videotapes. Please advise what actions can be taken by the FBI to ensure the safety & integrity of the videotapes. Thank you very much.

Yours truly,



Jim Spencer

COPY

**PERSONAL & CONFIDENTIAL**

James B. Spencer,
PMB 183
7001 Saint Andrews Road
Columbia, SC 29212 USA
(803) 781-4580 - Telephone
(803) 348-3330 - Mobile

## facsimile transmittal

| | | | |
|---|---|---|---|
| To: | AUSA Marshall Prince | Fax: | 803-256-0233 |
| From: | James B. Spencer | Date: | 11/25/2004 |
| Re: | Request - Protection of Evidence.. | Pages: | 6 |

☑ Urgent   ☑ For Review   ☐ Please Comment   ☑ Please Reply   ☐ Please Recycle

Dear Marshall,

I have included information that I faxed to SA Paul Gardner requesting FBI assistance in the protection of evidence regarding a Federal District Court case. The videotape evidence captures criminal acts that are violations of Civil Rights Laws and the Hobbs Act. The destruction of such evidence would be a criminal act in itself. I will give Agent Gardner a call on Friday, November 26, 2004, to see what can be done to protect the integrity of the evidence from potential criminal acts. Thank you very much.

Yours truly,

*/s/ James B. Spencer*

James B. Spencer



**PERSONAL & CONFIDENTIAL**

James B. Spencer,
PMB 183
7001 Saint Andrews Road
Columbia, SC 29212 USA
(803) 781-4580 - Telephone
(803) 348-3330 - Mobile

## facsimile transmittal

| | | | |
|---|---|---|---|
| To: | AUSA Marshall Prince | Fax: | 803-256-0233 |
| From: | James B. Spencer | Date: | 11/26/2004 |
| Re: | E-mail notification of pending FBI Videotape analysis | Pages: | 2 |

☒ Urgent    ☒ For Review    ☐ Please Comment    ☒ Please Reply    ☐ Please Recycle

Dear Marshall,

I have included in this fax a copy of the e-mail I received concerning the purported FBI and SLED meeting on the analysis of the videotapes. I am also emailing you two short, self explanatory WAV files of legally recorded telephone conversations concerning the disappearance of the subpoenaed videotapes between Agent Prodan of SLED and me and Lisa Hammersley of Horry County and me. Thank you very much.

Yours truly,

*James B. Spencer*

James B. Spencer

COPY

(Rev. 08-28-2000)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE       **Date:** 10/01/2001

**To:** Columbia

**From:** Columbia
    Squad #3
    Contact: SA [redacted]            b6
                             b7C

**Approved By:** [redacted]

**Drafted By:** [redacted] spk

**Case ID #:** 196-0   (Pending)

**Title:** ROBERT BRIAN HOLT,
   aka James Bryan Spencer;
   POSSIBLE WIRE FRAUD

**Synopsis:** To put information concerning captioned file on file.

**Details:** On February 21, 2001, captioned subject was interviewed by SA [redacted] FBI, and Special Agent [redacted] and Captain [redacted] SLED. Subject gave detail information trying to outline a civil rights case with him as the victim. He also gave information concerning his many exploits and how he had been wronged by many people. Investigators agreed the bottom line was the subject has possibly been involved in wire frauds. Copies of SLED documents and other material are attached to this memorandum for inclusion in the file.

b6
b7C

♦♦

```
Subj:    Emerging Issues....
Date:    1/31/2005 3:51:08 PM Eastern Standard Time
From:    JBSpen777
To:      marshall.prince@doj.gov
BCC:     SOUTHERNCORP
```

Dear Marshall,

There are two issues that have recently emerged that clearly demonstrate both the existence of law enforcement corruption in the past regarding the matters we discussed and the continuing, unabated law enforcement participation in the ongoing related cover-up directly impacting our Federal litigation.

1. In regard to the former, through the Discovery process in Federal District Court, handwritten notes by a defendant detailing specific payoffs to SC law enforcement officers related to the corruption in our case have been secured.

2. In regard to the later, a preliminary report on the analysis of the videotapes supposedly performed by an FBI forensic videotape expert contains two unquestionably impossible findings that are in no way "he said she said issues among forensic experts" according to Mr. Steve Cain an internationally renown forensic videotape analyst. The first is a finding that the videotapes examined were the "original videotapes." It is technically impossible that this result could have been legitimately determined under the circumstances. When the examination was supposedly conducted by the FBI forensic expert, our experts had continuously in their possession the original recorder which is absolutely required to be part of an examination to determine if the videotapes were "original videotapes."

