

U.S. Department of Justice

*United States Attorney*

*District of South Carolina*

| | | | |
|---|---|---|---|
| Wachovia Building | 151 Meeting Street | John L. McMillan Federal | 105 N. Spring Street |
| Suite 500 | Suite 200 | Building, Room 222 | Suite 200 |
| 1441 Main Street | Post Office Box 978 | 401 W. Evans Street | Post Office Box 10067 |
| Columbia, SC 29201 | Charleston, SC 29402 | Post Office Box 1567 | Greenville, SC 29603 |
| (803) 929-3000 | (843) 727-4381 | Florence, SC 29503 | (864) 282-2100 |
| FAX (803) 252-2759 | FAX (843) 727-4443 | (843) 665-6688 | FAX (864) 233-3158 |
| | | FAX (843) 678-8809 | |

Reply to: Columbia

July 7, 2005

VIA FACSIMILE AND REGULAR MAIL

Mr. James J. Saleeby, Jr., Esq.
Aiken, Bridges, Nunn, Elliot & Tyler, P.A.
181 East Evans Street, Suite 409
Florence, SC 29506

Mr. John R. Rakowsky, Esq.
1015 Center Street
West Columbia, SC 26169

> Re: *Spencer v. Horry County, et al.*
> No. 4-02-1859-27 (Dist. S.C.)

Dear Messrs. Saleeby and Rakowsky:

Reference is made to the proposed testimony of Federal Bureau of Investigation forensic video analyst Noel Herold in the above-captioned civil action, as discussed in Mr. Saleeby's June 28, 2005 letter as well as in Mr. Rakowsky's June 15, 2005 letter. These letters were forwarded to the United States Attorney's Office for the District of South Carolina on June 29, 2005 so that this Office could respond to this matter. See 28 C.F.R. §§ 16.21 *et seq.*

It was only last week that the FBI's Office of General Counsel (OGC) in Washington, D.C. became aware that the parties anticipated FBI Analyst Herold testifying in this case. After discussing this matter with the FBI and reviewing the Court's Order dated December 10, 2004, this Office has determined that it must resist any attempt to depose or subpoena FBI Analyst Harold to testify in this matter. This decision is based upon a number of factors.

To begin, pursuant to federal law, FBI employees are prohibited from providing testimony, information, and/or documents in cases to which the United States is not a party unless the requesting party provides both (1) an affidavit or statement describing the scope of the request and its relevance to the proceedings and (2) a jurisdictionally valid subpoena or demand issued by a court. See 28 C.F.R. §§ 16.21 & 16.22.

Letter to James Saleeby and John Rackowsky
Re: *Spencer v. Horry County, et al.*, 7/7/2005                    Page Two


With respect to Mr. Herold, no court-issued subpoena has been served on the FBI. Indeed, the FBI was completely unaware that defendants intended to call Mr. Herold as a witness at all until receiving Mr. Saleeby's June 28, 2005 letter. Because the regulatory procedure for considering the request has not occurred, no legal grant of authority for Mr. Herold to appear will be given. See United States v. Williams, 170 F.3d 431 (4th Cir. 1999).

Furthermore, we note that as a matter of policy and practice, the FBI does not authorize an employee to appear as an expert witness (as we interpret defendant's request in this matter) on behalf of a party in a civil matter in which the FBI does not have a direct and substantial interest. The FBI has no direct and/or substantial interest in the above captioned civil action. Based upon the information currently available, the FBI is not willing to authorize such an appearance, even if the proper documents are submitted. As the Fourth Circuit has noted, "When the government is not a party, the decision to permit employee testimony is committed to the agency's discretion. This compromise between public and private interests is necessary to conserve agency resources and to prevent the agency from becoming embroiled in private litigation." Comsat Corp. v. National Science Foundation, 190 F.3d 269, 278 (4th Cir. 1999).

There are also a number of other grounds upon which any subpoena would properly be quashed which I will provide to the Court in the future if necessary.

Please do not hesitate to contact me if you have any questions concerning this letter.


