# SOUTH CAROLINA LAW ENFORCEMENT DIVISION
## INVESTIGATIVE NOTES FORM

CF-006

**INFORMATION DESCRIPTION** | **STATUS OF CASE:** | SLED CASE NO.: 11-01-11

- ☑ Opening Date: 02/21/01
- ☐ Closing Date: _____
- ☐ Re-Open Date: _____
- ☐ Re-Close Date: _____
- ☐ Progress Date: _____

- ☑ Open
- ☐ Suspended
- ☐ Awaiting Court
- ☐ Closed
- Lab No. _____

Cross Ref. NO.: _____
Character: 44, 48, ___
Character Details: _____
OFFICIAL MISCONDUCT
PUBLIC CORRUPTION

REPORTING AGENT (Last Name, Initials): Prasad, M.J.
OTHER AGENT (Last Name, Initials): _____

Requesting Agency: SLED
SLED Authority: Capt. D. Caldwell
Date of Crime: 08/06/00
Location of Crime (Jurisdiction/County): Horry

Name: Capt. L. Ganey
Date Received: 02/21/01

**SUSPECTS:** (Last Name First)
UNSOB

**VICTIMS:** (Last Name First)
Holt, Robert Brian
AKA:
Spencer, James Brian

### SLED CHARACTER CODES:

1. Abuse (Adult)
2. Abuse (child)
3. Administrative
4. Alcohol Vio.
5. Animal Fighting
6. Arson
7. Assault and/or Battery
8. Blackmail/Extortion
9. Breach of Trust
10. Breach of Trust
11. Bribery
12. Burglary/Housebreaking
13. Check/Credit Fraud
14. Civil Rights
15. Conspiracy
16. Cont. to Delinquency
17. Crim. Sexual Cond/Rape
18. Crowd Control
19. Death Investigation

20. Destruction of Property
21. Disoderly Conduct
22. Drug Related
23. Drug Violation
24. Election Violation
25. Embezzlement
26. Ethics
27. Explosive Violation
28. False Claim/Pretense
29. False Swearing
30. Felony DUI
31. Firearms/Weapons Vio.
32. Forgery
33. Fraud (General)
34. Fugitive
35. Gambling
36. Inter W/ Judicial Proc
37. Kidnapping/Abduction
38. Larceny

39. Lewd Acts
40. License Violation
41. Missing Person
42. Natural Disaster
43. Officer Invol Shooting
44. Official Misconduct
45. Perjury
46. Pornography
47. Prostitution
48. Public Corruption
49. Receiving Stolen Goods
50. Robbery
51. Scalping
52. Terrorism
53. Threat
54. Trespass
55. Vehicle Theft
56. Vehicle Violations
57. Attempted Suicide
58. Witness Protection
73. Stalking

# SOUTH CAROLINA LAW ENFORCEMENT DIVISION
## INVESTIGATIVE NOTES FORM

**INFORMATION DESCRIPTION** | **STATUS OF CASE:** | **SLED CASE NO.:** 11-01-11

- ☐ Opening Date: _____
- ☒ Closing Date: **2/27/01**
- ☐ Re-Open Date: _____
- ☐ Re-Close Date: _____
- ☐ Progress Date: _____

- ☐ Open
- ☐ Suspended
- ☐ Awaiting Court
- ☒ Closed
- Lab No. _____

Cross Ref. NO.: _____
Character: 44, 48, ___
Character Details: _____
OFFICIAL MISCONDUCT
PUBLIC CORRUPTION

REPORTING AGENT (Last Name, Initials): Prodan, M.J.
OTHER AGENT (Last Name, Initials): _____

Requesting Agency: SLED
SLED Authority: Capt. D. Caldwell
Date of Crime: 08/06/00
Location of Crime (Jurisdiction/County): Horry