The second questioned finding in the preliminary report is that the videotapes were "consistent" in the "relevant sections." This is not legitimately possible. You have been personally and visually shown a blatant inconsistency concerning the repetitive index numbers. The least ominous explanation is that the wrong sections were defined as the "relevant sections" for examination by the FBI forensic expert. Since we have not been provided the required and certified "Chain of Custody" to date along with any documentation concerning the instructions provided to the individual who conducted the forensic examination, we are unable at this time to see where the breakdown occurred.

In any event, the existence of the unabated law enforcement corruption in our Federal litigation puts the victims under a severe handicap in regard to moving forward in the civil case without any assistance to control the continuing corruption. Additionally, at the very least, the victims would like to receive the years overdue medical and other assistance for the elderly, the children and the infirmed, assistance that is supposed to be available from the government for victims of such circumstances. As just one example, Ms. Irene Santacroce is being forced to sell her personal possessions to pay for some of the needed medications for her and her daughter, both who are victims.

Agent Gardner is aware of the payoff notations and has seen the related irrefutable documentation of this fact. Today I left a voice mail for Agent Gardner in order to discuss the biased preliminary findings regarding the videotapes and the related significant concerns regarding the unabated corruption.

We desperately need help through establishing the plaintiffs as victims, and help in curtailing and ultimately expunging the law enforcement corruption dramatically affecting the wheels of justice in our Federal litigation.

I look forward to talking with you concerning the contents of this letter at your earliest convenience. Thank you very much for your kind consideration.

Yours truly,
James B. Spencer
Cc: Agent Paul Gardner via U.S. Mail

# STRAWINSKI & GOLDBERG, L.L.P.

3423 PIEDMONT ROAD, N.E.
SUITE 510
ATLANTA, GEORGIA 30305

FACSIMILE: 404 · 264 · 1450                                      TELEPHONE: 404 · 264 · 9955

March 24, 2005

Custodian of Records, Access Integrity Unit - E-3
Criminal Justice Information Services Division
Federal Bureau of Investigation
1000 Custer Hollow Road
Clarksburg, West Virginia 26306

    Re:   James Brian Spencer, et al. v. Horry County Sheriff's Department, et al.
              U.S.D.C., District of South Carolina, Florence Division
              Civil Action File Number     :     402185927
              Our File Number            :     99 - 308

Dear Sir or Madam:

    The enclosed Subpoena has been served on you in accordance with Fed. R. Civ. Pro 45. This provides that any party in a civil action may serve a person, firm or corporation, who is not a party, with a command to produce any designated documents for inspection and copying. Unless a written legal objection is filed with the Court within fourteen (14) days after service of the subpoena, the documents requested must be produced within the time specified in the subpoena, provided the subpoena allows a reasonable time for compliance.

    Copies of the enclosed subpoena have been served on all parties to this action. For your information, this is a legally authorized discovery procedure, routinely used in suits filed in federal court. Should you have any questions about this, you should contact the court or your own attorney.

    We will be happy to pay the reasonable costs, not to exceed $25.00, of reproducing these records. If the costs exceed $25.00, please contact me so we can discuss obtaining the records.

    Thank you for your cooperation.

                                        Very truly yours,

                                        STRAWINSKI & GOLDBERG, L.L.P.

                                        Michael L. Goldberg

MLG:pkd
Enclosure

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
Florence Division

James Brian Spencer, et al.
    Plaintiffs,
v.
Horry County, South Carolina, et al.
    Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 402185927

TO:    Custodian of Records, Access Integrity Unit - E-3
        Criminal Justice Information Services Division
        Federal Bureau of Investigation
        1000 Custer Hollow Road
        Clarksburg, West Virginia 26306

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **Bringing with you all those items described in Schedule "A" attached hereto and incorporated herein as if fully rewritten.**

| PLACE | DATE AND TIME |
|---|---|
| Strawinski & Goldberg, L.L.P., 3423 Piedmont Road, Suite 510, Atlanta, Georgia 30305 | April 14, 2005<br>10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _____, Michael L. Goldberg, Esq., Attorney for Plaintiffs, Strawinski & Goldberg, LLP, 3423 Piedmont Rd., Suite 510, Atlanta, Georgia 30305, (404) 264-9955 | March 24, 2005 |