                              Sincerely,

                              JONATHAN S. GASSER
                              UNITED STATES ATTORNEY

                              By: _____
                                   Robert F. Daley, Jr.
                                   Assistant United States Attorney
                                   Chief, Civil Division


cc:    Matthew Perry
       Assistant General Counsel
       Federal Bureau of Investigation
       Office of General Counsel
       FBI Headquarters
       935 Pennsylvania Avenue, N.W.
       Washington, DC 20535

 **COPY**

**Doris E. Holt**
**PMB 183**
**7001 Saint Andrews Road**
**Columbia, SC 29212**
**(843) 421-2100**

October 27, 2005

FBI Headquarters
FOIPA - Section
Federal Bureau of Investigation/Department of Justice
935 Pennsylvania Avenue, NW
Washington, DC 20535-0001
Sent: Certified Mail

Re:  <u>**FREEDOM OF INFORMATION ACT REQUEST**</u>

Dear Sir or Madam:

Under the authority of the Freedom of Information Act and any and all other Federal or State laws that may be applicable, I hereby request copies of the following information in the possession of the FBI and/or the Justice Department::

> 1.) <u>Any and all material, in any form</u>, related to any and all, "Investigative Matters" and/or other matters concerning and/or initiated by Doris E. Holt (Social Security Number 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, DOB 01-15-17) and any derivative thereof, for the period from January 1, 2000 to October 27, 2005.

> 2.) <u>Any and all documents</u> that may have been generated internally and/or externally from any source including directly or indirectly by the FBI concerning Doris E. Holt (Social Security Number 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, DOB 01-15-17) and any derivative thereof, for the period from January 1, 2000 to October 27, 2005.

This information includes, but is not limited to photographic, written, audio and video recordings, computer generated reports or notes, and data files, relating to any and all the above matters.  This request also covers e-mail and any and all tape recordings and notes that were sent back and forth between parties both within and external to the Federal Bureau of Investigation and the Justice Department.

The time period covered by this request is from January 1, 2000, to October 27, 2005, also includes any and all communications, notes, recordings made concerning this request.  Please expedite sending this information to the address listed on the letterhead above.

Page 1 of 2

Thank you very much for your timely response.

Sincerely,

Doris E. Holt appeared before me
and executed this letter on this date: 10/27/05

My Commission Expires February 2, 2009

Doris E. Holt

Cc:
John Rakowsky, Esquire
Ronald Serota, Esquire



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

WASHINGTON DC 20535

| | | |
|---|---|---|
| Postage | $ | $0.37 |
| Certified Fee | | $2.30 |
| Return Receipt Fee (Endorsement Required) | | $1.75 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $4.42 |

0063
04

Postmark
Here

10/27/2005

Sent To FBI Head quarter
Street, Apt. No.; or PO Box No. 935 PENN AVE NW
City, State, ZIP+4 WASH. D.C. 20535

7005 1160 0001 5965 1704

PS Form 3800, June 2002          See Reverse for Instructions



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

*November 14, 2005*

MS DORIS E HOLT
PMB 183
7001 SAINT ANDREWS ROAD
COLUMBIA, SC 29212

Request No.: 1032643- 000
Subject: HOLT, DORIS E

Dear Ms. Holt:

This is in reference to your Freedom of Information-Privacy Acts (FOIPA) request for information pertaining to the above subject.

The material you requested is located in an investigative file which is exempt from disclosure pursuant to Title 5, United States Code, Section 552, subsection (b)(7)(A).  For an explanation of this exemption see enclosed Form OPCA-16a.  Please note if this file is reviewed under FOIPA in the future, additional exemptions may be applied at that time.

You may appeal this denial by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C., 20530, within sixty days from the date of this letter.  The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal."  Please cite the FOIPA number assigned to your request so that it may easily be identified.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure

**James Brian Spencer**
**PMB 183**
**7001 Saint Andrews Road**
**Columbia, SC 29212**
**(843) 421-2100**



October 27, 2005

FBI Headquarters
FOIPA - Section
Federal Bureau of Investigation/Department of Justice
935 Pennsylvania Avenue, NW
Washington, DC 20535-0001
Sent: Certified Mail

### Re:  <u>FREEDOM OF INFORMATION ACT REQUEST</u>

Dear Sir or Madam:

Under the authority of the Freedom of Information Act and any and all other Federal or
State laws that may be applicable, I hereby request copies of the following information
in the possession of the FBI and/or the Justice Department::

    1.) <u>Any and all material, in any form,</u> related to any and all, "Investigative
    Matters" and/or other matters concerning and/or initiated by James Brian
    Spencer aka Robert Brian Holt (Social Security Number 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, DOB
    11-15-50 or 04-07-52)  and any derivative thereof, for the period from January
    1, 2000 to October 27, 2005.

    2.) <u>Any and all documents</u> that may have been generated internally and/or
    externally from any source including directly or indirectly by the FBI
    concerning James Brian Spencer aka Robert Brian Holt (Social Security
    Number 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, DOB 11-15-50 or 04-07-52) and any derivative thereof
    for the period from January 1, 2000 to October 27, 2005.