Name: Capt. L. Ganey
Date Received: 02/21/01

**SUSPECTS:** (Last Name First)
_____

**VICTIMS:** (Last Name First)
Holt, Robert Brian
AKA: Spencer, James Brian

Entered Mapper 2/28/01

### SLED CHARACTER CODES:

1 Abuse (Adult)
2 Abuse (child)
3 Administrative
4 Alcohol Vio.
5 Animal Fighting
6 Arson
7 Assault and/or Battery
8 Blackmail/Extortion
9 Breach of Trust
10 Breach of Trust
11 Bribery
12 Burglary/Housebreaking
13 Check/Credit Fraud
14 Civil Rights
15 Conspiracy
16 Cont. to Delinquency
17 Crim. Sexual Cond/Rape
18 Crowd Control
19 Death Investigation

20 Destruction of Property
21 Disorderly Conduct
22 Drug Related
23 Drug Violation
24 Election Violation
25 Embezzlement
26 Ethics
27 Explosive Violation
28 False Claim/Pretense
29 False Swearing
30 Felony DUI
31 Firearms/Weapons Vio.
32 Forgery
33 Fraud (General)
34 Fugitive
35 Gambling
36 Inter W/ Judicial Proc
37 Kidnapping/Abduction
38 Larceny

39 Lewd Acts
40 License Violation
41 Missing Person
42 Natural Disaster
43 Officer Invol Shooting
44 Official Misconduct
45 Perjury
46 Pornography
47 Prostitution
48 Public Corruption
49 Receiving Stolen Goods
50 Robbery
51 Scalping
52 Terrorism
53 Threat
54 Trespass
55 Vehicle Theft
56 Vehicle Violations
57 Attempted Suicide
58 Witness Protection
73 Stalking

| PERSONS INTERVIEWED | ADDRESS | DATE |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**NARRATIVE REPORT**

ASCERTAINED SUBJECT ARRESTED IN CONTEMPT OF COURT ORDER FROM GUILFORD CO. NC SUPERIOR COURT (FILE NO. 93CVS-8418). WARRENT SET ASSIDE (DISMISSED) BY COURT GENERAL SESSIONS (15th CIRCUIT) AS CIVIL CONTEMPT NOT A CRIMINAL OFFENSE SEC 17-19-10. SUBJECT RE-ARRESTED ON 8/6/00 AND CHARGED WITH WEAPONS OFFENSE.

→ SUBJ MAY HAVE CIVIL REMEDY but (INSUFFICIENT EVIDENCE) AS TO PUBL CORRUPTION. FBI SA T. MARSH ADVISED FBI WILL NOT TAKE ANY FURTHER ACTION ON THIS MATTER RE: CIVIL RIGHTS VIOLATION AND will ADVISE SUBJECT TO SEEK CIVIL RECOURSE. VIDEO AND AUDIO TAPES PROVIDED BY SUBJ. MARKED & TO CASE FILES

SUBJECT ENTERED THREAT ASSESSMENT PROGRAM DUE TO WEAPONS VIOLATIONS. (REFER ATTACHED). CASE # 01-152
CLOSED

(margin: EDIT BY SLED)

**FINAL DISPOSITION:** _____ **DATE TRIED:** _____ **COUNTY:** _____
**COURT:** ☐ General Sessions      ☐ Magistrate - Judge: _____
**DEFENDANT(S):** _____
**SENTENCE:** _____
**REPORTING AGENT:** [signature]   **DATE:** 2/27/01

CALEA 42.1.3

RECEIPT OF PROPERTY

CASE NUMBER - 11010011

Date of Transaction - FEBRUARY 28, 2001                             Action - CHECKIN

This is to certify that I, CINDY E BLACK              am employed by the South Carolina Law Enforcement Division and that on FEBRUARY 28, 2001, I received in person from PRODAN,M J    , the following property for retention. This property, when provided to me, was properly sealed in accordance with Division policy and procedures.

    Item-01            Description-AUDIO CASSETTE
    Item-02            Description-AUDIO CASSETTE
    Item-03            Description-VIDEO CASSETTE

Signature of individual submitting                  Signature of individual receiving
property to property room                           property

                                                    *C.E. Black*
_____                 _____



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*        Washington, D.C. 20530

APR 2 1 2006

Mr. James B. Spencer
PMB 183                               Re:   Appeal No. 06-1705
7001 Saint Andrews Road                     Request No. 2006-0233 (6-044)
Columbia, SC  29212                         DJM:JTR

Dear Mr. Spencer:

You appealed from the action of the Civil Rights Division of the United States Department of Justice on your request for access to records concerning you.