## Schedule A

**Certified Copies** of the reports requested below concerning **any and all** information associated with what is known as "NIC" number (**NIC/W440771233**) that the NCIC agency has on data file. This request includes but is not limited to the information found in the purged records files maintained on (**NIC/W440771233**). The information requested includes but is not limited to the following:

1. **The original data entry date and input and any adjustment/editing date(s) and input.** Please include all dates of access and the exact input or change entry made on each date. Please include the original entry, date of original entry and any date the file was accessed and changes could have been made and/or were made and any records of such changes including the request to close, remove or purge associated with (**NIC/W440771233**). Please include the name of the agency or entity making each entry/change, the exact terminal in the agency or entity used and if possible the name of the individual operator who was inputting each entry/change and accessing the file at the specific agency or entity.
2. Any information on inquiries that were made concerning that "NIC" number including the identification of the inquiring agency or entity the date of the request, the terminal used and if possible the name of the individual operator making the request at the inquiring agency or entity.
3. Any and all other documentation associated with this "NIC" number either computer generated or not that is on file with the NCIC.
4. **Any and all** information regarding all offline requested searches requested on NCIC wanted record identified as "NIC" number (**NIC/W440771233**) that the FBI-NCIC agency has on file as of the date this request is received. Please include the nature of the offline request, a copy of the output and report provided in response to each request, the name of the agency or entity making the request, if available the name of the individual making the request, the date of the request and **any and all other information** that the FBI-NCIC has on file concerning any and all offline requests.
5. Copies of any documentation that explains item by item entry lines source of data (i.e. individual operator, NCIC computer generated, etc.) and any documentation that explains the item by item read out that would be found by an inquiry that produced a so called "hit." In

that regard, please provide copies of operating manuals for both the old "legacy" NCIC system and the new NCIC 2000 system.
6. **Any and all** manuals and documents that explain, for example, how the system searches for name inquired using the date of birth entered plus or minus a year.
7. **Any and all** other material including correspondence or directives that would help in understanding how the system works with this and similar type questions that might arise about how the fields are tied to the search of the database of the NCIC.
8. **Any and all** material, reports, studies and other documents regarding any abuse or potential abuse of the NCIC system on both a national and state level.



U.S. **Department of Justice**

Federal Bureau of Investigation

Office of the General Counsel     Clarksburg, West Virginia 26306

May 16, 2005

Michael L. Goldberg, Esq.
Suite 510
3423 Piedmont Road, NE
Atlanta, GA 30305

Dear Mr. Goldberg:

     Reference is made to your letter dated March 24, 2005, with enclosures, concerning <u>James Brian Spencer, et al. v. Horry County Sheriff's Department, et al.</u>, Civil Action No. 402185927, your file number 99-308.

     As you are aware, Federal Rule of Civil Procedure 45(c)(2)(B) provides that a person commanded to produce materials may serve upon the party or attorney designated in the subpoena written objection. If objection is made, the party serving the subpoena shall not be entitled to the materials except pursuant to an order of the court by which the subpoena was issued. In this respect, this reply serves as the FBI's official objection to your subpoena. Should you wish to pursue this matter, it will be necessary for you to obtain a court order which contains, in addition to the information set forth in Schedule A, the signing judge's complete name and mailing address. The FBI Criminal Justice Information Services Division's response will be forwarded directly to the judge.

     As background, access to and dissemination of FBI criminal history record information (CHRI) is governed by Title 28, United States Code (U.S.C.), Section 534, the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. These statutory provisions restrict the ability of the FBI to provide CHRI directly to non-governmental entities. The restrictions found in the federal regulations generally can be overcome by an order of a court of competent jurisdiction. Courts have inherent and/or statutory powers to procure evidence

Michael L. Goldberg, Esq.

and ensure fairness in court proceedings. In as much as Federal law and FBI policy recognize the existence of such powers with respect to dissemination of FBI CHRI, the FBI has previously produced documents to courts in civil cases.

Please note that, since September 2000, we have responded to inquiries from Senators Jesse Helm, Strom Thurmond and Lindsey O. Graham on this issue. We provided authenticated copies of all the material you requested and/or addressed all other issues.

Should you have any questions concerning this matter, please do not hesitate to contact Paralegal Specialist Carol A. Lewis at (304) 625-3170.

Sincerely yours,

M. McIntyre Sumlin
Unit Chief
Access Integrity Unit
Office of the General Counsel