This information includes, but is not limited to photographic, written, audio and video
recordings, computer generated reports or notes, and data files, relating to any and all the
above matters.  This request also covers e-mail and any and all tape recordings and notes
that were sent back and forth between parties both within and external to the Federal
Bureau of Investigation and the Justice Department.

The time period covered by this request is from January 1, 2000, to October 27, 2005,
also includes any and all communications, notes, recordings made concerning this
request.  Please expedite sending this information to the address listed on the letterhead
above.

Thank you very much for your timely response.


Sincerely,                                    James Brian Spencer appeared before me
                                              and executed this letter
                                              on this date: _____ 10/27/05

James Brian Spencer aka
Robert Brian Holt

                                              My Commission Expires February 9, 2008

Cc:
John Rakowsky, Esquire
Ronald Serota, Esquire





U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

November 10, 2005

MR JAMES BRIAN SPENCER
POST MASTER BOX 183
70001 SAINT ANDREWS ROAD
COLUMBIA, SC 29212

Request No.:  1032355- 000
Subject: SPENCER, JAMES BRIAN

Dear  Mr. Spencer:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

To promptly respond to requests, we concentrate on identifying main files in the Central Records System at FBI Headquarters.  No records responsive to your FOIPA request were located by a search of the automated and manual indices.

You may file an administrative appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C.  20530, within sixty days from receipt of this letter.  The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal."  Please cite the FOIPA number assigned to your request so that it may be easily identified.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure

**John Rakowsky, Esquire**
**PO Box 3593**
**West Columbia, SC 29171**
**(803) 791-8830 - Office**
**(803) 794-2788 – Office Fax**

December 6, 2005

The Honorable Lindsey Graham
United States Senate
290 Russell Senate Office Building
Washington, D.C. 20510-4001
C/O James Galyean, Esquire
Majority Counsel
Senate Committee on the Judiciary

      Subject: Follow up of our recent telephone call.

Dear Mr. Gaylean:

Per our recent telephone conversation:

- Three separate and inconsistent sets of NCIC records were deliberately sent on the same subject to individual members of the Senate Committee on the Judiciary including two sets to Senator Graham. Two of the sets were certified as correct and complete. However, when the FBI-CJIS information was presented documentation on missing information in the report, the FBI sent what they called a "redrafted certification." The redrafted certification was also inaccurate and was edited in favor of the defendants in a civil rights case pending in Federal District Court. The FBI – CJIS Division now refuses to honor a subpoena from Federal District Court which requires an identification of the true set of records. In turning down the subpoena the FBI gave the rationale it was for the protection of my client's Freedom of information rights.
- Due to the police involvement as perpetrator defendants, the seven constituent victims have had their access blocked to victims' assistance funds because the required police reports will not be provided by the police.
- The criminal use of the NCIC system in this case involves the fabrication of input into the NCIC system to produce false charges and characterization of a victim client. A BOLO was input and accompanied the NCIC listing falsely describing the subject as "Armed and Extremely Dangerous."
- Despite a series of meetings with the local FBI on the alleged crimes, the local office of the FBI and Myrtle Beach and Columbia culminated in what the victims were told was a report being sent to Washington supposedly recommending prosecution. However, the victims were told the recommendation was turned down by the Justice Department in Washington.

Page 1 of 1



- A recent FOIA was responded to by the FBI saying they have no records of such activity. (Please see attached Exhibit.)
- The victims have been pursuing justice for going on seven years and two are severely disabled from injuries received by the perpetrators.

Actions being requesting by the constituent victims:

1. Introduction to the Inspector General of the FBI to present the video and audio evidence we have in hand which conclusively demonstrates the crimes, a cover-up and obstruction of justice being committed by employees of FBI-CJIS.  This was promised by James Gaylean to the victims during a meeting in Washington during the summer of 2004, if the FBI did not follow through with a proper investigation. As the FOIA response demonstrates a proper investigation was not conducted and documented.
2. Set up a time period for presentation to the staff of the Committee of the Judiciary of the conclusive evidence showing that false information was deliberately sent to the individual Senators on the Committee as part of a cover-up.
3. Access to the funds for victims of civil rights violations to help the physically and financially injured victims of the civil rights documented by the police audiotapes and police videotapes.

I look forward to hearing from you at your earliest convenience as to the above requests.

Thank you very much,

Yours truly,


John Rakowsky, Esquire

Cc: James B. Spencer