After carefully considering your appeal, I have decided to affirm the Civil Rights Division's action on your request.

The Civil Rights Division properly withheld information that is protected from disclosure pursuant to Exemption 7(A) of the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(7)(A) (2000 & Supp. III 2003). This provision protects from disclosure records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings. A member of my staff has confirmed with the Civil Rights Division that no portion of the records you requested can yet be released. Although this Office and the Civil Rights Division understand your difficult situation, the identity of a requester is irrelevant in considering which records to release under the FOIA. See NARA v. Favish, 541 U.S. 157, 170 (2004). Moreover, once records are released to one requester under the FOIA, they must be released to any future requester. See id. at 172. Accordingly, the release of records to you would mean that those same records would have to be disclosed to any other FOIA requester, including any subjects of the investigation.

Please be advised that Exemption 7(A) applies only so long as the release of records would interfere with the investigation. You are therefore free to make a new request for these records in the future. Additionally, you might wish to contact the Department of Justice's Office for Victims of Crime at (202) 307-5983, or view its Web site at www.ovc.gov.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

U.S. Department of Justice

Office of the Inspector General

Washington, D.C. 20530

April 25, 2006

Mr. James B. Spencer
7001 Saint Andrews Road, Suite 183
Columbia, SC 29212

Dear Mr. Spencer:

The purpose of this letter is to acknowledge receipt of your correspondence to the Department of Justice, Office of the Inspector General. The staff of the Office of the Inspector General, Investigations Division has reviewed the issues that you raised and have determined that FBI management should review your complaint. Therefore, your complaint has been forwarded to:

> Federal Bureau of Investigation
> Inspection Division
> 935 Pennsylvania Avenue NW
> Washington, D.C. 20535

Any further correspondence regarding this matter should be directed to that office.

I hope this answers any questions you have relative to this matter.

Sincerely,

Glenn G. Powell
Special Agent in Charge
  Special Operations
Investigations Division

(58)



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D. C. 20535-0001

May 12, 2006

Mr. James B. Spencer
7001 Saint Andrews Road
Suite 183
Columbia, South Carolina   29212

Dear Mr. Spencer:

This letter acknowledges receipt of your letter to the Office of the Inspector General, U.S. Department of Justice, dated January 2, 2006. Your letter was forwarded to the FBI's Internal Investigations Section (IIS), Inspection Division. IIS is the FBI entity responsible for investigating allegations of serious misconduct or criminal activity on the part of FBI employees.

In your letter you state that the FBI-NCIC system is being used to facilitate criminal activities by civilians in coordination with law enforcement personnel. You advise these criminal actions stem from a lack of effective oversight by the FBI, together with the FBI's failure to take any action against individuals involved in the misuse of the system. You state that despite being presented with documented evidence, which was authenticated by nationally renowned experts, the FBI took no action.

IIS/INSD, gives serious and appropriate attention to all allegations of FBI employee misconduct. IIS/INSD has reviewed the information in your letter and has determined that you have failed to provide any specific information to substantiate misconduct on the part of any identified FBI employee(s). Therefore, no further action will be taken regarding this matter. However, if you possess any additional specific information concerning serious misconduct on the part of an FBI employee in this matter, you may send it directly to me at the J. Edgar Hoover Building, Inspection Division, Room 11865, 935 Pennsylvania Avenue, NW, Washington, DC 20535.

Sincerely,

Timothy C. Campbell, Unit Chief
Initial Processing Unit
Inspection Division

James Brian Spencer
Suite 183
7001 Saint Andrews Road
Columbia, SC 29212
(803) 414-0889

May 18, 2006

FOIA/PA Specialist
Office of the Inspector General
Department of Justice
Suite 6100, 1425 New York Avenue, N.W.
Washington, D.C. 20530-0001

Re: **FREEDOM OF INFORMATION/PRIVACY ACT REQUEST**

Dear Sir or Madam:

In a letter dated January 2, 2006, addressed to Mr. Glenn A. Fine, I requested an investigation by the Office of Inspector General into the documented criminal use of the NCIC system and cover-up that was alleged to include FBI personnel.

In a letter dated April 25, 2006, from the Office of Inspector General, I was advised the staff of the Office of Inspector General, Investigations Division had completed its review. Therefore, I hereby request copies of the following information from the Office of Inspector General.

1.) Any and all material, in any form, related to any and all, "Investigative and Review Matters" and/or other matters concerning and/or initiated by James Brian Spencer aka Robert Brian Holt (Social Security Number 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, DOB 11-15-50 or 04-07-52) and any derivative thereof, for the period from January 1, 2000 to May 18, 2006.

2.) Any and all documents that may have been generated internally and/or externally from any source including directly or indirectly by the Office of Inspector General concerning James Brian Spencer aka Robert Brian Holt (Social Security Number 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, DOB 11-15-50 or 04-07-52) and any derivative thereof for the period from January 1, 2000 to May 18, 2006.

This information includes, but is not limited to photographic, written, audio and video recordings, computer generated reports or notes, and data files, relating to any and all the above matters. This request also covers e-mail and any and all tape recordings and notes that were sent back and forth between parties both within and external to the Office of Inspector General.

The time period covered by this request is from January 1, 2000, to May 18, 2006, also includes any and all communications, notes, recordings made concerning this request. Please expedite this FOIA/PA request and the sending the requested information to the address listed on the letterhead above for the following reasons:

1. My frail 89 year old mother's life and my life have been threatened. I need to obtain the requested information to try to lessen the threats and acts against her physical well being. The decline in her health is being accelerated due to the related stress associated with the threats, assaults and lack of law enforcement action.
2. There are questions involved regarding the "due process of law," including the confiscation of personal property by police without a warrant. The property has never been returned by the law enforcement perpetrators. As time keeps going by, my legal rights under various applicable statutes of limitation are being lost effectively denying me access to "due process of law." I need the information I am requesting to hopefully speed up the process of seeking a legal remedy through a "due process of law."
3. The independently and highly documented illegal activities reported to the FBI include the forging of a Judge's signature, the criminal misuse of the NCIC system, documented payoffs to local police officers and a conspiracy which included local law enforcement officers from two neighboring states. The information requested is of significant public interest to citizens locally, regionally and nationally. The information in the files sought will address, raise and possibly answer many questions of public interest.

Thank you very much for your timely response.

Sincerely,

*[signature]*

James Brian Spencer aka
Robert Brian Holt

James Brian Spencer appeared before me and executed this letter on this date: 5/18/06

*[signature]*

My Commission Expires February 5, 2007

Cc:
John Rakowsky, Esquire
Ronald Serota, Esquire


**UNITED STATES POSTAL SERVICE**

Date: 06/03/2006

James Spencer:

The following is in response to your 05/27/2006 request for delivery information on your Express Mail item number ER92 7900 617U S. The delivery record shows that this item was delivered on 05/30/2006 at 05:11 AM in WASHINGTON, DC 20530 to D DANTZLER. The scanned image of the recipient information is provided below.

Signature of Recipient: *Donna Dantzler*

Address of Recipient: *Justice 20530*

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service



U. S. Department of Justice

Office of the Inspector General

---

June 1, 2006

James Brian Spencer
7001 Saint Andrews Road
Suite 183
Columbia, South Carolina 29212

Subject:   Freedom of Information/Privacy Act Request [06-OIG-149]

Dear Mr. Spencer:

    This responds to your Freedom of Information Act request to the Office of the Inspector General (OIG). After a thorough search, please be advised that no responsive documents were located in the OIG.

    If you are dissatisfied with my action on this request, you may appeal from this action by writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

Sincerely,

Deborah Marie Waller
FOI/PA Specialist
Office of the General Counsel



James B. Spencer
PMB 183
7001 Saint Andrews Road
Columbia, SC 29212
(803) 414-0889

June 9, 2006

Co-Director
Office of Information & Privacy
United States Department of Justice
1425 New York Avenue
Suite 11050
Washington, DC 20530

    Re: "FOI/PA Appeal" concerning [06-OIG-149]

Dear Sir or Madam:

Enclosed please find correspondence addressed to me and dated June 1, 2006 from Deborah Marie Walker which is attached to this letter. Ms. Walker is with the Office of the Inspector General. The letter informed me that there were <u>no documents</u> responsive to my FOI/PA request dated May 18, 2006, which is also attached to this letter.

In a letter dated and sent January 2, 2006, addressed to Glenn A. Fine, I requested an unbiased review of suspect circumstances and an offer to provide primary evidence concerning activities related to criminal misuse of the CJIS-NCIC system by civilians. This letter is also attached to this correspondence.

Page 1 of 4

On Tuesday, March 14, 2006, I called Mr. Glenn Fine's office in Washington to inquire about the status of my letter sent on January 2, 2006. Mr. Fine's office referred me to the Investigations Division of the OIG. I called the Investigations Division, and the individual I spoke with researched my request and told me that my concerns were still being investigated and the individual handling the matter was not available. I asked that my name and contact number be passed to the investigator along with an offer to provide any confirming evidence he would request for his evaluation.

On April 25, 2006, I received a letter from Glenn G. Powell, the SA in Charge of the Special Operations Investigations Division of the OIG, informing me the OIG review of the issues raised was now complete. Mr. Powell advised that it was determined that FBI management should review my "complaint." Attached please find a copy of the April 25, 2006 letter.

Accordingly, <u>at the very least</u> there should be documentation on the receipt of my letter dated January 2, 2006, information on the extent of the investigative review and the conclusions reached and the transmittal information to whomever the "complaint" was sent to referred to as <u>FBI management</u> for action.

Therefore, please consider this my appeal the denial concerning the lack of existence of documentation contained in the June 1, 2006, letter from Deborah Marie Walker.

In that regard, please expedite my FOI/PA appeal for the following reasons:

1. My elderly and frail 89 year old mother's life and my life have been threatened. My mother has been physically assaulted on three separate occasions related to the threats. I need to obtain the requested information to try to lessen the threats and acts against her physical well being by the

perpetrators. The decline in her health is being accelerated due to the related stress associated with the threats, assaults and lack of law enforcement action.

2. All the information requested in conversations with Special Agent Paul Gardner of the Myrtle Beach Office of the FBI was assembled and produced for the FBI. The information provided included allegation-confirming police recorded videotapes and audiotapes along with analysis by renowned experts. There are questions involved regarding the "due process of law," including the confiscation of personal property by police without a warrant. The property has never been returned by the law enforcement perpetrators. As time keeps going by, my legal rights under various applicable statutes of limitation are being lost (the police videotaped physical torture of myself and my unjustified arrest occurred on August 6, 2000), effectively denying me access to "due process of law." I need the information requested from the OIG so I can speed up the process of seeking a legal remedy through a "due process of law."

3. The independently and highly documented illegal activities reported to the OIG and FBI include the forging of a Judge's signature, the criminal misuse of the NCIC system and a conspiracy which included at least local law enforcement officers from two neighboring states. The information requested through the attached FOI/PA and which is being withheld is of significant public interest to citizens locally, regionally and nationally. The information in the files sought will address, raise and possibly answer many questions of public interest.

Thank you very much for your consideration of the above.

Page 3 of 4

Sincerely,

*[signature]*

James B. Spencer

Enclosures

Cc:
U.S. Senator Lindsey Graham
John Rakowsky, Esquire
Ron Serota, Esquire

## NOTARIZED SIGNATURE

**Your Signature:**_____
(To be signed in the presence of a Notary)

**Subscribed and sworn before me, this \_\_\_ day of June of the year 2006.**

**Signature of Notary:** _____

**Expiration date of Commission:** _____

**Notary Seal or Stamp**



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*          *Washington, D.C. 20530*

**AUG 0 9 2006**

Mr. James B. Spencer
Suite 183                              Re:  Appeal No. 06-2306
7001 Saint Andrews Road                     Request No. 06-OIG-149
Columbia, SC  29212                         DJM:JTR

Dear Mr. Spencer:

    This is in further response to your letter received in this Office on June 15, 2006, in which you requested expedited treatment of your appeal from the action of the Office of the Inspector General on your request for records pertaining to "criminal misuse of the CJIS-NCIC system by civilians." I regret the unusual delay in responding to your request for expedited treatment of your appeal.

    An appeal will be taken out of chronological order based on the date of receipt and given expedited treatment by the Department of Justice only when it is determined to involve: (1) circumstances in which lack of such treatment could reasonably be expected to pose an imminent threat to the life or safety of an individual; (2) an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information; (3) the loss of substantial due process rights; or (4) a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. See 28 C.F.R. § 16.5(d)(1) (2006). This Office makes determinations regarding the first three categories, while initial requests made pursuant to the fourth standard are acted upon by the Department's Director of Public Affairs in the first instance. See id. § 16.5(d)(2).

    I have construed your request for expedited treatment of your appeal as one made pursuant to the first three standards listed above. For the reasons discussed below, I am denying your request for expedited treatment of your appeal.

    Under the first standard, expedited treatment will be granted where not doing so "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual." Id. § 16.5(d)(1)(i). In establishing the expedited treatment framework, Congress noted that the "categories for compelling need are intended to be narrowly applied." H.R. Rep. No. 104-795, at 26 (1996). Congress further stated: "A threat to an individual's life or physical safety qualifying for expedited access should be imminent. A reasonable person should be able to appreciate that a delay in obtaining the requested information poses such a threat." Id.; see also, e.g., Cleaver v. Kelley, 427 F. Supp. 80, 81 (D.D.C. 1976) (criminal defendant, facing possible "loss of freedom

-2-

or life" in imminent state prosecution, demonstrated "exceptional and urgent need to obtain any and all information that could prove exculpatory"); Exner v. FBI, 443 F. Supp. 1349, 1353 (S.D. Cal. 1978) (requester obtained expedited treatment after leak of information exposed her to harm by organized crime figures), aff'd, 612 F.2d 1202 (9th Cir. 1980). Based on the information that you have provided, and in light of Congress's intent, I have determined that you have not met your burden under this standard because you have not presented any facts that demonstrate how a delay in obtaining the records you seek poses an imminent threat to the life or physical safety of an individual. Although I am sympathetic to the difficulties that you and your mother might be facing, you have not asserted that there are any ongoing or continuing threats or assaults against either of you. Furthermore, you demonstrate no connection between the release of the requested records and the alleviation of any imminent threat.

The second standard for expedited treatment requires you to demonstrate both that there is an "urgency to inform the public about an actual or alleged federal government activity" and that you are "a person primarily engaged in disseminating information." 28 C.F.R. § 16.5(d)(1)(ii). You have failed to demonstrate that you are "primarily engaged in disseminating information," which by itself disqualifies your appeal from expedited treatment under this standard. Moreover, I have determined that you have not demonstrated that there is an "urgency to inform the public" about the subject of the requested records. A significant factor to be considered is "whether the request concerns a matter of current exigency to the American public." Al-Fayed v. CIA, 254 F.3d 300, 310 (D.C. Cir. 2001). You have presented no facts that would suggest that there is "substantial" national interest in the subject of your request, as required under this factor. See id. at 311

Concerning the third standard, courts have held that expedited treatment for due process reasons generally should not be granted unless a requester shows that he is "facing grave punishment" in a pending criminal proceeding and that "there is a reason to believe that the information produced will aid in the individual's defense[.]" Aguilera v. FBI, 941 F. Supp. 144, 150 (D.D.C. 1996). Based on the information that you have provided, I have determined that you do not meet either one of the parts of this test because you are not seeking the requested records in relation to a pending criminal proceeding.

If you are dissatisfied with my action on your request for expedited treatment of your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(6)(E)(iii).

Sincerely,

Daniel J. Metcalfe
Director



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

January 9, 2008

MR JAMES BRIAN SPENCER
POST MASTER BOX 183
7001 SAINT ANDREWS ROAD
COLUMBIA, SC 29212

Request No.: 1032355- 001
Subject: SPENCER, JAMES BRIAN

Dear Requester:

☒ This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐ For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐ To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐ If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒ We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐ Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division



James B. Spencer
Suite 183
7001 Saint Andrews Road
Columbia, SC 29212
(803) 414-0889
Email: Center4LegalReform@sc.rr.com

January 7, 2010

Assistant Attorney General
Civil Rights Division
950 Pennsylvania, Ave, NW
Suite 5643
Washington, DC 20530-0001

Re: **Complaint of Civil Rights Violations under "Color of Law" with Brutality.**

Dear Sir Madam:

My mother, 92-year-old Doris Holt, was taken into custody without due process, and is now in total isolation at an unknown location. She is in isolation from her family, friends and former medical care providers in violation of her 8th Amendment rights against cruel and unusual treatment. This isolation occurred after her family and friends discovered her physically abused at a medical care facility she is being held captive by the State of South Carolina Department of Social Services.

These acts are in violation of the 5th Amendment of the Constitution, the 8th Amendment of the Constitution, and the 14th Amendment of the Constitution and are in retaliation for filing Federal and State tort claims notices with South Carolina and Federal authorities including the FBI and the Department of Justice. I have personally been threatened that if I wanted to see my mother returned alive I was to drop all litigation involving civil rights claims that my mother, myself and the others were parties to against the SC State and Federal authorities. I am writing this letter based on the advice of John Batson, Esquire of Augusta, Georgia. These are not baseless allegations of civil rights violations, under color of law. My mother was taken and is being held on the basis of a hearing during which she was not present or represented. In fact there was no true probable cause for these actions, a fact which has been subsequently admitted to on the court record as being baseless by personnel with the SC State Agency. All this was in apparent

retaliation for Doris Holt giving notice of bringing a tort action against the South Carolina governmental entity holding her in captivity. This is certainly a violation of her civil rights. Further, my receiving threats that she will not be seen alive again unless the tort claims are dropped make this pure blackmail. Please note **"Exhibit One" and Exhibit "Two."** These photos were supposed to be evidence of physical abuse by me, which is why Doris Holt was purportedly taken into custody. However, when I questioned the authenticity of the photos they disappeared from the Richland County Clerk of Court's Office file.

An objective view of these photos along with the attached affidavit **"Exhibit Three"** establishes grounds for questioning the legitimacy of the photos. This coupled with an admission on the court record that there was no physical abuse and the disappearance of the photos from the Clerk's Office should raise this level of concern. Please note **"Exhibit Four" and "Exhibit Five."** These photos were taken of my mother when she was found abused under so-called, "state protective custody" just prior to her disappearance on January 4, 2010.

Upon finding her in the condition capture by the photos, under advice from a former FBI SSA, I called the police who asked me and another witness, a former long-term police officer, to come into the home with them after the officers were shown the photos of the abuse of Doris Holt. For some unknown reason the personnel at the home would not allow the local police to view Doris Holt and what is unbelievable the police walked off without ever viewing Doris Holt.

Please consider this a formal complaint of civil rights crimes, "under color of law" with brutality filed by me on both my mother's and my behalf. She is being deprived of rights to see her own medical records and other rights guaranteed under SC State law (**See "Exhibit Six"**). We are not able to gain any answers as to why the police did not investigate my mother's injuries and any legitimate justification for her now total disappearance by the SC State Entity holding her. I can be reached twenty-four hours a day at the contact information listed on this letterhead. Thank you very much for looking into this matter, I look forward to hearing from you at your earliest convenience.

Yours truly,

*[signature]*
James B. Spencer fka Robert B. Holt

Enclosures

COPY